Gilmur R. Murray (SBN 111856)
gmurray@murrayhowardlaw.com
Derek G. Howard (SBN 118082)
dhoward@murrayhowardlaw.com
Scott J. Yundt (SBN 242595)
syundt@murrayhowardlaw.com
**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, California 94612
Telephone:     (510) 444-2660
Facsimile:     (510) 444-2522


Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Niall P. McCarthy (SBN 160175)
nmccarthy@cpmlegal.com
Laura Schlichtmann (SBN 169699)
lschlichtmann@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:     (650) 697-6000
Facsimile:     (650) 697-0577

*Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, an Individual, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| BANK OF AMERICA, N.A., and BANK OF AMERICA CORPORATION | |
| Defendants. | |

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

Plaintiff ELLEN STOODY-BROSER (hereinafter "Plaintiff"), by and through her attorneys, on behalf of herself and all others similarly situated, alleges as follows:

## I.    SUMMARY OF COMPLAINT

1.    Plaintiff seeks redress for herself and on behalf of a nation wide class of tens of thousands of other beneficiaries of personal trusts where Defendant Bank of America, N.A. ("the Bank") serves or has served as the corporate trustee and, in exercise of its legal ownership of and sole power to invest the trust assets, has invested the trust funds in the Bank's own proprietary mutual funds, which are managed by the Bank's controlled affiliate, Columbia Funds Series Trust (formerly known as Nations Funds Trust).   Plaintiff also seeks specific redress for a sub-class of personal trust beneficiaries of California based trusts governed by California law.

2.    As a corporate trustee, the Bank, under the Uniform Prudent Investor Act and the common law of trusts universally applied throughout the United States, as well as the federal banking regulations commonly known as Regulation 9 (12 C.F.R. §9), has the most exacting fiduciary duties known to the law.  It has both (1) a duty of care or prudence to invest the trust funds professionally and prudently to benefit the beneficiaries and (2) a duty of loyalty to invest the trust assets solely for the benefit of the beneficiaries and not for its own benefit. Nonetheless, the Bank has adopted and followed a policy, applicable to the trusts of Plaintiff and the entire nationwide class, of investing trust assets to benefit itself that intentionally breaches both of these fundamental duties.

3.    Under this policy, the Bank refuses to invest trusts in any non-affiliated mutual fund (or other similar collective investment) instead investing trust assets in only affiliated proprietary mutual funds from which it receives fees and other benefits.  It does this even though the Bank and its parent Bank of America Corporation ("BOAC") and its affiliates have evaluated and approved non-affiliated funds for its non-trust brokerage clients—who, unlike trust beneficiaries, are investors who have ultimate control over their investments and can fire the Bank if not satisfied. But when it acts as trustee for the captive beneficiaries who have no say over the trust investments and cannot fire the trustee, the only mutual or other collective funds the Bank allows are its own proprietary mutual funds, the Columbia Funds, which are often inferior in performance, have poor or

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

1
**CLASS ACTION COMPLAINT**

insufficient track records, and have higher fees and expenses than non proprietary funds. The Bank does this so as to benefit itself, its parent and its affiliates who profit from the investments in its proprietary mutual funds.

4.    The Bank's pattern and practice of refusing even to consider non-affiliated mutual funds and investing trust assets exclusively in proprietary Columbia Funds has maximized fee income and reduced corporate expenses for the Bank in such a way as to produce substantial additional costs on trust beneficiaries. This has deprived beneficiaries of better investment options and their right to have their trusts administered solely in their interests.

## II.    PARTIES

5.    The class consists of all present or former beneficiaries of the Bank's trust accounts whose assets were invested by the Bank in its affiliated proprietary Columbia Funds (the "Nationwide Class").

6.    A separate sub-class consists of present or former beneficiaries of the Bank's personal trust accounts, which are administered in California and are governed by California trust law, and whose assets were invested by the Bank in its affiliated propriety Columbia Funds (the "California Sub-class").  California has adopted the Uniform Prudent Investor Act and follows the common law of trusts. See California Probate Code Sections 16047 *et seq.* (Prudent Investor Act) and Probate Code Section 15002 (except as modified by statute the common law of trusts is the law in California).

7.    Plaintiff Ellen Stoody-Broser is a resident of California.  Plaintiff Stoody is the income beneficiary of the Winston F. & Virginia J. Stoody Trust B- Combined, which consists of the Winston F. & Virginia J. Stoody Trust B, the Winston F. & Virginia J. Stoody Trust B- MAR-LCG and the Winston F. & Virginia J. Stoody Trust B-COL-LCV (collectively referred to hereinafter as "the Stoody Trust").  The Bank's trust accounting statements for the Stoody Trust represent that the Bank administers the trust in California and that any claims for breach of trust are governed by California law.

///

///

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

2
**CLASS ACTION COMPLAINT**

8.    Defendant Bank of America, N.A. is a federally charted bank with very significant trust operations in California and throughout the United States, with its corporate headquarters in North Carolina and executive offices in California and other states.

9.    The Bank is a wholly owned subsidiary of BOAC, also domiciled in North Carolina. It owns the shares of numerous subsidiaries. At all relevant times BOAC controlled the business activities of the Bank.

10.    The Bank is the trustee of the Stoody Trust, and at all times relevant to this action perpetrated the same scheme on each class member as it perpetrated on Plaintiff.

11.    When the Bank used mutual funds as an investment vehicle for trust accounts, the Bank invested the trust assets exclusively in their own proprietary mutual funds, formerly known as the Nations Funds and now known as the Columbia Funds. Columbia Funds are distributed by Columbia Management Distributors, Inc., which is part of Columbia Management Group, LLC, and is an affiliate of BOAC.

12.    There are additional subsidiaries and affiliates of the Defendants, as well as natural persons, whose identities are presently unknown to Plaintiff that Plaintiff is informed and believed participated in the alleged wrongful acts.

III.    **JURISDICTION AND VENUE**

13.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1711, the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367. The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and each of the Defendants.

14.    This Court has personal jurisdiction over Defendants because each of them conducted business in the Northern District of California on a regular and continuous basis during the relevant time period.

15.    The Bank maintains multiple branches in this District and Corporate Offices throughout California, including in San Francisco and Los Angeles.  Executive decisions and control of the conduct alleged in this complaint occurred in offices in San Francisco.

///

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

3
**CLASS ACTION COMPLAINT**

16.     Venue is proper in this District in that the Defendants do substantial business in this District.  In addition, many witnesses to Defendants' wrongful acts reside in or did business within this District.  Plaintiff resided in this District during the alleged class period and many class members currently reside in this District.

## IV.     AGENCY, AIDING AND ABETTING, CONSPIRACY

17.     At all relevant times, subsidiaries and affiliates of Defendants BOAC and the Bank were agents, employees, co-conspirators, alter egos, and/or joint ventures of each of Defendants BOAC and the Bank, and were at all times acting within the course and scope of said agency, employment, partnership, conspiracy, alter ego status, and/or joint venture.

18.     Defendants BOAC, the Bank and their subsidiaries aided and abetted, encouraged, and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoing complained of herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, Defendants BOAC, the Bank and their subsidiaries acted with an awareness of their primary wrongdoing and realized that their conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

19.     Defendants BOAC, the Bank and their subsidiaries each conspired with each other to perpetrate the unlawful scheme on Plaintiff and each class.  In so doing, Defendants BOAC, the Bank and their subsidiaries have performed acts and/or made statements in furtherance of the conspiracy, while at all times acting within the scope of and in furtherance of the conspiracy alleged in this Complaint, and with full knowledge of the goals of that conspiracy.

20.      At all relevant times, the subsidiaries of Defendants BOAC and the Bank charged substantial fees and purported expenses to the Columbia Funds. These fees and expenses were passed on as costs to trust accounts in which assets are invested in Columbia Funds, including the Stoody Trust.

21.     At all relevant times, Columbia acted as an *alter ego* of the Bank, BOAC and other subsidiaries.

///

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

**CLASS ACTION COMPLAINT**

22.    As a result of Defendants BOAC, the Bank and their subsidiaries conspiracy, they received increased fiduciary fees and the fees and expenses derived indirectly from BOAC's proprietary funds as well as other benefits.

## V.    THE UNLAWFUL SCHEME

23.    The Bank has been the managing trustee of the trusts of Plaintiff and has managed the trust accounts of thousands of beneficiaries in each class for decades.  As a corporate fiduciary, under the Uniform Prudent Investor Act and the common law of trusts applicable in California and throughout the nation, the Bank was and continues to be held to the highest standard of care and loyalty with regard to the duties of prudence, loyalty, avoidance of conflict of interest with trust beneficiaries, and avoidance of self-dealing in its administration of trusts.

24.    In fact, however, in breach of its fundamental duties as fiduciary, the Bank has invested fiduciary assets it manages in its own proprietary Columbia Funds and arranged for itself and its affiliates to receive additional payments and compensation in connection with these investments. In so doing, the Bank has acted to benefit itself.  It has done this by structuring trust investments to produce additional income and profits for itself and its parent and affiliates, and has put itself in a position where it has irreconcilable conflicts of interest with respect to choosing investments for trust accounts, all in flagrant disregard of its duties as fiduciary.

25.    At no time did Plaintiff personally purchase, sell or hold Columbia Funds, and all investments in the Stoody Trust were controlled and directed by the Bank. Plaintiff and the class did not control, nor have advance knowledge of the Bank's investment of the trust funds in its affiliated proprietary mutual funds, and at all times had no power to consent to or to veto such investments. Plaintiff learned about the Bank's investment of the Stoody Trust funds in the Bank's proprietary mutual funds only after those investments were made, when Plaintiff received periodic trust account statements.  As beneficiaries, Plaintiff and the class must rely on the courts to enforce a trustee's fiduciary duties of prudence and loyalty.

26.    Separately from its trust department, Defendants offer brokerage and investment advisory services to investors.  In that connection, since 2002, Bank of America Investment Services has delegated to its affiliate, Bank of America Capital Management, the research and evaluation

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

5
**CLASS ACTION COMPLAINT**

function of selecting mutual funds for a recommendation list called the "Fund Focus List," which is updated quarterly. This list, while still improperly favoring the Bank's own funds, includes numerous mutual funds from non-proprietary providers that the Bank recommends to investors. For its own trust accounts over which it has the sole control, however, the Bank refuses even to consider investments in these non-proprietary funds which it itself has evaluated, recommended and approved.  The Bank also refuses to consider non-affiliated mutual funds recommended by other better known and more objective evaluators, such as Morningstar. These decisions harmed Plaintiff and the class by depriving their trusts of the opportunities to invest in mutual funds (and other collective funds) which were recognized as superior in performance, less risky, and were far more competitive in terms of fees.

27.    In addition, the Bank's investment of the trusts exclusively in the generally inferior proprietary Columbia Funds enabled the Bank and BOAC to enrich themselves at the Stoody Trust's expense and the expense of other trust account beneficiaries by increasing the overall amount of fees taken out of their accounts. The Bank continued to charge its standard fiduciary fee for maintaining the Stoody Trust, but other affiliated entities charged them additional investment advisory and administrative fees for managing the Columbia Funds ("Additional Columbia Fees"). The Additional Columbia Fees were ultimately passed along to and paid by Plaintiff and each class member in the form of expense ratios and reduced investment returns.

28.    Plaintiff and the class members received no additional benefit in exchange for the increased costs that resulted in the Bank's decision to invest their assets in its proprietary Columbia Funds.

29.    BOAC and the Bank knew that the decision to invest the Bank-managed trust assets in their proprietary Columbia Funds would enrich the Defendants at the expense of Plaintiff and the class members. They also knew that no additional benefit to Plaintiff or the class members would result from the investment in their proprietary Columbia Funds.

30.    The Bank's policy of refusing to invest the trust in non-affiliated mutual funds and instead investing the trust assets that it managed in the proprietary Columbia Funds promotes the Defendants' own interest in obtaining additional fees and reducing internal expenses for maintaining

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

6
CLASS ACTION COMPLAINT

and administering trust accounts thus increasing the Defendants' profits at the expense of the Plaintiff and the class.

31.    The Bank breached its fiduciary duty of prudent investing to Plaintiff and to each class member by failing even to consider any non-proprietary mutual funds or other investment vehicles for investment of trust assets and instead using the Columbia Funds as the sole collective investment vehicle whenever possible.

32.    The Bank breached its fiduciary duty to Plaintiff and each class member by failing to perform an objective analysis to determine whether the proprietary Columbia Funds were optimal investments for the Stoody Trust, or for any other trust accounts.

33.    The Bank breached its fiduciary duty to Plaintiff and each class member by investing trust assets exclusively in Columbia Funds that did not have proven investment track records or reasonable fee structures.

34.    The Bank breached its fiduciary duty to Plaintiff and each class member by refusing to divest those proprietary mutual funds even though they substantially underperformed compared to other available investment vehicles.

35.    The Bank breached its fiduciary duty to Plaintiff and each class member by: (1) failing to establish investment policies; (2) failing to adopt procedures for periodic review and comparison with other available investment vehicles; (3) failing to establish an arm's-length process for evaluating the prudence of investing trust accounts in proprietary mutual funds rather than in non-proprietary investments, and  (4) failing to conduct on-going comparisons of proprietary funds to peer group performance.

36.    The Bank breached its fiduciary duty by failing to document management's actions with respect to transactions involving potential conflicts, including the prudence of such transactions and to make such documentation readily available.

37.    The Bank breached its fiduciary duty to annually review accounts on an individual basis to insure that the proprietary Columbia Funds continue to be an appropriate investment for the account.

///

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

7
**CLASS ACTION COMPLAINT**

38.     By committing these breaches of fiduciary duty to Plaintiff and all of the class members, BOAC, the Bank and their subsidiaries unjustly reaped millions of dollars in fees under the guise of "money management, investment advisory, and administrative fees" among others. Plaintiff and the class members have been damaged and have been deprived of better investments and of their right to faithful investment of their trust assets by a trustee, without any interest in conflict with its duty to invest prudently and solely in the interest of the beneficiaries. The Bank has obtained illegal payments and earned profits on the trust assets which it is obligated to disgorge to Plaintiff and each class member.

39.     At all relevant times, BOAC knowingly conspired with Defendant Bank and participated in the actions and decisions as generally set forth above in paragraphs 1-38 above.

## VI.     CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on her own behalf and on behalf of all persons similarly situated, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of Nationwide Class:

> All persons (and their successors) who are or were beneficiaries of personal trusts whose principal and/or income is or was managed by the Bank as a corporate trustee, and assets of which the Bank invested in Columbia Funds mutual funds at any time from 1998 to the present.

41.     Plaintiff also brings this action on her own behalf and on behalf of all persons similarly situated, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the California Sub-class:

> All persons (and their successors) who are or were beneficiaries of personal trusts whose principal and/or income is or was managed by the Bank as a corporate trustee in California, and assets of which the Bank invested in Columbia Funds mutual funds at any time from 1998 to the present. This class includes all beneficiaries of personal trusts, like Plaintiff, to whom the Bank disseminated its "California Disclosures to Beneficiaries."

42.     Excluded from each class are Defendants and their subsidiaries, directors, employees, agents, attorneys, accountants, and consultants.

43.     The members of each class are so numerous that joinder of all members is impracticable. The number of such persons is in the thousands.

///

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

8
**CLASS ACTION COMPLAINT**

44.     The members of the Nationwide Class are domiciled in most or all fifty states, and in numerous foreign jurisdictions.

45.     The members of the California Class include persons who, like Plaintiff, reside in California, but also include many persons who reside in the other forty-nine states, and in numerous foreign jurisdictions, so long as the trust account they are a beneficiary or successor trustee of is administered and/or managed by the Bank in California.

46.     Defendants' illegal actions, or failures to act, are uniform to each class. The Bank made the decision to invest the assets of the Stoody Trust in their proprietary Columbia Funds pursuant to a corporate policy that affected all trust accounts in a uniform manner and was not made with any individual account characteristics in mind. The Bank's refusal to divest those Columbia Funds which performed poorly was also made pursuant to a corporate policy and affected all trust accounts in a uniform manner. Finally, all of the trust accounts, including the Stoody Trust, were subjected to increased or unnecessary fees and expenses and all members of each class were adversely affected by the diminution of services resulting from the Banks' investment in Columbia Funds.

47.     There are questions of law and fact common to members of each class that predominate over any questions affecting only individual members.  The questions of law and fact common to the members of each class include, without limitation:

        a.   whether the Bank's corporate policy and practice refusing to invest trust funds in non-affiliated mutual funds (or other collective investments) and instead investing trust funds solely in proprietary Columbia Funds in which the Bank has a conflicting interest and for which it receives fees or proceeds has violated its duty of loyalty to act solely in the interests of the beneficiaries in all matters connected with the trust, and in particular its duty to avoid conflicts of interest and to refrain from investing trust funds in any manner that would benefit itself, rather than solely the beneficiaries;

///
///

**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

9
**CLASS ACTION COMPLAINT**

b.  whether the Bank breached fiduciary duties to Plaintiff and all the members of each class, and whether BOAC participated, conspired, or aided and abetted these breaches of duty;

c.  whether the Bank's refusal to divest its trust accounts from the Columbia Funds that were underperforming and/or had high expenses was in the best interests of Plaintiff and the members of each class or motivated by its own financial interest;

d.  whether the Bank's refusal to divest its trust accounts from the Columbia Funds that were underperforming and/or had high expenses was a breach of its fiduciary duty to Plaintiff and the members of each class;

e.  whether a declaratory judgment should issue that the Bank violated its duties as Trustee with respect to the affected trust accounts and whether BOAC participated, conspired, aided or abetted the Bank in doing so;

f.  whether Plaintiff and the members of each class are entitled to injunctive relief;

g.  whether Plaintiff and the class members are entitled to restitution, disgorgement, and/or other equitable relief and the measure of such relief;

h.  whether Plaintiff and the class members are entitled to compensatory damages according to proof and the measure of such relief; and

i.  whether Defendants should be ordered to pay punitive damages based on their conduct toward Plaintiff and the class members.

48.    The additional questions of law and fact common to the members of only the California Sub-class include, without limitation:

a.  whether Defendants' conduct was in violation of California law;

b.  whether Defendants violated section 17200 et seq. of the Business and Professions Code, California's Unfair Competition Law.

49.    Plaintiff will fairly and adequately protect the interests of the class members, and has no interests that conflict with those of other class members.  Plaintiff is motivated to protect the interests of the class members.  Plaintiff is representative of class members whose assets the Bank has used to profit itself over and above the fiduciary fees.  Plaintiff has retained competent counsel

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

10
**CLASS ACTION COMPLAINT**

1  experienced in the prosecution of class actions and other complex litigation, including numerous

2  trust class actions.  See, e.g., *Nickel v. Bank of America,* 290 F.3d 1134 (9th Cir. 2002).

3      50.    A class action is superior to other available methods for the fair and efficient

4  adjudication of this controversy.  The interests of individual class members in controlling the

5  prosecution of separate actions are far outweighed by the anticipated cost of such actions, since the

6  financial harm suffered by each class member on an individual basis is comparatively small, making

7  it economically impracticable for individual class members to bring separate suits.  In addition, the

8  prosecution of separate actions by individual class members seeking injunctive or declaratory relief

9  would create a risk of inconsistent adjudications which would establish incompatible standards of

10  conduct for Defendants.  Such actions would also create a risk of adjudications that would, as a

11  practical matter, be disruptive of the interests of non-party class members or that would substantially

12  impair or impede the ability of non-party class members to protect their interests.

13      51.    Plaintiff knows of no unusual difficulty that will be encountered in the management

14  of this action as a class action.

15  **VII.    CAUSES OF ACTION**

16                           **FIRST CAUSE OF ACTION**

17                     **(Breach of Fiduciary Duty: Prudent Investing)**

18      52.    Plaintiff incorporates and realleges each of the foregoing paragraphs, as though fully

19  set forth herein and further alleges as follows:

20      53.    At all relevant times the Bank, as the corporate trustee of the affected trust, was in a

21  fiduciary relationship with Plaintiff and the class. As trustee, the Bank has the power and

22  responsibility to invest the trust assets and, conversely, the beneficiaries have no control over the

23  investments, which the beneficiaries typically learn about only after the fact in the trust account

24  statements. The Bank's duties as a professional trustee to the beneficiaries of the trusts it administers

25  include the rigorous duty to invest prudently under the common law Prudent Investor Rule

26  (Restatement of Trusts 3d §227) and the Uniform Prudent Investment Act codified in most states,

27  including California (Probate Code §16047 et seq.).

28  *///*

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

11
**CLASS ACTION COMPLAINT**

54.     Defendants' continuing policy and acts set out above by which they refuse to consider non affiliated mutual funds or other collective investments for the trusts, while investing trusts in their own inferior proprietary Columbia Funds without regard for the interests of trust account beneficiaries was and is a breach of the Bank's duty to invest prudently.

55.     As a proximate result of said breaches of fiduciary duty, Plaintiff and every class member have sustained damages in an amount to be proven at trial.

56.     In acting as alleged herein, Defendants' conduct was willful, malicious, and oppressive, revealing conscious disregard by a trustee for the rights of trust beneficiaries, such that Plaintiff and the class are entitled to punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(Self-Dealing in Violation of the Fiduciary Duties of Loyalty and to Avoid Conflicts of Interest)**

57.     Plaintiff incorporates and realleges each of the foregoing paragraphs, as though fully set forth herein and further alleges as follows:

58.     At all relevant times the Bank, as the corporate trustee of the affected trust, was in a fiduciary relationship with Plaintiff and the class.  The Bank's duties to the beneficiaries of the trusts it administers include all duties imposed by the universally recognized common law of trusts, which are codified and incorporated into California's Probate Code.  These include the highest duty of loyalty known to the law, specifically encompassing, though not limited to, the duty to avoid conflicts of interest with the trust beneficiaries; such conflicts of interest including self-dealing through the trustee's management of trust assets.

59.     By the policies, acts, practices, and omissions alleged above, the Bank breached said fiduciary duties.

60.     Defendant's policy to invest trust account assets in shares of their own proprietary Columbia Funds without regard for the interests of trust account beneficiaries was a breach of the Bank's fiduciary duties to the Stoody Trust and the Class.

61.     As a proximate result of said breaches of fiduciary duty, Plaintiff and every class member have sustained damages in an amount to be proven at trial.

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

12
**CLASS ACTION COMPLAINT**

62.    In acting as alleged herein, Defendants' conduct was willful, malicious, an oppressive, revealing conscious disregard by a trustee for the rights of trust beneficiaries, such that Plaintiff and the class are entitled to punitive damages.

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

### (BOAC Aided and Abetted the Bank's Breach of Fiduciary Duty)

63.    Plaintiff incorporates and realleges each of the foregoing paragraphs, as though fully set forth herein and further alleges as follows:

64.    BOAC knowingly participated in the development of the Bank's policy and practice of investing trust accounts in shares of proprietary Columbia Funds; BOAC was aware that this was not in the best interests of the trust account beneficiaries, and BOAC conspired with the Bank to act in a manner intended to benefit the Defendants instead of the beneficiaries. Additionally, BOAC participated in the development of the Bank's policy and practice of keeping such trust accounts invested in shares of the proprietary Columbia Funds even though BOAC knew that a prudent investor should have instead divested those funds due to poor performance or excessive expense ratios. Further, BOAC intentionally supported these policies and practices in order to grow its proprietary mutual funds complex, the Columbia Funds, by forced selling the funds to the Bank's trust accounts and employing the accounts as a primary distribution channel for the Columbia Funds. Thus, BOAC actively aided and abetted the Bank's breach of its fiduciary duties to the Stoody Trust and other members of the Class.

65.    As a proximate result of said aiding and abetting of the Bank's breaches of fiduciary duty, Plaintiff and every class member have sustained damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment)

66.    Plaintiff incorporates and realleges each of the foregoing paragraphs, as though fully set forth herein and further alleges as follows:

///

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

13
**CLASS ACTION COMPLAINT**

67.     BOAC and the Bank were unjustly enriched at the expense of Plaintiff and the Class by their policy and practice of investing trust assets in the proprietary Columbia Funds to the exclusion of all other investment vehicles, and subsequently refusing to divest from those funds which performed poorly or had excessive expense ratios.

68.     Defendants have retained and invested the proceeds of their unjust enrichment and realized additional profits which should all be returned to the trust accounts form which they were derived and/or to the beneficiaries of those accounts.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION

### (Violation of Bus. & Prof. Code §17200 *et seq.*)

69.     Plaintiff incorporates and realleges each of the foregoing paragraphs, as though fully set forth herein and further alleges on behalf of the California Sub-class as follows:

70.     Defendants are subject to section 17200 *et seq*. of the Business and Professions Code ("section 17200"), which provides that "unfair competition shall mean and include any unlawful…business act. . . ."

71.     By their policies, practices and other alleged abuse, Defendants have violated the common law, including the common law of trusts, and numerous statutes as well as federal banking regulations commonly known as Regulation 9.  Said acts and practices of Defendants constitute unlawful business practices in violation of section 17200.

72.     Pursuant to sections 17203 and 17204 of the Business and Professions Code, Defendants should be enjoined from continuing their violations of section 17200, and should be ordered to provide complete restitution of all overcharges and disgorgement of all profits and benefits derived there from.

WHEREFORE, Plaintiff prays for relief as set forth below.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Defendants, jointly and individually, as follows:

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

14
CLASS ACTION COMPLAINT

1.     For certification of this action as a class action with Plaintiff and her counsel as representatives of each class;

2.     For injunctive relief prohibiting Defendants from continuing to engage in or resuming the unlawful, unfair, and fraudulent business policy practices described in this Complaint;

3.     For compensatory damages in an amount sufficient to fully compensate for all harm caused by Defendants;

4.     For a judgment compelling an accounting by the Defendants of all their unjust enrichment and disgorging that amount to the trust accounts affected by the wrongdoing described herein and/or directly to the beneficiaries of those accounts;

5.     For a constructive trust on the assets of Plaintiff and each class member which Defendants have wrongfully withheld;

6.     For pre-judgment and post-judgment interest at the maximum rate allowable by law;

7.     For punitive damages;

8.     For costs of suit, including reasonable attorneys' and experts' fees; and

9.     For such other and further relief as the Court may find just and proper.


Dated:    June 2, 2008                  MURRAY & HOWARD, LLP


By: _____
        DEREK G. HOWARD
        *Attorneys for Plaintiff and the Class*

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

1

## DEMAND FOR JURY TRIAL

2        On behalf of herself and the Class, Plaintiff hereby requests trial by jury as to all issues so

3   triable.

4   Dated:    June 2, 2008                     MURRAY & HOWARD, LLP

5

6                                          By _____

7                                               DEREK G. HOWARD
                                               *Attorneys for Plaintiff and the Class*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

16
**CLASS ACTION COMPLAINT**