James C. Martin (SBN 83719)
jcmartin@reedsmith.com
Mary J. Hackett (*appearing pro hac vice*)
mhackett@reedsmith.com
Sharon L. Rusnak (*appearing pro hac vice*)
srusnak@reedsmith.com
David. J. Bird (*pro hac vice application pending*)
dbird@reedsmith.com
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA  15219-1886
Telephone:     (412) 288-3131
Facsimile:     (412) 288-3063

David S. Reidy (SBN 225904)
dreidy@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Telephone:     (415) 543-8700
Facsimile:     (415) 391-8269

Attorneys for Defendants Bank of America,
N.A. and Bank of America Corporation

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, An Individual, Individually And On Behalf Of All Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>    *Defendants*. | Case No. CV 08 2705 JSW<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FED. R. CIV. P. 12(b)(6)]<br><br>Date:        October 31, 2008<br>Time:       9:00 a.m.<br>Place:      Courtroom 2, 17th Floor<br><br>Compl. Filed: March 29, 2008<br>Trial Date:   None<br><br>*Honorable Jeffrey S. White* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ................................................................................................ 1

II.    SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS  AND CLASS
       ACTION CLAIMS ................................................................................................ 2

III.   LEGAL STANDARD GOVERNING A MOTION TO DISMISS  UNDER FED. R.
       CIV. P. 12(b)(6) ................................................................................................ 4

IV.    ARGUMENT ................................................................................................ 6

       A.     SLUSA Preempts "Covered Class Actions" Based On State Law That
              Are Predicated Upon Misrepresentations, Omissions, Or The Use Of A
              Deceptive Or Manipulative Scheme "In Connection With" The Purchase
              Or Sale Of A "Covered Security." ................................................................ 6

       B.     Plaintiff's Allegations Involve A "Covered Class Action" Based On State
              Law And Involves The Purchase And Sale Of A "Covered Security." ................. 8

       C.     Plaintiff's Allegations Involve Misstatements And Omissions Of Material
              Facts And A Deceptive And Manipulative "Scheme" By The Bank "In
              Connection" With The Purchase Of Affiliated Mutual Fund Shares. .................... 9

       D.     Plaintiff's Allegations That The Bank Charged Excessive Fees  In
              Connection With Affiliated Mutual Fund Investments Support  The
              Conclusion That SLUSA Preempts Her Claims. ................................................ 13

       E.     Plaintiff's Allegations Satisfy All The Elements Of SLUSA Preemption,
              And Her Complaint Is A Failed Attempt At Artful Pleading That
              Will Not Evade SLUSA. ................................................................................ 15

V.     CONCLUSION ................................................................................................ 17

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- i -

# TABLE OF AUTHORITIES

## Cases

*Araujo v. John Hancock Life Ins. Co.*,
  206 F.Supp.2d 377 (E.D.N.Y. 2002) ...................................................................15

*Beary v. ING Life Ins. & Annuity Co.*,
  520 F.Supp.2d 356 (D. Conn. 2007)....................................................................12

*Beckett v. Mellon Investor Servs., LLC*,
  No. 06 5245, 2006 WL 3249189, at **2-3 (W.D. Wash. Nov. 8, 2006)..........................13, 14

*Behlen v. Merrill Lynch*,
  311 F.3d 1087 (11th Cir. 2002) ..........................................................8, 13, 14, 15

*Brooks v. Wachovia Bank, N.A.*,
  No. 06-cv-00955 (E.D. Pa. Sept. 14, 2007) ..............................................................1

*Dommert v. Raymond James Fin. Servs., Inc.*,
  No. 1:06-cv-102, 2007 WL 1018234, at **7-9 (E.D. Tex. Mar. 29, 2007)................9, 13, 16

*Dudek v. Prudential Securities, Inc.*,
  295 F.3d 875 (8th Cir. 2002) ............................................................5, 13, 14, 15

*Falkowski v. Imation Corp.*,
  309 F.3d 1123 (9th Cir. 2002) ..................................................................................7

*Felton v. Morgan Stanley Dean Witter & Co.*,
  429 F.Supp.2d 684 (S.D.N.Y. 2006) ..................................................................8, 16

*Horattas v. Citigroup Financial Markets Inc.*,
  532 F.Supp.2d 891(W.D. Mich. 2007) ................................................................14

*Hughes v. LaSalle Bank, N.A.*,
  419 F. Supp. 2d 605 (S.D.N.Y. 2006) ,
  *vacated on other grounds*, 2007 WL 4103680 (2d Cir. Nov. 19, 2007) ...............................3

*In re Edward Jones Holders Litigation*,
  453 F.Supp.2d 1210 (C.D. Cal. 2006) ................................................................ passim

*In re Late Fee and Over-Limit Fee Litigation*,
  528 F.Supp.2d 953 (N.D. Cal. 2007) ......................................................................5

*In re Salomon Smith Barney Mutual Fund Fees Litig.*,
  441 F. Supp. 2d 579 (S.D.N.Y. 2006) ..................................................................13

*Interstate Natural Gas Co. v. Southern California Gas Co.*,
  209 F.2d 380 (9th Cir. 1953) ....................................................................................5

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F.Supp.2d 993 (C.D. Cal. 2002) ..................................................................5, 9

*Kircher v. Putnam Funds Trust*,
  547 U.S. 633 (2006)....................................................................................................8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) .................................................................................5

*Kurz v. Fidelity Management & Research Co.*,
   No. 07-cv-709, 2008 WL 2397582, at *3 (S.D. Ill. June 10, 2008) ................................16, 17

*Kutten v. Bank of America*,
   No. 4:04-cv-0244,  2006 WL 1520588 (E.D. Mo. May 26, 2006).........................................1

*Kutten v. Bank of America, N.A.*,
   No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007),
   *aff'd*, 530 F.3d 669 (8th Cir. 2008)................................................................... passim

*Lander v. Hartford Life & Annuity Ins. Co.*,
   251 F.3d 101 (2d Cir. 2001) .................................................................................7

*Mack v. South Bay Beer Distributors, Inc.*,
   798 F.2d 1279 (9th Cir. 1986) ...............................................................................5

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
   547 U.S. 71 (2006)........................................................................................6, 8

*Press v. Quick & Reilly, Inc.*,
   218 F.3d 121 (2d Cir. 2000) ................................................................................14

*Professional Mgmt. Assoc., Inc. v. KPMG LLP*,
   335 F.3d 800 (8th Cir. 2003) ................................................................................6

*Rabin v. JPMorgan Chase Bank, N.A.*,
   No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) .................................................1

*Reinke v. Bank of America*,
   No. 4:04−cv−01758, 2005 WL 3454428 (E.D. Mo. Dec. 16, 2005) .......................................1

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir.1984) .................................................................................4

*Rowinski v. Salomon Smith Barney, Inc.*,
   398 F.3d 294 (3d Cir. 2005) ..............................................................................6, 15

*Segal v. Fifth Third Bank, N.A.*,
   No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008), *appeal pending* ......... passim

*Siepel v. Bank of America, N.A.*,
   239 F.R.D. 558 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008) ...................... passim

*Sofonia v. Principal Life Ins. Co.*,
   465 F.3d 873 (8th Cir. 2006) ................................................................................8

*Spencer v. Wachovia Bank, N.A.*,
   No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006)................................1, 10, 11, 14

*Syverson v. IBM Corp.*,
   472 F.3d 1072 (9th Cir. 2007) ...............................................................................4

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*U.S. Mortgage, Inc. v. Saxton*,
    494 F.3d 833 (9th Cir. 2007) ...................................................................5, 8, 15

*Wells Fargo Bank, N.A. v. Superior Court of San Francisco County*,
    159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008) ..................................1, 8, 10, 11

**Statutes**

15 U.S.C. § 77p(b) ........................................................................................5, 7

15 U.S.C. § 77r(b)(2) ..........................................................................................9

15 U.S.C. § 77z-1 ...............................................................................................6

15 U.S.C. § 78bb(f)(1) ................................................................................5, 7, 16

15 U.S.C. § 78bb(f)(5) ...............................................................................7, 8, 9

15 U.S.C. § 78j(b) ..............................................................................................6

15 U.S.C. § 78u-4 ..............................................................................................6

**Rules**

Cal. Financial Code § 1561.1 ................................................................................3

Fed. R. Civ. P. 12(b)(6) ........................................................................................4

**Treatises**

J. Langbein, *Questioning the Trust Law Duty of Loyalty:  Sole Interest or Best Interest?*,
    114 Yale L.J. 929, 972-73 (March 2005) ...............................................................3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 31, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2, 17th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Bank of America, N.A., and Bank of America Corporation (collectively, the "Bank") will and hereby do move to dismiss the claims contained in Plaintiff's Complaint on file in this action. Defendants' Motion to Dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the Complaint fails to state any claim upon which relief can be granted against the Bank.

Defendants' Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the pleadings on file with the Court in this matter, and upon such other and further argument as the Court may consider at the hearing.

Respectfully submitted,

DATED:  July 23, 2008              REED SMITH LLP

By /s/_____
    Mary J. Hackett
    David S. Reidy
    Attorneys for Defendants
    Bank of America, N.A., and
    Bank of America Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's Complaint follows a well worn path.  A consortium of plaintiffs' attorneys (including the attorneys representing Plaintiff here) has filed more than ten putative class actions against Bank of America, N.A. and Bank of America Corporation (the "Bank"), as well as other banks which administer trust accounts that are invested in shares of federally registered mutual funds.  As numerous courts have done previously, this Court should grant the Bank's motion to dismiss Plaintiff's Complaint.[1]

Plaintiff alleges that Bank of America, N.A., as trustee for her combined trust account, devised an unlawful "scheme" to enrich itself at her expense by having her trust invest in shares of Nations Funds (now known as Columbia Funds), a family of mutual funds administered by the Bank's affiliates.  Through a series of "policies, acts, practices, and omissions," Plaintiff maintains that the Bank breached its fiduciary duties of loyalty and care in investing trust assets in affiliated mutual funds, received unjust enrichment from her trust account and its investments, and violated Cal. Bus. & Prof. Code § 17200.  Plaintiff asserts these claims on behalf of herself, as well as a putative nationwide class of trust beneficiaries and a California sub-class.  Plaintiff presses these

---

[1]    *See Spencer v. Wachovia Bank, N.A.*, No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006); *Reinke v. Bank of America*, No. 4:04−cv−01758, 2005 WL 3454428 (E.D. Mo. Dec. 16, 2005) (dismissing for lack of subject matter jurisdiction); *Kutten v. Bank of America*, No. 4:04-cv-0244, 2006 WL 1520588 (E.D. Mo. May 26, 2006)(dismissing for lack of subject matter jurisdiction); *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006) (summarizing the history of several of the cases filed against the Bank by the consortium and granting motion to dismiss), *aff'd*, 526 F.3d 1122 (8th Cir. 2008); *Brooks v. Wachovia Bank, N.A.,* No. 06-cv-00955 (E.D. Pa. Sept. 14, 2007) (granting motion to dismiss), *appeal pending*; *Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) (granting motion to dismiss); *Kutten v. Bank of America, N.A.*, No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007) (granting motion to dismiss), *aff'd*, 530 F.3d 669 (8th Cir. 2008); *Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008) (granting motion to dismiss), *appeal pending*; and *Wells Fargo Bank, N.A. v. Superior Court of San Francisco County*, 159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008) (filed by the attorneys representing Plaintiff here) (directing trial court to grant demurrer).

1    claims despite the fact that state law expressly authorizes the investments in affiliated mutual funds

2    challenged here.

3         Plaintiff's state law class action Complaint should be dismissed based on the preemptive

4    effect of the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA"). With limited

5    exceptions not relevant here, SLUSA provides federal courts with subject matter jurisdiction over

6    any state law class action that falls within its ambit and requires that federal courts dismiss the action

7    any time a complaint asserts a class action claim based on state law and alleges that the defendant

8    misrepresented or omitted a material fact or employed any deceptive or manipulative device or

9    contrivance "in connection with" the purchase or sale of a mutual fund or another type of covered

10   security. Each of SLUSA's requirements is satisfied in this case. The controlling law accordingly

11   compels that this state law class action must be dismissed.

12

13   **II.    SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS**
         **AND CLASS ACTION CLAIMS**
14

15        According to the Complaint, Plaintiff Ellen Stoody-Broser is the income beneficiary of a

16   combined trust administered and managed for decades by the Bank as trustee. Compl. ¶¶ 7-10.

17   Defendant Bank of America is a federally chartered national bank that administers trusts in

18   California and throughout the United States. Compl. ¶ 8. Plaintiff brings her claims on behalf of

19   herself and a putative nationwide class of "thousands" of trust beneficiaries whose trust accounts are

20   administered by the Bank as trustee and invested in shares of Nations Funds, as well as a similar

21   sub-class of beneficiaries whose trust accounts are administered by the Bank in California. Compl.

22   ¶¶ 40-51.

23        Plaintiff alleges that, as trustee, the Bank owed her a fiduciary duty of loyalty and care in the

24   administration of her trust assets, including the Bank's decision to invest trust assets in shares of

25   mutual funds. Compl. ¶¶ 2, 23. According to the Complaint, however, the Bank's administration of

26   her trust has been unlawfully compromised by an unresolved, "irreconcilable" conflict of interest

27   attributable to the increased fees that the Bank could receive as a result of investing trust assets in

28   shares of mutual funds administered by affiliates of the Bank ("affiliated" or "proprietary" mutual

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

funds).  Compl. ¶¶ 2-4, 23-24. Specifically, Plaintiff alleges that the Bank is able to enrich itself at the expense of trust beneficiaries by (1) investing trust assets in mutual funds that pay excessive fees for portfolio management and other services and (2) charging and collecting fees for both trustee services and mutual fund management services.  Compl. ¶¶ 2-4, 20, 24-27.[2]

Plaintiff also maintains that the Bank devised a "scheme" to maximize its profits at the expense of herself and other trust beneficiaries by investing trust assets in shares of Nations Funds (now known as Columbia Funds), an "affiliated" or "proprietary" family of mutual funds registered with the Securities and Exchange Commission under the name "Columbia Funds Series Trust" as an investment company under the Investment Company Act of 1940, 15 U.S.C. § 80a-1, *et seq.* Compl. ¶¶ 1, 11.  In furtherance of this unlawful scheme, Plaintiff claims that the Bank:

- Adopted policies and procedures that caused the Bank not to consider alternative, non-affiliated investments with lower fees and/or better performance (Compl. ¶¶ 2-4, 24, 30-32, 35, 38, 54, 59-60, 64, 67, 71);

- Used trust accounts as a "primary distribution channel" for affiliated Nations Funds and "forced" trust accounts to purchase Nations Funds shares (Compl. ¶¶ 24-25, 27, 30-37, 64);

- Placed its own interests ahead of trust beneficiaries when it invested trust assets in affiliated mutual funds without the requisite degree of loyalty to the interests of trust beneficiaries and without the requisite degree of care for the performance of affiliated mutual funds (Compl. ¶¶ 23-24, 26-39, 52-72);

---

2    California law (and the law of nearly every other state) expressly authorizes a trustee to invest trust assets in affiliated mutual funds and further ensures that trust beneficiaries receive prompt notice and information about such trust investments.  *See, e.g.*, Cal. Financial Code § 1561.1; *see also Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605, 619 (S.D.N.Y. 2006) (holding that the trustee did not engage in self-dealing where its investments in affiliated mutual were authorized by law), *vacated on other grounds*, 2007 WL 4103680 (2d Cir. Nov. 19, 2007); *Estate of Vail v. First of America Trust Co.*, 722 N.E. 2d 248, 251-252 (Ill. App. Ct. 1999)(executor of an estate did not act improperly by investing in an affiliated fund, noting that the law allows investments in affiliated mutual funds); *In re Estate of Kopf*, No. O.C. 71 of 2001, slip. op. at **5-6 (Pa. Orph. Ct. (Warren Cty.) Dec. 31, 2001) (no breach of fiduciary duty because state law authorizes investments in affiliated mutual funds), *aff'd*, 850 A.2d 20 (Pa. Super. Ct. 2004).  *See also* J. Langbein, *Questioning the Trust Law Duty of Loyalty:  Sole Interest or Best Interest?*, 114 Yale L.J. 929, 972-73 (2005) (Congress and the states have recognized that mutual funds have "significant advantages" and have enacted statutes facilitating trust investments in mutual funds and authorizing bank trustees to invest trust assets in affiliated mutual funds).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- Deliberately informed trust beneficiaries about affiliated mutual fund investments only after those investments were made (Compl. ¶¶ 25, 53);

- Failed to document, and make available to trust beneficiaries, appropriate information about affiliated mutual fund transactions, including information about the way in which the Bank handled its alleged conflict of interest (Compl. ¶¶ 35-36); and

- "Performed" other "acts" and/or made other "statements" in furtherance of its scheme with full "knowledge" and "awareness" of the scheme's "primary" goals (Compl. ¶¶ 18-19).

Plaintiff further alleges that she and other trust beneficiaries sustained an unspecified amount of damages as result of the affiliated mutual fund investments. Compl. ¶¶ 28-29, 55, 61, 65.

Based on the Bank's alleged "policies, acts, practices, and omissions" (Compl. ¶ 59), Plaintiff asserts five state law claims that the Bank: breached it fiduciary duty of care by investing trust assets without the requisite degree of prudence (Compl. ¶¶ 52-56 (Count I)); breached its fiduciary duty of loyalty (Compl. ¶¶ 57-62 (Count II)); aided and abetted the breach of fiduciary duties (Compl. ¶¶ 63-65 (Count III)); was unjustly enriched (Compl. ¶¶ 66-68 (Count IV)); and violated Section 17200 of the California Business and Professions Code (Compl. ¶¶ 69-72 (Count V)). Plaintiff seeks monetary damages for herself and the putative class. Compl. ¶¶ 52-72; Prayer For Relief.

## III.  LEGAL STANDARD GOVERNING A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint fails to state a claim if the complaint: (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir.1984).

When considering a motion to dismiss, all well-pleaded facts are presumed to be true and all reasonable inferences are drawn in favor of the plaintiff. *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007). While courts generally do not look outside the pleadings, a court may consider

any document that is explicitly or implicitly "incorporated" into the complaint "by reference" (including prospectuses and other disclosure documents publicly filed with the SEC), provided the document's authenticity is not questioned. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering website referenced in complaint); *In re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953, 957 (N.D. Cal. 2007) (summarizing the doctrine of incorporation by reference). A court may also consider any facts properly subject to judicial notice. *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (a court may take judicial notice of "matters of public record"); *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (same).

As is relevant here, a complaint is subject to dismissal under Rule 12(b)(6) if it alleges state law class action claims that are subject to federal preemption under the Securities Litigation and Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b), 78bb(f)(1). *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 999-1000 (C.D. Cal. 2002)(dismissing state law class action claims based on SLUSA); *In re Edward Jones Holders Litigation*, 453 F.Supp.2d 1210, 1217 (C.D. Cal. 2006) (same where complaint alleged brokers violated Section 17200 and breached fiduciary duties by placing certain mutual fund companies on internal "Preferred Funds" list in exchange for retention kickbacks).

More particularly, when considering a motion to dismiss under SLUSA, a court must carefully scrutinize the complaint's allegations to determine if the "gravamen" or "essence" of the complaint triggers SLUSA's preemptive effect. Simply put, courts must be wary of attempts to evade SLUSA through "artful pleading." *See Dudek v. Prudential Securities, Inc.*, 295 F.3d 875, 879 (8th Cir. 2002) (SLUSA preempts a state law class action whenever the "gravamen" or "essence" of the complaint involves an untrue statement or omission of a material fact or the use of a deceptive or manipulative device or contrivance in connection with the purchase or sale of a covered security); *see also U.S. Mortgage, Inc. v. Saxton*, 494 F.3d 833 (9th Cir. 2007) (SLUSA preempts state law class action claims, including claims for breach of fiduciary duty and aiding and abetting breach of fiduciary, where the gravamen or essence of the claims involves misstatements, omissions, and alleged deceptive and manipulative conduct in connection with federal securities transactions);

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*In re Edward Jones Holders Litigation*, 453 F.Supp.2d at 1214-17 & n.7 (SLUSA preempted claims under Section 17200 and for breach of fiduciary duties where the gravamen of a complaint was that the firm "willful[ly]" and "unlawful[ly]" tailored and distorted its investment advice to steer customers to Preferred Funds, then encouraged them to hold those funds for long term") (describing "willful" and "unlawful" as artfully pled euphemisms for alleged conduct triggering SLUSA).

Properly focused, therefore, the issue is whether a complaint explicitly or implicitly describes a deceptive or manipulative scheme generally within SLUSA's purview. *See Professional Mgmt. Assoc., Inc. v. KPMG LLP*, 335 F.3d 800, 803 (8th Cir. 2003) (preempting state law claims where the "complaint implicitly alleges" that "misrepresentations and omissions were made in connection with the purchase of securities") (emphasis added); *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 304 (3d Cir. 2005) (same).  Here, Plaintiff's allegations bring her claims within SLUSA's purview and accordingly require that her Complaint be dismissed.

## IV.    ARGUMENT

### A.    SLUSA Preempts "Covered Class Actions" Based On State Law That Are Predicated Upon Misrepresentations, Omissions, Or The Use Of A Deceptive Or Manipulative Scheme "In Connection With" The Purchase Or Sale Of A "Covered Security."

SLUSA is the result of more than a decade of work by Congress to curb the abusive use of the class action device in securities cases.  Congress first sought to limit the abuse of the class action device in federal cases by enacting the Private Securities Litigation Reform Act of 1995 (the "1995 Reform Act"), codified at 15 U.S.C. §§ 77z-1 and 78u-4.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 81 (2006).  The 1995 Reform Act imposes, among other things, heightened pleading requirements and discovery stays in actions brought pursuant to Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5).  *Dabit*, 547 U.S. at 81-82.

The 1995 Reform Act, however, produced certain "unintended consequence[s]" for securities class actions nationwide.  *Dabit*, 547 U.S. at 82.  "Rather than face the obstacles set in their path by

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   the Reform Act, plaintiffs and their representatives began bringing class actions under state law,

2   often in state court." *Id.*  To forestall this end run around federal securities laws, Congress enacted

3   SLUSA.  *Id.*  SLUSA embodies a rule of "complete preemption" that provides federal courts with

4   subject matter jurisdiction over, and compels the dismissal of, class actions asserting state law

5   theories of liability that arise "in connection with" the purchase or sale of covered securities. *See*

6   *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1128 (9th Cir. 2002) (SLUSA provides for "complete

7   preemption" of all state law class action claims within its ambit, including state law class action

8   claims for breach of contract and fraud asserted in connection with employee stock options); *Lander*

9   *v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107-08 (2d Cir. 2001) (SLUSA bars class action

10  claims for violations of state unfair trade practices statutes by purchasers of variable annuities); *In re*

11  *Edward Jones Holders Litigation*, 453 F.Supp.2d at 1214(SLUSA bars class action claims by mutual

12  fund investors alleging breach of covenant of good faith and fair dealing, unjust enrichment, and

13  violation of state statutes including Section 17200).  The statute's preemptive provision thus states in

14  pertinent part:

16       No covered class action based upon the statutory or common law of any State or
         subdivision thereof may be maintained in any State or Federal court by any private
17       party alleging-

18       (1)    an untrue statement or omission of a material fact in connection with the
19              purchase or sale of a covered security; or

20
21       (2)    that the defendant used or employed any manipulative or deceptive device or
                contrivance in connection with the purchase or sale of a covered security.

22
23  15 U.S.C. § 77p(b); *see also* 15 U.S.C. § 78bb(f)(1) (same).

24      Enforcement of SLUSA preemption does not leave any would-be plaintiff without a remedy.

25  Those plaintiffs who have *bona fide* claims under federal securities laws may bring those claims

26  consistent with the requirements of controlling law.  Alternately, SLUSA preempts only state law

27  claims that are brought as class actions or by more than fifty people.  *See* 15 U.S.C. § 78bb(f)(5)

28  (definition of a "covered class action").  SLUSA thus does not preempt an *individual*'s state law

remedies.  It is only large class action lawsuits that Congress sought to rein.  *Saxton*, 494 F.3d at 843-45 (SLUSA does not displace any area traditionally reserved to the states); *Wells Fargo Bank*, 159 Cal. App. 4th at 394 (SLUSA simply, but completely, preempts the use of the "class-action device").

        In keeping with the statute's unambiguous terms, SLUSA's preemption of state law based class actions does not turn on the label attached to, or the specific elements of, the causes of action alleged in a particular complaint.  SLUSA preemption instead applies whenever the statute's four-part test is satisfied. That is, with very limited exceptions not relevant here, SLUSA preemption applies any time a lawsuit: (1) is a "covered class action"; (2) asserts a claim based on state law; (3) involves a "covered security"; and (4) alleges that the defendant misrepresented or omitted a material fact or employed any deceptive or manipulative device or contrivance "in connection with the purchase or sale of such security."  *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1092 (11th Cir. 2002) (summarizing SLUSA's elements); *Saxton*, 494 F.3d at 843-44 (same); *see also Sofonia v. Principal Life Ins. Co.*, 465 F.3d 873, 876-77 (8th Cir. 2006) (same); *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F.Supp.2d 684, 690-91 (S.D.N.Y. 2006) (same) (citing *Dabit*, 547 U.S. at 82-83); *In re Edward Jones Holders Litigation*, 453 F.Supp.2d at 1214-17 (same).  When a complaint asserts class action claims that satisfy these criteria, the plaintiff may not maintain the class action and the complaint must be dismissed.  *Id.*; s*ee also Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006) ("If the action is precluded, … the proper course is to dismiss.").

### B.    Plaintiff's Allegations Involve A "Covered Class Action" Based On State Law And Involves The Purchase And Sale Of A "Covered Security."

        SLUSA's first three requirements are satisfied here.  Plaintiff's Complaint asserts a class action based on state law.  Compl. ¶¶ 40-51, 52-72, Prayer For Relief (asserting state law causes of action plaintiff and a putative nationwide class).  The Complaint also pleads a "covered class action"—*i.e.*, an action that seeks damages "on behalf of more than 50 persons or prospective class members," 15 U.S.C. § 78bb(f)(5)(B) (definition of a "covered class action").  Compl. ¶ 43 (putative class members number in the "thousands").  And lastly, the Complaint involves a "covered

security"—*i.e.*, shares of federally registered and nationally-traded mutual funds, 15 U.S.C.

§§ 78bb(f)(5)(E) and 77r(b)(2) (defining "covered securities" to include federally registered mutual

funds). Compl. ¶¶ 1, 3-6, 11, 24, 26, 30-39. *See, e.g., Kenneth Rothschild Trust*, 199 F.Supp.2d at

999-1000 (C.D. Cal. 2002) (SLUSA preempts state law claims concerning investments in shares of

money market mutual funds); *In re Edward Jones Holders Litigation*, 453 F.Supp.2d at 1214-17

(same where complaint accused brokers of steering investors to purchase and hold shares of certain

mutual funds); *Dommert v. Raymond James Fin. Servs., Inc.*, No. 1:06-cv-102, 2007 WL 1018234,

at **7-9 (E.D. Tex. Mar. 29, 2007) (enforcing SLUSA in case involving mutual funds).

**C.    Plaintiff's Allegations Involve Misstatements And Omissions
Of Material Facts And A Deceptive And Manipulative "Scheme"
By The Bank "In Connection" With The Purchase Of
Affiliated Mutual Fund Shares.**

SLUSA's fourth requirement is satisfied as well. The "gravamen" of Plaintiff's Complaint

involves false statements or omissions of material facts or deceptive or manipulative conduct by the

Bank "in connection with" the purchase or sale of shares of federally registered mutual funds.

Nothing more is needed under controlling law.

To begin with, the Complaint alleges that the Bank made "*statements*" and "*omissions*"

concerning material facts in furtherance of a "*scheme*" to "*force*" trust accounts to purchase shares of

Nations Funds. (Compl. ¶¶ 18-19, 59, 64) (emphasis added). The Complaint further alleges that the

Bank had an "irreconcilable" conflict of interest attributable to increased fees from trust assets

invested in affiliated mutual funds (thereby alleging implicitly that this alleged conflict was never

adequately disclosed to trust beneficiaries), and further alleges that the Bank failed to "*document*"

and make "*available*" to trust beneficiaries appropriate information about affiliated mutual fund

transactions, including information about the way in which the Bank handled its alleged conflict of

interest. (Compl. ¶¶ 24, 30-34, 35-36) (emphasis added).

The Complaint also alleges facts about the timing and substance of disclosures made by the

Bank to trust beneficiaries in connection with the investment of their trust assets in affiliated mutual

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

funds—clearly contending that the Bank's disclosures were designed to keep trust beneficiaries in the dark about the investments as long as possible and prevent trust beneficiaries from exercising their rights under trust agreements and state law.  Compl. ¶¶ 25, 53 (the Bank sent notice of Nations Funds investments only after investments were made and only through "periodic trust account statements").

And the Complaint repeatedly alleges that the Bank's conduct has been "willful" and "unlawful"—pleading terms that are mere euphemisms for express allegations of misstatements, omissions, and deceptive or manipulative conduct.  Fairly read, therefore, the gravamen of the Complaint describes a "scheme" "in connection with" the investment of trust assets in shares of Nations Funds that involves misstatements, omissions, and deceptive and manipulative conduct on the part of the Bank.

In six separate cases, federal and state courts have reviewed allegations analogous to those made here and held that SLUSA preempts state law class action claims for breach of fiduciary duties, unjust enrichment, and violation of state statutes brought in this *precise* context—*i.e.*, by trust beneficiaries alleging a "scheme" to invest trust assets in shares of affiliated or proprietary mutual funds. *See Spencer*, 2006 WL 3408043, at **2-9; *Siepel*, 239 F.R.D. at 567-72, *aff'd*, 526 F.3d. at 1126-28; *Rabin*, 2007 WL 2295795, at **5-8; *Kutten*, 2007 WL 2485001, at **3-8, *aff'd*, 530 F.3d at 669; *Segal*, 2008 WL 819290, at **3-7; and *Wells Fargo Bank*, 159 Cal. App. 4th at 385-94.

In fact, in two of these cases—*Siepel* and *Kutten*—the trust beneficiaries alleged the *exact* same "scheme" and asserted the *exact* same state law class action claims against the Bank that Plaintiff asserts in her Complaint.  Specifically, the plaintiffs in each of these cases alleged that, as trustee, the Bank had an irreconcilable conflict of interest concerning trust investments in Nations Funds and that the Bank devised a scheme to invest trust assets in shares of Nations Funds, resulting in "pervasive self-dealing."  *Kutten*, 2007 WL 2485001, at *1 (quoting from the *Kutten* plaintiffs' amended complaint), *aff'd*, 530 F.3d at 669-70; *Siepel*, 239 F.R.D. at 560-61, 567-72, *aff'd*, 526 F.3d. at 1126-28.  "The conversions purportedly 'allowed the bank to funnel the assets in its captive fiduciary accounts into shares of the Nations Funds [and] were carried out on a wholesale basis without giving consideration as to whether the Conversions were prudent and in the beneficiaries'

best interests.'" *Kutten*, 2007 WL 2485001, at *1 (quoting from the *Kutten* plaintiffs' amended

complaint), *aff'd*, 530 F.3d at 669-70; *Siepel*, 239 F.R.D. at 560-61, 567-72, *aff'd*, 526 F.3d. at 1126-

28 (same).

In both *Siepel* and *Kutten*, the court found that because the "crux" of the amended complaint

alleged misstatements and omissions and "deceptive" and "manipulative" conduct by the Bank as

part of a scheme to invest in affiliated mutual funds, it fell within SLUSA's ambit:

> [T]he class claims are framed as breach of fiduciary duty, unjust enrichment, breach
> of contract, and violations of state statutes. Nonetheless, the *crux* of the Amended
> Complaint is that Defendants engaged in self-dealing transactions and misrepresented
> or omitted material facts relating to those transactions … such as conflicts of interest
> and expenses related to the transfer.

*Kutten*, 2007 WL 2485001, at *4 (emphasis added) (finding allegations of omissions and

misrepresentations and a deceptive scheme to be an "implicit" part of plaintiffs' non-fraud state law

claims), *aff'd*, 530 F.3d at 669-70; *Siepel*, 239 F.R.D. at 567-72, *aff'd*, 526 F.3d. at 1126-28.  The

Eighth Circuit affirmed both of these rulings.  *Siepel*, 526 F.3d. at 1126-28; *Kutten*, 530 F.3d. at

669-70.  The Eighth Circuit's recent published decision in *Kutten* leaves no doubt that the gravamen

of allegations like Plaintiff's allegations here, attacking an alleged "plan" to "funnel" trust assets into

a mutual fund administered by a bank (or its affiliates) implicates misstatements, omissions, and

deception that trigger SLUSA.  *Kutten*, 530 F.3d at 669-70 (SLUSA applied notwithstanding

assertions that the complaint did not "'contain any allegations that facts were concealed'").

As also noted, four other federal and state courts have reached the same result in cases

brought by trust beneficiaries against other bank trustees.  *See Spencer*, 2006 WL 3408043, at **2-7;

*Rabin*, 2007 WL 2295795, at **5-8; *Wells Fargo Bank, N.A.*, 159 Cal. App. 4th at 385-94 (a case

brought by the same attorneys representing Plaintiff here); and *Segal*, 2008 WL 819290 at **3-7.

In each of these cases, trust beneficiaries alleged a scheme by a bank trustee to invest trust assets in

affiliated mutual funds that implicated misstatements, omissions, and deceptive or manipulative

conduct, and the beneficiaries asserted state law class action claims for breach of fiduciary duties of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    loyalty and care in investing, unjust enrichment, and other non-fraud violations of state law.  In each

2    case, the court ruled that plaintiff's claims were subject to dismissal based on SLUSA.[3]

3         The analysis in *Segal*, 2008 WL 819290, at ** 3-7, is illustrative in showing SLUSA's

4    preemptive reach in this case.  There, plaintiffs attempted to evade SLUSA by omitting the words

5    "misrepresentation" and "omission" and expressly alleging that their state law class action claims for

6    breach of contract and fiduciary duty were "not based upon any misrepresentation, or failure to

7    disclose, or fraudulent scheme."  *Id.* at **3-4.  Consistent with the controlling law, however, the

8    court looked beyond the plaintiff's artful allegations to the substance of their pleading.  The court

9    found plaintiffs' claims were preempted by SLUSA because the gravamen of the complaint reflected

10    precisely the kind of misrepresentations, omissions, and deceptive and manipulative conduct that

11    SLUSA was enacted to preempt:

12         The fact that Plaintiffs avoid using the words "misrepresentation" and "omission"
         does not control the result. It is clear that the court can and should disregard the
13         particular labels or titles Plaintiffs may affix to their claims when determining if
         SLUSA precludes those claims. It is the substance of the allegations about the
14         defendants' conduct that is key to this determination.
15         …
         Here, … Plaintiffs allege that increased account fees resulted from Defendants'
16         "asset allocation" decisions (¶ 7); that the bank enriched itself by making those
         "asset allocations" (¶ 9); and that the Bank engaged in self-dealing by investing in its
17         proprietary funds rather than "independently analyz[ing] and monitor[ing] trust
         assets."(¶ 14)
18

19    *Id.* at *4 (emphasis added).  In the words of the *Segal* Court, "[w]hatever the state law mold these

20    allegations may also fit, it is inescapable that the key conduct underlying all the claims is the Bank's

21    _____

22    [3]    The decision in *Beary v. ING Life Ins. & Annuity Co.*, 520 F.Supp.2d 356 (D. Conn. 2007),
      does not cast doubt on the application of SLUSA to Plaintiff's Complaint.  To begin with, *Beary*
23    involved factual allegations and claims different than those alleged in *Siepel*, *Kutten*, and the other
      cases cited above and very different from the allegations made here, which do expressly attack the
24    Bank's alleged "statements," "omissions," failures to disclose, and other deceptive and manipulative
      conduct.  Second, *Beary* never addressed the wealth of authority which prohibits artful pleading to
25    try to avoid SLUSA preemptions.  *See* pp. 16-18 below (discussing the prohibition on artful
      pleading).  Indeed, in *Beary*, the court had no occasion to carefully scrutinize the complaint to
26    determine whether its gravamen concerned a deceptive scheme triggering SLUSA; plaintiff's own
      complaint and concessions at oral argument meant that the complaint failed to state a claim under
27    state trust law and therefore had to be dismissed regardless of whether SLUSA applied.  *Id.*

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

misrepresentations or omissions about, or deceptive scheme involving, the Bank's purchase of its proprietary mutual funds with fiduciary assets. All of the class allegations of self-dealing, breach of duty, or unjust enrichment, flow from that central fact. While the alleged misconduct may have breached a contract or a fiduciary duty, it is also a 'quintessential example of a fraudulent omission of a material fact under the federal securities laws.'" *Id.*

Here, the required careful scrutiny applied to the Complaint's substance shows that it is attacking the same transactions and the same scheme as alleged in *Siepel*, *Kutten*, *Segal* and the other cases cited above. *See* pp. 11-13 above.   The allegations of self-dealing and conflict of interest and omission thus reflect the "quintessential" deceptive scheme that SLUSA was enacted to preempt. For this reason alone, the Complaint should be dismissed.

> **D.     Plaintiff's Allegations That The Bank Charged Excessive Fees**
> **In Connection With Affiliated Mutual Fund Investments Support**
> **The Conclusion That SLUSA Preempts Her Claims.**

Plaintiff also alleges repeatedly that the Bank and its affiliates charged excessive and improper fees for mutual fund management and other services.  Compl. ¶¶  3, 24, 26-28, 30-34. Numerous courts have found that a claim for excessive fees in connection with the purchase or sale of a security involves a claim of misrepresentation, omission or deceptive or manipulative conduct, triggering SLUSA preemption.  *Behlen*, 311 F.3d at 1094; *Dudek*, 295 F.3d at 878-79; *Beckett v. Mellon Investor Servs., LLC*, No. 06 5245, 2006 WL 3249189, at **2-3 (W.D. Wash. Nov. 8, 2006) (finding that plaintiffs' claim that defendant charged excessive fees was preempted by SLUSA even where the complaint contained "no explicit reference to any fraudulent activity such as a misrepresentation or omission of material fact"); *In re Salomon Smith Barney Mutual Fund Fees Litig.*, 441 F. Supp. 2d 579, 603-04 (S.D.N.Y. 2006) (finding plaintiff's attempt to distinguish between misrepresentations and omissions connected with the purchase of securities and an assessment of purportedly improper fees unavailing); *Dommert*, 2007 WL 1018234, at *11 (finding SLUSA preemption where plaintiff alleged claims for undisclosed conflicts of interest and excessive fees).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    In *Dudek*, for example, the plaintiffs alleged that annuities were improper investments

2    because of excessive fees and argued that their claims were not preempted by SLUSA because "they

3    were based upon the defendants['] excessive fees rather than misconduct 'in connection with' the

4    sale of securities." *Behlen*, 311 F.3d at 1094 (summarizing *Dudek*, 295 F.3d at 878).  The *Dudek*

5    Court rejected the argument that the plaintiffs' complaint had nothing to do with misstatements,

6    omissions, or deceptive or manipulative conduct.  The court instead found that the gravamen of the

7    plaintiffs' complaint "involved an untrue statement or substantive omission of a material fact in

8    connection with the purchase or sale of a covered security." *Behlen*, 311 F.3d at 1094 (quoting

9    *Dudek*, 295 F.3d at 879 (internal quotation marks omitted)); *see also Beckett*, 2006 WL 3249189, at

10   *4 ("Claims that investment advisors breached fiduciary duties in charging unauthorized fees have

11   been held to necessarily coincide with the sale or purchase of securities and are based in part on

12   material omissions or the misrepresentations concerning the fees," even where plaintiff does not

13   plead omission or misrepresentation).[4]

14   Similarly, in *Horattas v. Citigroup Financial Markets Inc.*, 532 F.Supp.2d 891(W.D. Mich.

15   2007), defendants were charged with mismanaging two trust accounts by selling mutual funds and

16   other covered securities held in the trusts and misappropriating trust assets.  The Court held that

17   SLUSA encompassed the claims.  *Id.* at 897-903.   The "presence of allegations of negligent

18   management of the securities or imprudent investment of the trust funds cannot help [a plaintiff]

19   escape the broad preemptive bar of SLUSA[.]"  *Horattas*, 532 F.Supp.2d at 903; *see also Spencer*,

20   2006 WL 3408043, at **2-7  (allegations about mutual fund fees and expenses and claims for

21   restitution of said fees and expenses function in a complaint to "connect" state law claims for breach

22   of contract and breach of fiduciary duties to deceptive scheme to invest in mutual funds).

23   The above reasoning should have the same force and effect here.  As *Dudek* and the related

24   cases make clear, Plaintiff's allegations about the excessiveness of affiliated mutual fund fees

25   ───────────────

26   4    The application of SLUSA to state law claims challenging excessive fees and expenses is not surprising.  The disclosure of fees associated with mutual fund investments is an area comprehensively regulated by federal securities laws. *See Press v. Quick & Reilly, Inc.*, 218 F.3d

27   121, 131-32 (2d Cir. 2000) (dismissing federal securities claims challenging disclosures about fees associated with money market mutual funds).

28

necessarily and implicitly charge the Bank with untrue statements, omissions, or deceptive or manipulative conduct in connection with the purchase and sale of covered securities.  SLUSA's preemptive effect is triggered by these allegations as well.

**E.    Plaintiff's Allegations Satisfy All The Elements Of SLUSA Preemption, And Her Complaint Is A Failed Attempt At Artful Pleading That Will Not Evade SLUSA.**

In the wake of adverse rulings in cases challenging investments by a trustee in affiliated mutual funds, Plaintiff artfully has drafted her Complaint to (1) minimize the use of "buzz" words like "misstatement," "omission," or "deception," (2) avoid express references to the extensive disclosures that the Bank made to Plaintiff and other trust beneficiaries in connection with the investment of trust assets in Nations Funds, and (3) omit claims for breach of duty of disclosure, and fraud.  In this respect, her Complaint is an improper attempt to evade SLUSA through artful pleading and her class action allegations can be dismissed for this reason also.

As many courts have held, a plaintiff may not "plead around" SLUSA by avoiding direct references to misrepresentations and omissions or the deceptive or manipulative aspects of an alleged scheme or by asserting only non-fraud state law claims.  *See, e.g.*, *In re Edward Jones Holders Litigation*, 453 F.Supp.2d at 1215 (a court must "'strictly scrutinize[] complaints … in order to prevent artful drafting from circumventing SLUSA preemption'") (quoting *Rowinski*, 398 F.3d at 301); *Saxton*, 494 F.3d at 834-45 (SLUSA applied even after plaintiff filed post-removal amended complaint deliberately designed to evade SLUSA and effect a remand to state court).[5]  While a complaint "facially" may assert non-fraud state law claims and studiously avoid express use of words like "misstatement," "omission," or "deception" and express references to non-disclosures,

---

[5]    *See also Behlen*, 311 F.3d at 1095 (SLUSA applied, notwithstanding plaintiff's attempt to sanitize the complaint of references to misstatements, omissions, and deceptive and manipulative conduct); *Dudek*, 295 F.3d at 879-80 (SLUSA applied, notwithstanding plaintiff's attempt to delete allegations of fraud, misrepresentation, and omission); *In re Edward Jones Holders Litigation,* 453 F.Supp.2d at 1215; *Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 377, 384 (E.D.N.Y. 2002) ("The plaintiff argues that he may avoid SLUSA by omitting the allegations of fraud in the amended complaint.  The Court disagrees.").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

"the question is whether plaintiffs are engaging in artful pleading to disguise substantive allegations that [a defendant] engaged in '[a] misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security,' as those words are used in SLUSA, 15 U.S.C. § 78bb(f)(1)." *Felton*, 429 F.Supp.2d at 692-93 (footnotes omitted); *see also Kurz v. Fidelity Management & Research Co.*, No. 07-cv-709, 2008 WL 2397582, at *3 (S.D. Ill. June 10, 2008) (SLUSA applied notwithstanding the fact that plaintiff's complaint "scrupulously" avoided the buzz words of "fraud, misrepresentation, or omission," and included "a paragraph specifically disclaiming any such allegations").

In this case, Plaintiff's attempt at evasion is transparent. She is attacking the *exact* same scheme and asserting the *exact* same state law class actions claims as *Siepel* and *Kutten*. Counsel has simply used a word processor to delete direct references to the Bank's alleged "misstatements," "omissions," and failures to disclose, as well as references to the content of disclosures actually provided to trust beneficiaries. But that sort of editing does not change the "crux" or "gravamen" of a plaintiff's allegations or claims or avoid SLUSA's preemptive bar. *See Felton*, 429 F.Supp.2d at 693; *Siepel*, 239 F.R.D. at 570-72 (denying leave to amend where amended complaint simply aimed to "mask" allegations of misrepresentations and omissions and thus was improper and futile), *aff'd*, 526 F.3d. at 1127-28 (8th Cir. 2008); *Kutten*, 2007 WL 2485001, at **4-8 (addressing same claims raised herein and rejecting the argument that SLUSA did not apply because allegations of fraud, misrepresentations, omissions, and deception were "ancillary" to breach of fiduciary duty claims), *aff'd*, 530 F.3d. at 669-70; *Segal*, 2008 WL 819290, at *4 (finding SLUSA preemption despite plaintiff's assertions that she was not bringing claims based upon misrepresentations, omissions, or failure to disclose in connection with the purchase of securities at issue); *Dommert*, 2007 WL 1018234, at **7-8 (same).

*Kurz*, 2008 WL 2397582, at *3, is the most recent example of a failed attempt to plead around SLUSA by avoiding direct references to misrepresentations and omissions or the deceptive or manipulative aspects of an alleged scheme. There, former investors in investment portfolios managed by two investment advisers claimed that the advisers breached the "best execution" provisions contained in contractual agreements governing the purchase and sale of securities held in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

their investment portfolios.  *Id.*  The complaint asserted a single count for breach of contract; "scrupulously" avoided the buzz words of "fraud, misrepresentation, or omission;" and included "a paragraph specifically disclaiming any such allegations."  *Id.* The court, however, disregarded this artful pleading and found that the gravamen (or "gist") of the complaint alleged misrepresentations, omissions, and deceptive and manipulative conduct on the part of the defendants in connection with the purchase or sale of securities held in plaintiff's investment portfolios.  "This is not a simple breach of contract claim … [The defendant advisers allegedly] had a conflict of interest which they failed to disclose to their clients, including Plaintiffs.  The allegations of the Complaint amount to allegations of 'untrue statements or omissions of material fact,' no matter that Plaintiffs have gone to pains to disguise it as a breach of contract claim."  *Id.* at *4.  Once again, therefore, the result compelled by controlling law is clear.  Plaintiff cannot avoid SLUSA's preemptive effect by sanitizing her Complaint of allegations that would properly bring her claims within the statute.  The Complaint is subject to dismissal for this independent reason as well.

## V.    CONCLUSION

From any perspective one adopts, Plaintiff's class-wide allegations and claims must be dismissed consistent with SLUSA's express provisions and the case law construing them.  Whether one looks to Plaintiff's affirmative allegations of a deceptive and manipulative scheme, her allegations of excessive mutual fund fees, or her attempt at artful pleading, the result is the same.  The gravamen of the Complaint falls within SLUSA's ambit and dismissal is required under directly applicable law.

Respectfully submitted,

DATED:  July 23, 2008          REED SMITH LLP


By /s/_____
        Mary J. Hackett
        David S. Reidy
        Attorneys for Defendants
        Bank of America, N.A. and
        Bank of America Corporation