1  Mary J. Hackett
   mhackett@reedsmith.com
2  Sharon L. Rusnak
   srusnak@reedsmith.com
3  REED SMITH LLP
   435 Sixth Avenue
4  Pittsburgh, PA  15219-1886
   Telephone:    (412) 288-3131
5  Facsimile:    (412) 288-3063

6  David S. Reidy
   dreidy@reedsmith.com
7  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
8  San Francisco, CA  94111-3922
   Telephone:    (415) 543-8700
9  Facsimile:    (415) 391-8269

10 Attorneys for Defendant Bank of America,
   N.A. and Bank of America Corporation

Gilmur R. Murray (SBN 111856)
gmurray@murrayhowardlaw.com
Derek G. Howard (SBN 118082)
dhoward@murrayhowardlaw.com
MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, California 94612
Telephone: (510) 444-2660
Facsimile: (510) 444-2522

Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Niall P. McCarthy (SBN 160175)
nmccarthy@cpmlegal.com
Laura Schlichtmann (SBN 169699)
lschlichtmann@cpmlegal.com
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, An Individual, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., and BANK OF AMERICA CORPORATION,<br><br>Defendant. | Case No.: CV 08 2705 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

## JOINT CASE MANAGEMENT STATEMENT

In accordance with Civil Local Rule 16-9 and Court's Civil Standing Orders, the parties hereby submit this Joint Case Management Conference Statement in advance of the Initial Case Management Conference scheduled for September 12, 2008 at 1:30 p.m.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1. **Jurisdiction and Service**

Plaintiff's Position:  Jurisdiction is based on 28 U.S.C. §1332(d) (CAFA) and 28 U.S.C. §1367.  No issues exist with regard to personal jurisdiction or venue.  The two Defendants have been served.

Defendants' Position:  The Court has subject matter jurisdiction in this case pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f).  Defendants have moved to dismiss Plaintiff's claims as preempted by SLUSA.  Numerous courts have dismissed claims almost identical to the ones brought by Plaintiff here on SLUSA grounds. *See Siepel v. Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008); *Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-cv-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007); *Kutten v. Bank of America, N.A.*, No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007), *aff'd*, 530 F.3d 669 (8th Cir. 2008); *Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008), *appeal pending*; and *Wells Fargo Bank, N.A. v. Superior Court of San Francisco County*, 159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008).  If the Court does not dismiss Plaintiff's claims as preempted by SLUSA, then the Court lacks jurisdiction to hear this matter under CAFA.

2. **Facts:**  In this putative class action, Plaintiff challenges Bank of America, N.A.'s (the "Bank's") alleged ongoing pattern of investing assets of personal trusts for which it is the trustee in its own proprietary mutual funds rather than investing in allegedly superior, lower-cost, and better-known third-party funds.  Plaintiff contends that Defendants' practices constitute ongoing breaches of the corporate trustee's duty of prudent investment and duty of loyalty, including the Prudent Investor Rule.  Defendants contend, among other things, that the investments, including fees, terms and affiliated relationships, are fully disclosed and authorized by law and by the Plaintiff's trust instrument and that its trust officers select investments from a wide variety of options, as the Stoody trust investments reflect.

The Complaint asserts claims under California law for breach of trust (prudent investing), breach of the trustee's duty of loyalty, unjust enrichment, and violation of Section 17200 of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  California's Business and Professional Code. The third cause of action alleges that Defendant Bank

2  of America Corporation aided and abetted the Bank's alleged breach of fiduciary duty.

3    The Complaint was filed on March 29, 2008. Plaintiff agreed to Defendants' request for a

4  30-day extension to file their responsive pleading. Defendants filed a motion to dismiss on July 23,

5  2008, set for hearing on October 31, 2008. Plaintiff received an extension for her opposition to

6  September 5, 2008, and Defendants' reply is to be filed on October 3, 2008.

7

8  **3. Legal Issues:**

9    <u>Plaintiff's Position</u>: Defendants have filed a motion to dismiss contending that SLUSA

10  precludes a state-law class action based on the allegations in the Complaint. Assuming that the

11  Court denies this motion, class certification will center on whether Defendants' actions or failures to

12  act are uniform as to the alleged nationwide and California classes. Common questions of law and

13  fact include whether the Bank's corporate policies and practice—failing to invest trust assets in

14  better-performing nonaffiliated mutual funds and, instead, investing in its own less well-performing

15  funds from which the Bank receives fees and proceeds—have violated a trustee's duties of prudent

16  investment as well as other aspects of California law.

17    <u>Defendants' Position</u>: Legal issues include, but are not limited to:

18     a. Whether Plaintiff's class claims are preempted by SLUSA, 15 U.S.C. §

19  78bb(f), and should be dismissed.

20     b. Whether federal and California law authorized the investments for Plaintiff's

21  trust. *See* Cal. Fin. Code § 1561.1(b) (expressly authorizing affiliated mutual fund investments).

22     c. Whether the Bank complied with the duty of candor and loyalty with respect

23  to the mutual fund investments via the many communications its employees had with the

24  beneficiaries for the trust at issue, including communications via letters, prospectuses, meetings,

25  account statements and summaries, and telephone calls.

26     c. Whether the trust instrument at issue expressly authorized the investments

27  challenged here and no term was breached.

28

d.     Whether Plaintiff's trust has suffered any damage given the many fee waivers and credits provided to the trust and the positive investment performance of the trust assets.

f.     Whether Plaintiff's trust assets were well diversified in cash, equity and mutual fund investments, yielding significant, positive returns and negating any claim that the Bank had a purported "policy" of investing trust assets in affiliated mutual funds.

g.     Where Plaintiff's trust was charged only the fees permitted under federal and state law, whether Plaintiff's trust did provide a "benefit" to Defendants which was unjust for Defendants to retain.

h.     Whether Plaintiff's trust provided any benefit to Bank of America Corporation, the Bank's grandparent company, which had no relationship of any kind and where Plaintiff's trust did not pay any fees to the Corporation.

i.     Whether the investment decisions for the trust at issue, including extensive, diversified investments, in stocks, bonds, mutual funds and many other investments, were "prudent" under California law and the trust instrument. *See* Cal Prob. Code § 16047(a) (requiring a trustee to invest and manage trust assets as a "prudent investor")

j.     Whether Plaintiff's claims are barred by consent, ratification and statute of limitations, given the notice provided to Plaintiff and the fact that Plaintiff's trust has been invested in the challenged investments for many years.

k.     Whether the individual issues relating to Plaintiff's trust and the investment of trust assets make this case inappropriate for class treatment under Federal Civil Rule 23.

l.     Whether Bank of America Corporation aided and abetted the Bank's alleged breach of fiduciary duty despite having no participation in the investment decisions for Plaintiff's trust and having no relationship of any kind with Plaintiff's trust.

4.     **Motions:** Defendants filed a motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). If the Court does not grant the motion to dismiss based upon SLUSA preemption, Defendants will file a motion for judgment on the pleadings for lack of subject matter jurisdiction. If the litigation moves forward, Plaintiff plans to move for class certification, and may

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

move for summary judgment. Defendants will also move for summary judgment on numerous

grounds including but not limited to consent and ratification given the notice provided to Plaintiff for

the mutual fund investments. *See Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605 (S.D.N.Y.

2006) (dismissing similar allegations based upon consent, ratification and statute of limitations),

*vacating dismissal decision on jurisdictional grounds*, 2007 WL 4103680 (2d Cir. Nov. 19, 2007).

**5.    Amendment of Pleadings:**  Plaintiff does not anticipate adding any further parties.

**6.    Evidence Preservation:**

Plaintiff has sent an electronically stored information ("ESI") preservation letter to Defendants.

While Defendants did not respond in writing, the parties have spoken about the scope of ESI

preservation and are in the process of implementing measures to preserve evidence relevant to the

issues in this action.

**7.    Disclosures:**  The parties have met and conferred on the issue of disclosures, and will serve

their initial disclosures pursuant to Federal Rule of Civil Procedure 26 contemporaneously with this

Joint Case Management Statement.

**8.    Discovery:**

Plaintiff's Position:  The parties have preliminarily discussed discovery and preparation of a

discovery plan. Defendants have advised Plaintiff that it is their position that discovery is stayed

under SLUSA. The Plaintiff does not agree that the filing of a motion to dismiss under SLUSA

automatically stays discovery. Plaintiff will brief the issue if the Court so requests. The parties

anticipate, however, based on discussions to date, that they will be able to reach an agreement on a

discovery plan once the Defendants either agree to produce discovery or are ordered to do so by the

Court.

Defendants' Position:  It is Defendants' position that all discovery in this case is stayed

pursuant to the automatic stay provision set forth in the Private Securities Litigation Reform Act of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   1995 ("PLSRA") and SLUSA. *See* 15 U.S.C. §§ 77z-1(b), 78u-4(b)(3). Numerous courts have

2   stayed discovery in almost identical actions based on this automatic discovery stay. In <u>Siepel v.</u>

3   <u>Bank of America</u>, 239 F.R.D. 558 and <u>Kutten v. Bank of America, N.A.</u>, Case No. 06-CV-0937

4   (E.D. Mo.), the court ordered a stay of all discovery pending resolution of defendants' motions to

5   dismiss. <u>See</u> Siepel, 239 F.R.D. at 571 (in opinion dismissing the case, court noted that defendants'

6   motion to stay discovery was granted on the record on November 16, 2006); *see also Spencer v.*

7   *Wachovia Bank*, Case No. 05-81016, (S.D. Fla.) (Docket Entry 25) (staying discovery until motion

8   to dismiss resolved).

9

10   **9.      Class Actions:**

11   <u>Plaintiff's Position</u>:  Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure,

12   Plaintiff brings this action on her own behalf and on behalf of the following proposed Nationwide

13   Class:

14   All persons (and their successors) who are or were beneficiaries of personal trusts
     whose principal and/or income is or was managed by the Bank as a corporate
15   trustee, and assets of which the Bank invested in Columbia Funds mutual funds at
     any time from 1998 to the present.
16

17   In addition, Plaintiff brings this action on her own behalf and on behalf of the following

18   proposed California Subclass:

19   All persons (and their successors) who are or were beneficiaries of personal
     trusts whose principal and/or income is or was managed by the Bank as a
20   corporate trustee in California, and assets of which the Bank invested in
     Columbia Funds mutual funds at any time from 1998 to the present. This class
21   includes all beneficiaries of personal trusts, like Plaintiff, to whom the Bank
     disseminated its "California Disclosures to Beneficiaries."
22

23   Excluded from the class and subclass are Defendants and their subsidiaries, directors, employees,

24   agents, attorneys, accountants, and consultants.

25   Plaintiff Ellen Stoody-Broser is a beneficiary of a trust administered by the Bank.  She is a

26   representative of the class in that her trust has been subject to the common practice of the

27   Defendants which are alleged in the Complaint.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Assuming that proper discovery moves forward, Plaintiffs will be able to file a motion for

2  class certification within five months after the pleadings are finalized.

3    Defendants' Position:  Defendants' position is that this case cannot be certified as a class

4  action under Federal Civil Rule 23.  Numerous individual issues exist relating to Plaintiff's trust, as

5  well as the trust of each putative class member, including among other things, the legal issues noted

6  above in Section 3.

7

8  **10.    Related Cases:**  The parties are not aware at this time of any related cases, as defined by the

9  local rules, pending in this Court.

10

11  **11.    Relief:**

12    Plaintiff's Position:  The class action complaint includes claims for declaratory relief,

13  damages, restitution, and injunctive relief.  Plaintiff contends that thousands of trusts are affected

14  and that damages are in the millions of dollars. California law, as well as trust law in general, allows

15  for alternative recoveries at the election of the beneficiary and with Court approval.  California

16  Probate Code §§ 16440-16442 specifically allow for compensatory, restitutionary, and punitive

17  damages.  The definitive Ninth Circuit case law on the alternative damage theories may be found in

18  *Nickel v. Bank of America National Trust and Savings Association*, 290 F.3d 1134 (9th Cir. 2002).

19  In *Nickel,* the Ninth Circuit held that the appropriate class remedy was disgorgement of fees taken by

20  the trustee, Bank of America.  Under California Probate Code §16440(a)(3), the class of

21  beneficiaries would be able to seek an alternative remedy of lost investment opportunities, measured

22  by fee overcharges and underperformance, resulting from the investment of assets in the conflicted

23  mutual funds.

24    Defendants' Position:  If Plaintiff's claims are dismissed, Defendants are entitled to recover

25  their attorneys' fees and costs as other courts have so ordered.

26

27  **12.    Settlement and ADR:**  The parties have agreed to private ADR to be conducted within the

28  next 90 days.

**13.    Consent to Magistrate Judge For All Purposes:**  The parties do not consent to a Magistrate Judge conducting all further proceedings.

**14.    Other References:**  Presently, the parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

Plaintiff's position:  Plaintiff is not aware at this time of opportunities for narrowing any major issues.

Defendants' position:  Defendants do believe the issues in this case can be narrowed by agreement or by motion.

**16.    Expedited Schedule:**  Presently, the parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling:**

Plaintiff's Position:  There is no basis for a stay of discovery.  Nevertheless, Defendants refuse to provide any discovery even if Plaintiff propounds it.  Until such time as the Court rules on the motion to dismiss and a discovery plan is agreed upon, it is premature to set further motions, a discovery cut-off, or the trial date.

Defendants' Position:  Because discovery in this case is automatically stayed pursuant to the PLSRA and SLUSA, Defendant's position is that the Court should not enter a scheduling order until after it is determined whether Plaintiff's claims survive Defendant's motion to dismiss.  If the Court disagrees, Defendants believe the parties can agree upon a schedule.

**18.    Trial:**

Plaintiff's Position:  Plaintiff has demanded a jury trial. Estimated time is four weeks.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendants' Position: Defendants' position is that it is too early to estimate the length of trial

2    because, among other things, the Court has not yet determined whether the case will proceed as a

3    class action on any issue or claim.

4

5    **19.    Disclosure of Non-party Interested Entities or Persons:**

6    Plaintiff's Position: Plaintiff filed a Certificate of Interested Entities as required by Local

7    Rule 3-16 on July 8, 2008 (Docket No. 13). Plaintiff is unaware of any non-party persons (apart

8    from members of the putative class), firms, partnerships, corporations (including parent

9    corporations), or other entities that have either: (i) a financial interest in the subject matter in

10   controversy or in a party to the proceeding; or (ii) any other kind of interest that could be

11   substantially affected by the outcome of this proceeding.

12   Defendants' Position: Defendants filed the Certification of Interested Entities or Persons

13   required by Civil L.R. 3-16 on September 2, 2008 (Docket No. 32). Defendants are unaware of non-

14   party interested entities or persons.

15

16   **20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this**

17   **matter:** None at this time.

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

REED SMITH LLP                                    MURRAY & HOWARD, LLP

By: /s/ Mary J. Hackett                           By: /s/ Derek G. Howard

Mary J. Hackett                                   Gilmur R. Murray (SBN 111856)
mhackett@reedsmith.com                            gmurray@murrayhowardlaw.com
Sharon L. Rusnak                                  Derek G. Howard (SBN 118082)
srusnak@reedsmith.com                             syundt@murrayhowardlaw.com
REED SMITH LLP                                    MURRAY & HOWARD, LLP
435 Sixth Avenue                                  436 14th Street, Suite 1413
Pittsburgh, PA  15219-1886                         Oakland, California 94612
Telephone: (412) 288-3131                         Telephone: (510) 444-2660
Facsimile: (412) 288-3063                         Facsimile: (510) 444-2522

David S. Reidy                                    Joseph W. Cotchett (SBN 36324)
dreidy@reedsmith.com                              jcotchett@cpmlegal.com
REED SMITH LLP                                    Niall P. McCarthy (SBN 160175)
Two Embarcadero Center, Suite 2000                 nmccarthy@cpmlegal.com
San Francisco, CA  94111-3922                      Laura Schlichtmann (SBN 169699)
Telephone: (415) 543-8700                         lschlichtmann@cpmlegal.com
Facsimile: (415) 391-8269                         COTCHETT, PITRE & MCCARTHY
                                                  840 Malcolm Road, Suite 200
Attorneys for Defendant,                          Burlingame, California 94010
Bank of America, N.A. and                         Telephone: (650) 697-6000
Bank of America Corporation                       Facsimile: (650) 697-0577

                                                  Attorneys for Plaintiff and the Class