Gilmur R. Murray (SBN 111856)
gmurray@murrayhowardlaw.com
Derek G. Howard (SBN 118082)
dhoward@murrayhowardlaw.com
**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, California 94612
Telephone:    (510) 444-2660
Facsimile:    (510) 444-2522

Joseph W. Cotchett (SBN 36324)
jcotchett@cpmlegal.com
Niall P. McCarthy (SBN 160175)
nmccarthy@cpmlegal.com
Laura Schlichtmann (SBN 169699)
lschlichtmann@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

*Attorneys for Plaintiff and the Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER , an Individual, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BANK OF AMERICA, N.A., and BANK OF AMERICA CORPORATION<br><br>                    Defendants. | Case No. 08-2705<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br>Date:      October 31, 2008<br>Time:     9:00a.m.<br>Place:    Courtroom 2, 17th Floor<br><br>Complaint Filed:  May 29, 2008<br><br>Honorable Jeffrey S. White |

**MURRAY & HOWARD, LLP**
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

# TABLE OF CONTENTS

Page(s):

SUMMARY OF ARGUMENT

I.    INTRODUCTION.....................................................................................1

II.   SLUSA DOES NOT APPLY HERE SINCE THE COMPLAINT ALLEGES ONLY
      CLAIMS FOR BREACH OF THE TRUSTEE'S FIDUCIARY DUTIES TO INVEST
      THE TRUST ASSETS. THERE ARE NO CLAIMS BASED ON
      MISREPRESENTATIONS OR OMISSIONS OF MATERIAL FACT OR OTHER
      DECEPTIVE OR MANIPULATIVE CONDUCT...................................4

      A.    The Bank's Argument that Plaintiff's Claims Are Based on
            Misrepresentations, Omissions, or Other Deceptive Conduct Is False.
            The Motion Relies on Distortions of the Actual Allegations.......................4

            1.    *The Complaint does not allege "'omissions' of material fact"*.................4

            2.    *There are no allegations complaining about the timing of the Bank's
                  disclosures*..............................................................................5

            3.    *The Complaint does not allege that the Bank improperly "failed to
                  document and make available to trust beneficiaries" appropriate
                  information about mutual funds*.................................................6

            4.    *The Complaint does not contain allegations about "statements" made <u>to
                  beneficiaries</u>*..........................................................................7

            5.    *The Complaint does not allege a "Scheme" to defraud*.........................7

            6.    *The Complaint's one and only allegation referring to the "forced"
                  sale of the proprietary mutual funds is not an allegation of
                  misrepresentations or omissions or any other deceptive conduct*...............7

      B.    Misrepresentations or Omissions of Material Fact or Other Deceptive Conduct
            Are the Not the "Gravamen" or "Essence" of Plaintiff's Claims Here.................8

      C.    As the Bank's Own Counsel Have Acknowledged in Published Articles,
            Rather Than Immunizing the Bank's Investment in Proprietary Mutual Funds,
            the Law Requires that a Trustee's Investments in Proprietary Mutual Funds
            Comply with the Prudent Investor Rule and the Trustee's Duty to Invest
            Solely in the Interests of the Trust Beneficiaries..........................................10

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

i
TABLE OF CONTENTS
Case No. 08-2705 JSW

D.  *Siepel, Kutten, Richtenburg* and the Other Cases Relied on by the Bank Are
    Not on Point Because They Expressly Alleged Misrepresentations or
    Omissions of Material Fact, and Asserted Federal Securities Law or
    Common Law Fraud Claims that Are Expressly Premised on Deception……....…....11

E.  The Complaint Does Not Allege or Depend Upon "Manipulative"
    Conduct, a Term of Art Under SLUSA and the Securities Laws……………...….…14

III.  THE SLUSA "IN CONNECTION WITH" REQUIREMENT IS NOT
      SATISFIED………………………………………………………………....…..15

IV.  NEITHER THE PURPOSES UNDERLYING SLUSA NOR ANY OTHER
     FEDERAL INTEREST WOULD BE SERVED BY PRECLUDING CLASS
     ACTIONS ASSERTING BENEFICIARY CLAIMS AGAINST TRUSTEES
     FOR BREACH OF TRUST, AN AREA THAT IS QUINTESSENTIALLY
     A MATTER OF STATE LAW…………………………...……………………….…...19

V.  CONCLUSION……………………………………………………………....…..20

**TABLE OF CONTENTS**
Case No. 08-2705 JSW

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA. 94612
Tel. (510) 444-2660
Fax (510) 444-2522

# TABLE OF AUTHORITIES:

**Cases**                                                                                          **Page(s):**

*Ambassador Hotel Company, LTD v. Wei-Chuan Investment,*
    189 F.3d 1017, 1026-1027 (9th Cir. 1999)……………………….………………16

*Blaney v. Florida Nat'l Bk.*
    357 F.5d 27, 30 (5th Cir. 1966)

*Britt v. Cyril Bath Company,*
    417 F.2d 433, 435 (6th Cir. 1969)………………………………….…….…...16

*Buffo v. Graddick,*
    742 F.2d 592, 596 (11th Cir. 1984)……………………………………………..16

*Craig v. First American Capital Resources, Inc.,*
    740 F. Supp. 530, 535 (N.D. Ill. 1990)…………………………..……...16, 17

*Estate of Talbot,*
    141 Cal. App. 2d 309, 317 (1956)……………………………………..……….2

*Hackford v. First Security Bank of Utah,*
    521 F.Supp. 541, 549-552 (D.Utah 1981)……………………………….…..18

*In Re Ames Department Stores Inc. Stock Litigation,*
    991 F.2d 953, 964-965 (2d Cir. 1992)………………………………………16

*In re Fidelity Bank Trust Fee Litigation,*
    839 F.Supp 318, 325 (E.D. Pa., 1993)…………………………...…………19

*In Re Financial Corporation of America Shareholder Litigation,*
    796 F2.d  1126, 1129-1130 (9th Cir. 1986)………………………..……………...16

*Ketchum v. Green,*
    557 F.2d 1022, 1029 (3d Cir. 1977)……………………………………………16

*Kutten v. Bank of America, N.A.*
    No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007),
    aff'd, 530 F.3d 669 (8th Cir. 2008)……………………………………………passim

*LaSala v. Bordier,*
    519 F.3d 121, 141 (3rd Cir 2008) …………………………………………..………8

*Luleff v. Bank of America*
    S.D.N.Y, No. 06-cv-1435 JGK……………………………………...…..3, 13

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

**Cases Continued:**

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shadi Dabit,*
    547 US 71, 126 S.Ct. 1503 (2006)……………………...………………...16

*Norris v. Wirtz,*
    719 F.2d 256 (7th Cir. 1983)………………………………………..17, 18

*O'Brien v. Continental Illinois National Bank,*
    593 F.2d 54 (7th Cir 1979)…………………………………………17, 18

*Rowinski v. Salomon, Smith, Barney Inc.*
    398 F.3d 294 (3rd Cir 2005) …………………………………….………8

*Santa Fe Industries v. Greene,*
    430 U.S. 462, 97 S.Ct. 1292, (1977)…………………...…..………...15, 19

*Siepel v. Bank of America*
    N.A. 239 F.R.D. 558 (E.D. Mo. 2006), *aff'd,* 526 F.3d 1122 (8th Cir. 2008)……..........passim

*Spielman v. Merrill Lynch Pierce, Fenner & Smith, Inc.,*
    332 F.3d 116, 123 (2d Cir. 2003)………………………………………..14

*Tower Bank & Trust Co., v. Bank One,*
    U.S.Dist. Lexis 51660, 2006 WL 2092332 (2006)
    (U.S.D.Ct. N.D. Ind., July 26, 2006)…………………………………….18

*Troyer v. Karcagi,*
    476 F. Supp. 1142, 1148 (S.D.N.Y. 1979)………………………….......16

*VT Investors v. R&D Funding Corp.,*
    733 F.Supp. 823, 828 (D. N.J. 1990)……………………………….......17

*Wells Fargo Bank v. Superior Court of San Francisco County,*
    159 Cal. App. 4th 381…………………………………………....13, 18

**Statues/Codes:**

Cal. Prob. Code §16047……………………………………………………3, 5

Cal. Bus & Prof. Code § 17200……………………………………………….1

Cal. Fin. Code §1561.1…………………………………………………….10

12 U.S.C. §92.a……………………………………………………….....19

12 CFR §§9, 12.2……………………………………………………….19

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

**Statues/Codes Continued**:

15 U.S.C. §77p(b)..................................................................................................1, 15

15 U.S.C. §78bb(f)(1)...........................................................................................1, 15

15 U.S.C. §78(i)..........................................................................................................15

**Other Authorities:**

Securities and Exchange Act of 1934, Rule 10b, 10b-5..........................................passim

Private Securities Litigation Reform Act of 1995 (PSLRA)
Pub.L. No. 105-353 (Nov. 3, 1998) §2(5), 112 Stat. 3227....................................19, 20

Sen. Rep. No. 105-182, 2d Sess., pp. 3, 9 (1998)......................................................20

Board of Governors of the Federal Reserve System, SR 99-7 (March 26, 1999) ..................6

FDIC Trust Examination Manual.................................................................................10

Third Restatement of Trust, §78..........................................................................10, 12

Third Restatement of Trusts, §78, subdivision 3.............................................................9

Third Restatement of Trust, §78, comment c(8)...........................................................11

Third Restatement of Trusts §90........................................................................3, 9

Third Restatement of Trusts §90, comment b.............................................................9

Third Restatement of Trust §§ 90, comment d and Illustration 10, 77(3).........................3

Third Restatement of Trusts, §§ 90-92, Prudent Investor Rule.......................................3

Uniform Prudent Investor Act...................................................................................3

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

# SUMMARY OF ARGUMENT

The Bank's motion to dismiss, in which the Bank contends that the claims in this case are disguised securities fraud claims that are preempted by the Securities Litigation Uniform Standards Act ("SLUSA"), fails for three principal reasons.

First and foremost, unlike the claims in **all** of the cases on which the Bank relies, the claims that are alleged here—for breach of trust arising from the Bank's investment of trust assets in its own inferior proprietary mutual funds—are not based, explicitly or implicitly, on any allegations that the trustee misrepresented or concealed material facts. Rather they are based on the trustee's failure to adhere to the Prudent Investor Rule and related fiduciary standards governing a trustee's investment of trust assets. Nor is there any express or implied allegation of other "deceptive" or "manipulative" conduct. This is fatal because SLUSA on its face applies only if the claims are based on "misrepresentations" or "omissions of material fact" or "deceptive" or "manipulative" conduct.

Second, even if the claims here alleged the requisite fraudulent or manipulative conduct—which they do not—the additional "in connection with" requirement of SLUSA would still not be satisfied. To satisfy the "in connection with" requirement, there must be a casual connection between any alleged fraud and a securities transaction, *i.e.*, someone must have been deceived into making an investment decision. Under directly-on-point cases, where as here a trust beneficiary has no role in the investment process and no power to veto or otherwise control the trustee's investment decisions, there is no casual relationship between any alleged fraud and the trustee's investment decision.

Third and finally, the Bank's argument that SLUSA preemption should be extended here to claims under trust law for breach of the trustee's investment duties would undermine the purposes underlying SLUSA and radically expand federal authority over matters –the duties of trustees-- that are quintessentially (and undeniably) matters of state law. SLUSA was intended to curb the efforts of the Plaintiff securities bar, after the enactment of the Private Securities Litigation Reform Act ("PSLRA"), to bring securities fraud class actions in state court to avoid the pleading requirements and other reforms Congress enacted in the PSLRA. By no stretch of the imagination is this a securities fraud action. Rather, it is a trust case having nothing to do with the concerns of the securities laws.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

I.     **INTRODUCTION**

Plaintiff and the class she seeks to represent are beneficiaries of irrevocable trusts established by third parties, the trust settlors. Bank of America ("the Bank") is the trustee.  It is fundamental that, while the Bank as trustee owns and controls the trust assets, it is subject to the strictest fiduciary duties known to the law.  These trustee duties include the duty to invest the trust assets prudently and solely in the interests of the beneficiaries.

In this case, Plaintiff challenges the Bank's investment, as trustee, of trust funds in the Bank's own allegedly inferior Columbia Family proprietary mutual funds and its alleged policy of refusing to invest in superior, lower cost and better known third party funds (such as Vanguard or Fidelity), in order to earn fees and other benefits for itself.  Plaintiff contends that the Bank has thereby breached its duty, as trustee, to invest prudently (First Cause of Action) and its duty of loyalty to invest the trust assets solely in the interest of the beneficiaries (Second Cause of Action). The complaint also alleges a claim (Third Cause of Action) against the Bank's parent corporation, Bank of America Corporation ("BAC") for participating in these breaches of trust, and a claim for unjust enrichment (Fourth Cause of Action).  Finally, it asserts a claim  on behalf of a California subclass for violating California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200, alleging that these breaches of trust constitute unlawful (but <u>not</u> deceptive) business practices. (See Fifth Cause of Action ¶¶90-91.)

The Bank moves to dismiss the Complaint based on the contention that these state law claims are preempted by SLUSA, which preempts securities fraud class actions under state law. Specifically, SLUSA preempts such class actions if, among other things, they allege (1) "an untrue statement or omission of material fact" or "manipulative or deceptive device or contrivance" (2) "in connection with the purchase or sale of a covered security". 15 USC §77p(b); see also 15 USC §78bb(f)(1).

The Bank's motion to dismiss fails to satisfy the plain language of the first of these SLUSA requirements, *viz*., that, to be preempted, the claims must be based on the defendants' "untrue statements of omissions of material fact" or the use of a "manipulative or deceptive device or contrivance." As any fair reading of the Complaint in this case shows, the claims here are not based,

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

explicitly or implicitly, on misrepresentations or omissions or deception by the Bank, or by market "manipulation" within the meaning of the securities laws. Rather, all of the claims are based on breaches of the Bank's investment duties as trustee under state law (and BAC's participation in those breaches).

Critically, unlike the complaints in all of the cases on which the Bank relies, Plaintiff's Complaint here does not allege, either explicitly or implicitly, that the Bank made misrepresentations or omissions or engaged in deceptive or manipulative conduct within the meaning of the securities laws. To be sure, the Bank, supported by scattershot, out-of-context citations to paragraphs of the complaint, asserts that the Complaint does allege misrepresentations or omissions. See e.g., Mot at 9:17-10:11. But this assertion is based on blatant mischaracterizations of the Complaint's actual allegations. In Section III.B below, we show how the Bank has mischaracterized each and every allegation it relies on. In fact, there are *no* allegations of misrepresentations or omission of material fact or otherwise deceptive or manipulative conduct within the meaning of SLUSA.

The Bank also contends that, regardless of what the Complaint alleges, SLUSA bars the action because the "gravamen" or "essence" of the action is purportedly based on misrepresentations or omissions or deceptive or manipulative conduct. Mot at 5:18-6:12; 9:13-10:11. According to the Bank, the absence of allegations of misrepresentations and omissions of material fact is just "artful pleading" designed to avoid SLUSA. See, e.g., Mot at 15. But, again, the Bank's argument is nothing but an assertion, unsupported by any law or fact.

In truth, under the law of trusts which governs the Bank's conduct, the Bank's liability as trustee for allegedly breaching its investment duties does not turn on what the Bank did or did not say, nor on whether anyone was deceived. Rather, the Bank's liability turns on whether it adhered to fiduciary standards under trust law, in investing trust assets in allegedly inferior proprietary mutual funds and in allegedly failing to consider better alternative funds.[1]

---

[1] It is rudimentary that such claims do not require proof of fraud or deception. See e.g., *Estate of Talbot* (1956) 141 Cal. App. 2d 309, 317 (Holding trustee liable, under former Prudent Man Rule governing trustee investments, for making investment requested by beneficiary because trustee failed to properly exercise independent judgment, even though trustee acted in complete good faith.)

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

1    As the Bank's own lawyers have emphasized in articles addressing a trustee's investment of

2  trust assets in its own proprietary mutual funds, such investments must comply with the Prudent

3  Investor Rule (adopted in 1992) of the Third Restatement of Trusts ("Restatement"), as well as in the

4  Uniform Prudent Investor Act which codifies the same rule. See Section II.C *infra*. Under this

5  Prudent Investor Rule, the trustee has two interrelated duties: (1) to invest the trust assets prudently

6  and (2) to invest the trust assets solely in the interests of the beneficiaries and avoid conflicts of

7  interest.  See Restatement §90 and the Uniform Prudent Investor Act (codified in California at Cal.

8  Prob. Code §16047). And in making such investments, a corporate trustee, like Bank of America, is

9  held to a higher standard of care applicable to professionals.  See Restatement §90, comment d and

10  Illustration 10, and Restatement §77(3).[2]  The Bank's alleged failure to adhere to these fiduciary

11  standards—not any claim of misrepresentations, omissions, deception or market manipulation—is

12  the "essence" and "gravamen" of the claims here.

13    The Bank's motion also contends that precedent supports SLUSA preemption here, citing a

14  series of six cases beginning with *Siepel v. Bank of America,* N.A. 239 F.R.D. 558 (E.D. Mo. 2006),

15  *aff'd,* 526 F.3d 1122 (8th Cir. 2008) that held that allegations in other complaints brought by trust

16  beneficiaries about the trustee's investment in propriety mutual funds triggered SLUSA preemption.

17  Bank Mot at 10-13.  The Bank's motion asserts that the cases raised the "<u>exact</u> <u>same</u>" claims alleged

18  here; therefore, the result must be the same. *Id.*, 16:9-10. But, Bank counsel –which was counsel in

19  each of these cases – knows this is wrong.  As the courts emphasized, the complaints in those cases

20  (attached to the accompanying Request for Judicial Notice ("RJN")) <u>specifically</u> <u>alleged</u> <u>fraud</u>, and

21  were predicated on the trustee's alleged deception of the beneficiaries.  See *infra*, Section II.D.

22  Further, Bank counsel has failed to advise the court of a case entitled *Luleff v. Bank of America*

23  (S.D.N.Y., Case No.06-cv-1435 JGK) which pled state law allegations about the Bank's investment

24  of trust assets in proprietary mutual funds.  In *Luleff*, the United States District Court for the

25  Southern District of New York rejected the Bank's identical request for dismissal under SLUSA,

26  specifically holding at oral argument that state law claims of breach of investment duties are not

27

28

---

[2] All of the cited legal authorities on a trustee's duties are submitted to the Court in the accompanying Appendix of Legal Authorities.

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

1   preempted by SLUSA, and, that even in the presence of allegations of fraud and misrepresentation,

2   the claims could be properly amended. See Section II.D., *infra*.

3   **II.    SLUSA DOES NOT APPLY HERE SINCE THE COMPLAINT ALLEGES ONLY**
4   **CLAIMS FOR BREACH OF THE TRUSTEE'S FIDUCIARY DUTIES TO INVEST**
    **THE TRUST ASSETS. THERE ARE NO CLAIMS BASED ON**
5   **MISREPRESENTATIONS OR OMISSIONS OF MATERIAL FACT OR OTHER**
    **DECEPTIVE OR MANIPULATIVE CONDUCT**
6

7       **A.    The Bank's Argument that Plaintiff's Claims Are Based on Misrepresentations,**
            **Omissions, or Other Deceptive Conduct Is False.  The Motion Relies on**
8           **Distortions of the Actual Allegations**

9           In an attempt to shoehorn this case into SLUSA, the Bank argues that the Complaint—like

10  the complaints in all the other cases on which the Bank relies—does allege misrepresentations,

11  omissions and deceptive conduct.  See, e.g., Mot at 4:9-13.

12          In so arguing, however, the Bank grossly mischaracterizes the Complaint.  We now address

13  each of the mischaracterizations in the Motion.

14              **1.    *The Complaint  does not allege "'omissions' of material fact"***

15          The Bank cites to paragraph 59 of the Complaint, which uses the word "omissions," claiming

16  that this constitutes an allegation sounding in fraud that the Bank made "'omissions' of material

17  fact." Mot at 4, 9:17-10:11. Not so.

18          Paragraph 59, the only paragraph containing the word "omissions" is contained in the Second

19  Cause of Action for breach of the duty of loyalty.  It does not allege "'omissions' of <u>material</u> <u>facts</u>"

20  as the Bank asserts.  Rather it alleges that "by the policies, acts, practices and omissions alleged

21  above, the Bank breached said fiduciary duties."  Further, none of the prior paragraphs to which it

22  refers have any allegation of "'omissions' of material facts" or nondisclosures as the Bank claims.

23  Rather, these paragraphs refer to the Bank's "failing to establish investment polices, failing to adopt

24  procedures for periodic reviews…failing to document managements actions," etc.  Complaint ¶¶ 35-

25  36.  The "omissions" thus are not nondisclosures but *failures to act* as required by trust law and

26  fiduciary standards. In other words, paragraph 59 alleges that the Bank wrongfully omitted to do the

27  things that trust law and fiduciary standards required it to do.  This has nothing to with any statement

28

**MURRAY & HOWARD, LLP**
436 14ᵗʰ Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

4
**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

1  or communication, or failure to communicate, or nondisclosure by the Bank and does not under any

2  conceivable view sound in fraud.

3      **2.**      ***There are no allegations complaining about the timing of the Bank's disclosures***

4      Citing paragraphs 25 and 53 of the Complaint, the Bank asserts that the Complaint alleges

5  that the Bank "deliberately informed trust beneficiaries about affiliated mutual fund investments

6  only after those investments were made" and that Plaintiff is complaining about the timing and

7  nature of the Bank's disclosures. Mot at 4, first bullet point; 9:27-10:5.  This is another distortion.

8  The paragraphs referred to state that, as trust beneficiaries, plaintiffs are not given, because they

9  have no right to be given, any advance notice about the trust investments.  These are the allegations

10  in full:

11      At no time did Plaintiff personally purchase, sell or hold Columbia Funds, and all
12      investments in the Stoody Trust were controlled and directed by the Bank.
        Plaintiff and the class did not control, nor have advance knowledge of the Bank's
13      investment of the trust funds in its affiliated proprietary mutual funds, and at all
        times had no power to consent to or to veto such investments.  Plaintiff learned
14      about the Bank's investment of the Stoody Trust funds in the Bank's proprietary
        mutual funds only after those investments were made, when Plaintiff received
15      periodic trust account statements.  As beneficiaries, Plaintiff and the class must
16      rely on the courts to enforce a trustee's fiduciary duties of prudence and loyalty.

17
18      At all relevant times the Bank, as the corporate trustee of the affected trust, was in
        a fiduciary relationship with Plaintiff and the class. As trustee, the Bank has the
19      power and responsibility to invest the trust assets and, conversely, the
        beneficiaries have no control over the investments, which the beneficiaries
20      typically learn about only after the fact in the trust account statements. The
        Bank's duties as a professional trustee to the beneficiaries of the trusts it
21      administers include the rigorous duty to invest prudently under the common law
22      Prudent Investor Rule (Restatement of Trusts 3d §227) and the Uniform Prudent
        Investment Act codified in most states, including California (Probate Code
23      §16047 et seq).

24  ¶5 and ¶3 of Complaint.

25      Rather than being a complaint about the timing of the Bank's disclosures, these allegations

26  highlight the plaintiffs' status as trust beneficiaries:  unlike investors, they have no voice as to trust

27  investments.

28

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

5
**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

1
2

**3.**    *The Complaint does not allege that the Bank improperly "failed to document and make available to trust beneficiaries" appropriate information about mutual funds*

3    The Bank asserts that the Complaint alleges that the Bank "failed to document, <u>and make</u>

4    <u>available</u> <u>to</u> <u>trust</u> <u>beneficiaries</u>, appropriate information about affiliated mutual fund investments."

5    Mot at 4, second bullet point; 9:19-10:5, citing ¶¶ 35-36. (emphasis added) This too is a gross

6    mischaracterization.  The cited paragraphs read as follows:

7        The Bank breached its fiduciary duty to Plaintiff and each class member by: (1)
8        failing to establish investment policies; (2) failing to adopt procedures for
         periodic review and comparison with other available investment vehicles; (3)
9        failing to establish an arm's-length process for evaluating the prudence of
         investing trust accounts in proprietary mutual funds rather than in non-proprietary
10       investments, and  (4) failing to conduct on-going comparisons of proprietary
         funds to peer group performance.
11

12       The Bank breached its fiduciary duty by failing to document management's
         actions with respect to transactions involving potential conflicts, including the
13       prudence of such transactions and to make such documentation readily available.

14    Complaint, ¶¶35-36.

15       These are not allegations that the Bank failed to provide documents and information to

16    Plaintiff or other beneficiaries as the Bank contends.  Critically, they do not allege that the Bank

17    failed to make documents "available <u>to</u> <u>trust</u> <u>beneficiaries.</u>" The Bank simply made that up.

18       What these allegations do refer to is the Bank's obligation, as part of its investment duties, to

19    internally document that its investment decisions comply with the Prudent Investor Rule and its

20    concomitant duty of loyalty to invest solely in the interests of the beneficiaries and avoid conflicts of

21    interest.  As the Bank well knows, it is required to do just that.  The federal bank regulators, as well

22    as trust commentators, have repeatedly made clear that a national bank trustee investing in

23    proprietary mutual funds <u>must</u> document the propriety of the investments and adopt and distribute

24    clear policies and procedures to its trust officers and employees for them to follow regarding such

25    investments.  See RJN, Exhs. 15-17, Appendix of Legal Authorities, Exh. E.  For example, the

26    Board of Governors of the Federal Reserve System, Division of Banking Supervision and

27    Regulations, in publication SR 99-7 (March 26, 1999) stated that where, as here, investments:

28

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

are made in the institution's proprietary mutual funds, the *institution should fully document* its analysis supporting the investment decision. The institution *should also document* its assessment that the investment is, and continues to be, appropriate for the individual account, in the best interest of account beneficiaries, and in compliance with the provisions of the Prudent Investor or Prudent Man rules, as appropriate.

RJN, Exh. 16. (emphasis added)

### 4. The Complaint does not contain allegations about "statements" made <u>to beneficiaries</u>

In support of its contention that the Complaint rests on misrepresentations, omissions or other deceptive conduct, the Bank points to a paragraph of the Complaint referring to 'statements'. Mot at 4, third bullet point, citing Complaint ¶¶ 18-19. But the only mention of "statements" is contained in standardized allegations under the heading, "Agency, Aiding and Abetting and Conspiracy." These paragraphs do not allege that the Bank made statements to Plaintiff or other beneficiaries, but instead allege that "Defendants BOAC, the Bank and their subsidiaries have performed acts and/or made statements in furtherance of the conspiracy."

### 5. The Complaint does not allege a "Scheme" to defraud

The Bank contends that the Complaint alleges a scheme to defraud, repeatedly emphasizing the word "scheme." Mot at 1:10-13; 3:5-4:7; 9:17-11:18; 12-13:10; 14:14-22; 15:15-17; 16:9-17. However, the term "scheme" occurs in the complaint only once: not in a substantive allegation but in a heading entitled "THE UNLAWFUL SCHEME" before the detailed charging allegations. See Complaint, heading of Section V (between ¶¶ 22 and 23). As the paragraphs under this heading (23-39) make clear, the word "scheme" as used in this heading does not refer to a scheme to defraud or to any misrepresentation, omission or deceptive conduct by the Bank. Instead, it refers to the Bank's alleged unlawful policies and practices regarding investment in inferior proprietary mutual funds and refusal to consider superior third party funds, thus benefiting itself at the expense of the trusts.

### 6. The Complaint's one and only allegation referring to the "forced" sale of the proprietary mutual funds is not an allegation of misrepresentations or omissions or any other deceptive conduct.

The Bank asserts that the Complaint alleges that the Bank "forced" trust accounts to purchase their subject mutual funds. Mot at 3, second bullet point. This is another distortion. The only

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

7

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

reference to a "forced" sale is in paragraph 64 of the Complaint, part of the Third Cause of Action against the Bank's parent corporation, BAC. It alleges that BAC directed or "forced" the Bank to invest the trusts in the mutual funds, thereby participating in the alleged breach of trust. Thus this allegation, which is made to support the Third Cause of Action against BAC for participating in the breach of trust, in no way supports the Bank's arguments.

### B. Misrepresentations or Omissions of Material Fact or Other Deceptive Conduct Are Not the "Gravamen" or "Essence" of Plaintiff's Claims Here

Citing, *inter alia,* the Third Circuit's opinion in *Rowinski v. Salomon, Smith, Barney Inc.* 398 F.3d 294 (3rd Cir 2005), the Bank argues that, regardless of the whether the Complaint alleges misrepresentations or omissions, or other deceptive or manipulative conduct, it is barred by SLUSA because the "essence" or "gravamen" of the Complaint purportedly sounds in fraud. Mot at 6, 15-16. The Bank inexplicably ignores the most recent, highest authority on this point, *LaSala v. Bordier*, 519 F.3d 121, 141 (3rd Cir 2008). In *LaSala*, the Third Circuit, applying the "essence" test adopted in *Rowinski* that the Bank advocates, held that a claim for breach of fiduciary duty was <u>not</u> preempted by SLUSA even though (unlike here) Plaintiff did allege misrepresentations, because such allegations of misrepresentation were not "necessary facts" that "give rise to liability" on these claims.

*LaSala* explained both the test that is to be applied and why the claims there for breach of a corporate director's fiduciary duties did not satisfy this test:

> In *Rowinski* we held that a claim alleges "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," 15 U.S.C. § 78bb(f)(1)(A), which subjects it to SLUSA preemption, when an allegation of a misrepresentation in connection with a securities trade is a "factual predicate" of the claim, even if misrepresentation is not a legal element of the claim. *Rowinski*, 398 F.3d at 300.....In other words, when one of a plaintiff's *necessary facts* is a misrepresentation, the plaintiff cannot avoid SLUSA by merely altering the legal theory that makes that misrepresentation actionable… *To be a factual predicate, the fact of a misrepresentation must be one that gives rise to liability*, not merely an extraneous detail….

> Here, as to the Swiss-law claims, the allegations of misrepresentation appear to be extraneous...The Swiss-law counts allege that the Banks violated their Swiss-law duty properly to investigate and freeze the Directors' various money-laundering

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

transactions. The Directors' prior alleged misrepresentations are not factual predicates to these claims….

519 F.3d at 141 (emphasis added).

Applying this test here, it is clear that misrepresentations or omissions or other deceptive conduct are not "necessary facts" on which Plaintiff bases the claims here for breach of the trustee's investment duties. A trustee violates its investment duties if it makes imprudent or self-interested investments. Under the Prudent Investor Rule, a "trustee has a duty to manage the funds of the trust as a prudent investor would" and this "standard requires the exercise of reasonable care, skill, and caution." Restatement §90.  In addition, the trustee must conform "to fundamental fiduciary duties of loyalty." *Id.*  It is these duties—which have nothing to do with whether the trustee made full disclosure and do not depend any deception or fraud—that the Complaint alleges the Bank violated here.

Here, liability turns on whether the Bank's actions and failures to act in making investments conformed to the fundamental fiduciary standards of prudence and loyalty applicable to trustees. Restatement §90, comment b, entitled "Duty to conform to fiduciary standards," makes this clear:

> In managing investments, as in other matters relating to the administration of the trust, the trustee must adhere to fundamental fiduciary standards…the question of whether a breach of trust had occurred turns on the prudence and propriety of the trustees conduct, not on the eventual results of investment decisions.

As a corollary of its "essence" argument, the Bank argues that because a breach of the duty of loyalty is alleged, and the Complaint alleges that the Bank's breaches of its fiduciary duty were "willful" and "unlawful," this equates to alleging that the Bank engaged in misrepresentations, omissions and/or deceptive and manipulative conduct.  See, e.g., Mot at 10:6-11 (these "pleading terms are mere euphemisms for express allegations of misstatements, omissions and deceptive or manipulative conduct").  In fact, this assertion—for which the Bank once again cites no authority— likewise contradicts fundamental trust law.

To be sure, a beneficiary may base a claim for breach of the duty of loyalty on allegations that the trustee misrepresented or concealed facts in dealing with the beneficiary.  This is the third aspect of the "Duty of Loyalty" set out in Restatement Section 78, subdivision 3, ("a trustee has a duty when dealing with a beneficiary to deal fairly and to communicate to the beneficiary all

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

material facts the trustee knows or should know in connection with the matter.") But that is not the duty of loyalty which Plaintiff alleges the Bank breached here. Rather, Plaintiff alleges that the Bank breached its duty of loyalty described in the first subdivision of Section 78, the "duty to administer the trust solely in the interests of the beneficiaries" as well as the second subdivision, which prohibits the trustee from "engaging in transactions that involve self-dealing or that otherwise involve or create a conflict between the trustee's fiduciary duties and personal interests." To be sure, Plaintiff alleges that these breaches were intentional, but that does not somehow convert them into fraud claims.

### C.    As the Bank's Own Counsel Have Acknowledged in Published Articles, Rather Than Immunizing the Bank's Investment in Proprietary Mutual Funds, the Law Requires that a Trustee's Investments in Proprietary Mutual Funds Comply with the Prudent Investor Rule and the Trustee's Duty to Invest Solely in the Interests of the Trust Beneficiaries

Federal banking regulators (who have jurisdiction over Defendant, as a national bank) have emphasized that, although the states have passed statutes providing that investment in proprietary mutual funds is not <u>per se</u> unlawful, these investments must nonetheless be made consistent with the trustee's duties to invest prudently and solely in the interests of the beneficiaries, and that banks remain liable under state law for breach of these duties. The FDIC Trust Examination Manual (RJN, Exh. 17) states the rule succinctly:

> Even when permitted by statute, these transactions [investments in proprietary mutual funds] should be made in food faith. The fact that such investments are allowed (permissive authority) does not relieve the fiduciary of its 'duty of care and skill' in the investment selection process. A failure to properly address all conflict of interest and investment prudence issues cases doubt on whether the fiduciary has satisfied the traditional fiduciary duty of undivided loyalty, and could lead to litigation and losses.

The Restatement similarly emphasizes that a corporate trustee's investment in its own proprietary mutual funds must satisfy both these duties:

> It is essential to note that this statutory exception [to the normal per se prohibition on self dealing] for corporate trustees' participation in what are generally called "proprietary mutual funds" does not relieve the trustee of its normal duty to exercise prudence (§77, including compliance with the prudent investor rule of §§ 90-92). Nor does it dispense with the trustee's fundamental duty to act in the

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

10

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

interest of the beneficiary, its duty of impartiality, or the other fiduciary duties of trusteeship.

Restatement, Section 78 (duty of loyalty) comment c(8).  See also, Cal.Fin.Code §1561.1 (trustee's investment in proprietary mutual funds must conform to all of trustee's fiduciary duties under Article 9 of the California Probate Code, including the duty of loyalty and prudent investor rule.)

In several articles distributed to corporate trustees and trust lawyers, the Bank's own counsel have emphasized that such investments must comply with the Prudent Investor Rule, including the duty of loyalty.  See Appendix of Legal Authorities, Exhs. A & E

### D. *Siepel, Kutten, Richtenburg* and the Other Cases Relied on by the Bank Are Not on Point Because They Expressly Alleged Misrepresentations or Omissions of Material Fact, and Asserted Federal Securities Law or Common Law Fraud Claims that Are Expressly Premised on Deception

The Bank relies upon a series of recent cases that held that class action complaints brought by trust beneficiaries concerning proprietary mutual funds were precluded by SLUSA. The Bank asserts that these cases apply here because they purportedly involved the same claims as Plaintiff alleges here. Indeed, the Bank goes so far as to assert that this case raises "the *exact* same state law class action claims" as at least two of these cases, *Siepel v. Bank of America,* N.A. 239 F.R.D. 558 (E.D. Mo. 2006), *aff'd,* 526 F.3d 1122 (8th Cir. 2008) and *Kutten v. Bank of America, N.A.,* No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007), aff'd, 530 F.3d 669 (8th Cir. 2008).  Mot at 16:9-10 (emphasis in original).

As the Bank wells knows, however, these cases did not involve the same claims, much less the "exact" same claims, as alleged here.   The complaints in all of these cases –which are attached to the accompanying RJN—*expressly* alleged claims predicated on allegations that the trustee breached its <u>disclosure</u> obligations to the beneficiaries, and repeatedly alleged misrepresentation or omissions. Further, the plaintiffs in these cases asserted either federal securities fraud claims or common law fraud claims.

In the lead case, *Siepel,* the court described the allegations as expressly including the violation of the trustee's duty of candor in dealing with the beneficiaries.  (As previously noted, this duty—which Plaintiff does not allege the Bank violated here—is set out in subdivision three of Restatement §78.)  The Court also noted that the *Siepel* complaint contained numerous allegations of

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

misrepresentations and omissions, and that the plaintiff admitted that it was seeking to recover for

breach of the trustee's <u>disclosure</u> <u>obligations</u>:

> In this case, the state law claims are framed as breach of loyalty and unjust
> enrichment claims. Nonetheless, the essence of the Amended Complaint is that
> Defendants misrepresented and omitted material facts relating to the transfer of
> assets to Nations Funds, such as conflicts of interest and expenses related to the
> transfer. Indeed, *the Amended Complaint is replete with such allegations,*
> *referring more than fifty times to the omissions or misrepresentations relating to*
> *the purchase of the mutual funds.*

> This Complaint alleges that the Bank… breached the fiduciary duties owed to
> their Clients by *failing to disclose, inter alia, material conflicts of interest* at the
> time disclosures were required to be made, as well as by *failing to disclose the*
> *incremental increases in expenses....* In connection with the sales of the shares in
> these proprietary mutual funds to the accounts of Plaintiffs and all members of the
> Class as defined below, the Bank, [Nations Funds Trust], and the Bank
> Subsidiaries *failed to exercise good faith and fully disclose all material facts and*
> *failed to fully disclose all material facts to them and/or exercise reasonable care*
> *to avoid misleading them* as more fully set forth below.

*Id.* at 17 (emphasis added).

     *Kutten* was a successor case to *Siepel*, likewise brought against Bank of America and

defended by its counsel here.[3] Belying its assertion here that *Kutten* involved the "exact same"

claims as those alleged here, in a pleading in that case the Bank itself represented that not only did

the plaintiff in *Kutten* expressly allege misrepresentations and omissions, but she attempted to plead

<u>securities</u> <u>fraud</u> <u>claims</u> arising from those misrepresentations and omission.  See RJN, Exh. 14.

Similarly, in affirming the dismissal, the Eight Circuit emphasized that plaintiff was expressly

basing its claim on the trustee's alleged breach of its <u>disclosure</u> obligations, and that the case was

therefore indistinguishable from *Siepel*:

> The *Siepel* plaintiffs conceded that their complaint contained allegations that the
> Bank misrepresented and omitted material facts….

> Judge Magnuson asked if the complaint was "no more than a regurgitation of the
> words of the misrepresentation." Counsel replied:

---

[3]   In an apparent effort to distract from the real issues raised by this motion, the Bank asserts that Plaintiffs' counsel here
is part of the same "consortium" who brought the *Siepel* and *Kutten* actions. Mot at 1.This is false.  Plaintiffs counsel
here had no involvement in *Kutten*, *Seipel* or any of the other prior proprietary mutual fund cases against Bank of
America, and Plaintiffs counsel in those prior cases are not counsel for Plaintiff Stoody and have no role in this action.

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

> *[C]ertainly one of the components [of a fiduciary duty] is ... a duty to*
> *disclose, a duty to be candid, a duty to be honest with your beneficiaries*, to
> let your beneficiaries have the straight scoop with respect to the handling of
> their assets.... That is not the same thing as saying we were misrepresented
> to and this is what you lied about.... *That's the failing to disclose. That's the*
> *failing to be candid. That's the failing to be honest. That's what we allege*
> *the bank failed to do repeatedly in the context of its wholesale conversion*
> *of common trust funds into their own mutual funds....*

We agree with the district court that the Appellants failed to distinguish their case
from *Siepel.* Whatever the distinction between "deceiving" and "failing to be
honest," or between "omitting a material fact" and "failing to disclose," it does not
bear on whether SLUSA preempts the claim containing those allegations.

*Id.* at 670 (emphasis added).

The opinions in the other cases on which the Bank relies similarly emphasize that the

complaints in those cases—unlike the complaint here—expressly alleged misrepresentation or

omissions.  See e.g., *Wells Fargo Bank v. Superior Court (Richtenburg)* 159 Cal.App 4th  381, 384-

385, 388-389 (2008) (noting that the complaint alleged nondisclosures and contained a concealment

count and that it is "replete with allegations that the Bank 'failed to disclose' (i.e., omitted) details

regarding fees and conflicts of interest")

Further, Bank counsel has failed to advise this Court about the proceedings in *Luleff* v. *Bank*

*of America,* RJN, Exh. 1-4, Case No. 06-cv-1435 (JGK) where a trust beneficiary whose assets were

placed in the same Bank of America proprietary mutual funds filed a putative class action complaint

in the Southern District of New York.  The Complaint alleged state law claims.  The *Luleff* case is

unpublished, but it is instructive.   In that case, the Bank argued in a September 7, 2007 hearing, just

as it does here, that the breach of fiduciary duty and state law claims should be dismissed under

SLUSA because of allegations of misrepresentation and fraud in the Complaint.

At oral argument, the United States District Court for the Southern District of New York held

that SLUSA was **not** unlimited in scope, and that there is **not** preemption of state law claims against

trustees where there are no fraud allegations.  The *Luleff*  court also held that even in the presence of

allegations of fraud and misrepresentation (which are not present here), that a plaintiff should be

given leave to amend to cure any deficiencies:

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

13

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

The Plaintiff's amended complaint contains factual allegations of misrepresentations and omissions by the defendants in connection with the purchase and sale of covered securities. For example, the plaintiff alleges nondisclosure of conflicts of interest and deceptive practices through the use of credits. See amended complaint paragraphs 33, 37 and 49 to 50.

However SLUSA has "**broad but not unlimited scope.**" *Spielman v. Merrill Lynch Pierce, Fenner & Smith, Inc*. 332 F.3d 116, 123 (2d Cir. 2003) "**Fiduciary duty and other state law claims that do not expressly or impliedly reply on an allegation or misrepresentation or omission or deceptive device are not preempted under SLUSA.** See *Norman,* 350 F.Supp.2d at 385-388 (holding that breach of fiduciary duty and breach of contract claims were not preempted under SLUSA where the Complaint contained no allegation of fraud, misrepresentation or omission) …(Citations omitted)…

RJN, Exh. 4 at p. 22-23. After the oral argument, Plaintiff filed an amended complaint which removed the allegations of fraud and misrepresentation. Bank of America filed yet another motion to dismiss but before a decision could issue potentially distinguishing the *Seipel* line of cases, the Bank settled the case on a confidential, individual basis.

### E.     The Complaint Does Not Allege or Depend Upon "Manipulative" Conduct, a Term of Art under SLUSA and the Securities Laws

Apparently hoping to persuade by mere repetition, the Bank asserts over and over again that the Complaint alleges "manipulative" conduct within the meaning of the securities laws. Mot at pp. 2, 5, 6 (twice), 7, 8, 9 (twice), 10 (twice), 11 (twice), 12 (twice), 13, 14, 15 (three times), 16, 17 (twice). But these are bare assertions, unsupported by any authority or reasoned analysis. The Bank never even addresses what the term "manipulative" means under the securities laws, much less shows that the conduct alleged here falls within the meaning of the term "manipulative" as established by case law. In fact, there is no reasonable argument that the conduct here is "manipulative" as that term has been defined by the courts.

A seminal United State Supreme Court securities case*, Santa Fe Industries v. Greene* 430 U.S. 462, 97 S.Ct. 1292, (1977), disposes of the Bank's contention that the conduct here is "manipulative" within the meaning of the securities laws:

It is readily apparent that the conduct alleged in the complaint [a breach of fiduciary duty by majority shareholder] was not "manipulative" within the meaning of the statute. 'Manipulation' is 'virtually a term of art when used in

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

14
**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

connection with securities markets.' *Ernst & Ernst,* 425 U.S., at 199, 96 S.Ct., at 1384. The term refers generally to practices, such as wash sales, matched orders, or rigged prices, that are intended to mislead investors by artificially affecting market activity. See, e. g., s 9 of the 1934 Act, 15 U.S.C. s 78i (prohibiting specific manipulative practices); *Ernst & Ernst,* supra, at 195, 199 n. 21, 205, 96 S.Ct., at 1382, 1384, 1386; *Piper v. Chris-Craft Industries, Inc.,* 430 U.S., at 43, 97 S.Ct., at 950 (Rule 10b-6, also promulgated under s 10(b), is 'an antimanipulative provision designed to protect the orderliness of the securities market during distributions of stock' and 'to prevent simulative trading by an issuer in its own securities in order to create an unnatural and unwarranted appearance of market activity'); 2 A. Bromberg, Securities Law: Fraud s 7.3 (1975); 3 L. Loss, Securities Regulation 1541-1570 (2d ed. 1961); 6 id., at 3755-3763 (Supp.1969).

97 S.Ct. at 1302.

Here too it is "readily apparent" as it was in *Sante Fe,* that the breach of fiduciary duty claims here are not based on "manipulative" conduct within the meaning of the securities laws. As in *Sante Fe,* this case contains no allegation of "practices, such as wash sales, matched orders, or rigged prices, that are intended to mislead investors by artificially affecting market activity"—or anything else having to do with market manipulation. Despite the persistence with which it is made, the Bank's argument that the claims here allege "manipulation" within the meaning of SLUSA is simply frivolous.

## III.    THE SLUSA "IN CONNECTION WITH" REQUIREMENT IS NOT SATISFIED

Even if the Bank were correct that the Complaint alleges the requisite misrepresentations or omissions or deceptive or manipulative conduct—which it does not—the SLUSA "in connection with" requirement would not be satisfied. See 15 U.S.C. § 77p(b); *see also* 15 U.S.C. § 78bb(f)(1). (Misrepresentation or omission of material facts or deceptive or manipulative conduct must be "in connection with the purchase or sale of a covered security").

The analysis begins with the leading Supreme Court case interpreting SLUSA, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shadi Dabit,* 547 US 71, 126 S.Ct. 1503 (2006) ("*Dabit*"). In *Dabit,* the Supreme Court held that the "in connection with" requirement under SLUSA is to be interpreted consistently with the traditional interpretation of that same requirement under Section 10b of the 1934 Securities Exchange Act and Rule 10b-5 thereunder. 126 S.Ct . at 1513. Further,

MURRAY & HOWARD, LLP
436 14ᵗʰ Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

15
PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 08-2705 JSW

1   *Dabit* holds that Congress intended that case law applying the in connection with requirement under

2   Rule 10b-5 would be applied in interpreting the same requirement under SLUSA. *Id.*

3         In Rule 10b-5 cases, the federal circuit Courts of Appeals (including the 9th Circuit), and the

4   federal District Courts, have consistently followed the rule that to satisfy the "in connection with"

5   requirement of Rule 10b-5 there must be a causal connection between the alleged misrepresentation

6   or fraudulent nondisclosure and the purchase, retention, or sale of a security.  See, e.g., *Ambassador*

7   *Hotel Company, LTD v. Wei-Chuan Investment,* 189 F.3d 1017, 1026-1027 (9th Cir. 1999) (in

8   deciding whether the Rule 10b-5 in connection with requirement is satisfied court "should consider

9   whether the plaintiff has shown some causal connection between the fraud and the securities

10  transaction in question").  *Britt v. Cyril Bath Company,* 417 F.2d 433, 435 (6th Cir. 1969) ("That

11  some causal connection between the acts constituting a violation of the Rule and a purchase or sale

12  of a security is inherent in the nature of the action and required by 'in connection with the purchase

13  or sale of any security' language of both Section 10(b) of the Act and Rule 10b-5 is not disputed.")

14  *In Re Financial Corporation of America Shareholder Litigation*, 796 F2.d  1126, 1129-1130 (9th Cir.

15  1986) (A violation of Section 10(b) "requires that  a certain relationship be established  between the

16  fraud and the transaction that resulted in the injury complained of…One factor to be considered in

17  determining whether the 'in connection with' requirement  has been met is whether a causal

18  connection between the fraud and the transaction has been shown."); *Troyer v. Karcagi,* 476 F.

19  Supp. 1142, 1148 (S.D.N.Y. 1979) ("To satisfy the "in connection with requirement, however, more

20  than a purchase is required. There must be a causal connection between a defendant's misstatements

21  or omissions and the plaintiff's purchase."); See also *In Re Ames Department Stores Inc. Stock*

22  *Litigation*, 991 F.2d 953, 964-965 (2d Cir. 1992) *Buffo v. Graddick*, 742 F.2d 592, 596 (11th Cir.

23  1984); (*Ketchum v. Green*, 557 F.2d 1022, 1029 (3d Cir. 1977); *Craig v. First American Capital*

24  *Resources, Inc.*, 740 F. Supp. 530, 535 (N.D. Ill. 1990); *VT Investors v. R&D Funding Corp.*, 733

25  F.Supp. 823, 828 (D. N.J. 1990)).

26        Consistent with the general Rule 10b-5 case law, the federal courts applying the Rule 10b-5

27  "in connection with" requirement to cases brought by trust beneficiaries have consistently held that

28  this requirement is satisfied only if there is a causal relationship between the alleged fraud and the

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

16

PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 08-2705 JSW

1    investment. The two lead cases are from the Seventh Circuit. These cases hold that while a trust

2    beneficiary has an ownership in the trust assets sufficient to have standing under the federal

3    securities laws, if, as in the normal case (like here) the beneficiary has no investment authority over

4    the trust assets, the "in connection with" requirement is not satisfied, because any fraud by the

5    trustee would not have had a causal relationship to the trustee's investment. See *O'Brien v.*

6    *Continental Illinois National Bank*, 593 F.2d 54 (7th Cir 1979) and *Norris v. Wirtz*, 719 F.2d 256 (7th

7    Cir. 1983).

8           In *O'Brien*, the plaintiffs had entered into trust and agency agreements with the defendant

9    giving the defendant total investment authority. Plaintiffs alleged (unlike here) that the defendant

10   failed to disclose conflicts of interest and other improprieties to the plaintiffs, but the Court held that,

11   given the plaintiffs' lack of investment authority, these alleged fraudulent omissions were **not** in

12   connection with any securities transaction within the meaning of Rule 10b-5 claim:

13               The important point for our analysis is the decision to which the nondisclosure
14               related. If that decision is whether to purchase or sell a security, the
                 nondisclosure is in connection with the purchase or sale. Here, however, that
15               decision was not whether Continental should buy or sell the securities in
                 questions, for the terms of the trust and agency agreements made that decision
16               solely Continentals and plaintiffs had no voice in it…As the [District court}
                 correctly stated…"There was no investment decision to be made by plaintiffs and
17               no such decisions were affected by any lack of information on plaintiffs' part.
18               The market transactions were pure; the trust relationships allegedly were not.
                 Rule 10b-5, however, protects the former and not the latter."
19
20   593 F.2d at 60.

21          In *Norris*, the Seventh Circuit was again presented with the question whether a trust

22   beneficiary's claim that the trustee made misrepresentations about a trust investment satisfied the

23   Rule 10b-5 "in connection with" requirement. The Court reaffirmed that, as it had earlier held in

24   *O'Brien*, a trust beneficiary may have standing to bring a federal securities fraud action. 719 F.2d at

25   259. Applying the rule in *O'Brien*, the Seventh Circuit reiterated that the beneficiaries could not

26   meet the "in connection with" requirement unless the beneficiary had some investment authority. In

27   *Norris*, the Court held that, under the alleged facts, the "in connection with" requirement might be

28   satisfied since the will gave the beneficiaries authority to approve the alleged self-dealing

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

17
**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

transactions.  Based on that fact, the Seventh Circuit held that the "in connection with" requirement would be satisfied, since the beneficiary there was specifically given "authority to make the investment decisions involving the securities sales in which the alleged misrepresentations were made." 791 F.2d at 261.[4]

Here, the complaint alleges that the beneficiaries had no control over the investments and were not even consulted beforehand. See e.g., Complaint ¶¶25, 53. The Bank does not even argue that Plaintiff (or the class) had any control over the securities transactions at issue—Bank of America's own decision to purchase the mutual funds  Thus, even if there were allegations of misrepresentations or omissions, the required casual connection underlying the "in connection with" requirement of SLUSA would be absent.  Given that the Bank obviously could not deceive itself into making or retaining investments in its proprietary mutual funds, no one who made an investment decision was deceived. Because the beneficiaries here have absolutely no investment authority, if the Bank deceived them it could not have any casual connection to any securities transaction and the "in connection with" requirement of Rule 10b-5 and SLUSA could not be satisfied.[5]

///

///

///

///

---

[4] The lower courts have consistently followed the same rule on 10b-5 cases.  Most recently in *Tower Bank & Trust Co., v. Bank One*, 2006 U.S.Dist. Lexis 51660, 2006 WL 2092332 (U.S.D.Ct. N.D. Ind., July 26, 2006),  the plaintiff, a trust beneficiary, alleged that the trustee, Bank One, had violated the Indiana securities laws by making misrepresentations and omissions in connection with purchasing one of its own securities for the trust, a so-called European Collar that it sponsored. Bank One moved to dismiss, arguing that since it had the authority, as trustee, to make the investments, its own alleged misrepresentations and omissions to the beneficiaries did not induce the purchase of these securities and the "in connection with" requirement was not satisfied.  Applying federal law interpreting the "in connection with" requirement (which the Court noted was applicable absent contrary state authority), the Court held that the key question was whether the beneficiaries had any investment decision to make with respect to these particular investments.  See also, *Hackford v. First Security Bank of Utah*, 521 F.Supp. 541, 549-552 (D.Utah 1981) (while trust beneficiaries had standing to assert federal securities claims against trustee for failing to disclose facts about trustee's sale of trust assets, claims failed to allege a sufficient causal connection between the alleged fraud and the sale, citing *O' Brien*).

[5] In some of the cases on which the Bank relies, the courts addressed *O'Brien* and *Norris*, but declined to follow them on the mistaken view that they addressed beneficiary standing, whether a beneficiary had a "private right of action," rather than the "in connection with" requirement.  See e.g., Wells *Fargo Bank v. Superior Court (Richtenburg)*, supra, 159 Cal. App.4th at 392-393. A closer reading of *O'Brien, Norris* and their progeny shows that this is not accurate.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA 94612
Tel. (510) 444-2660
Fax (510) 444-2522

18
PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case No. 08-2705 JSW

**IV.    NEITHER THE PURPOSES UNDERLYING SLUSA NOR ANY OTHER FEDERAL INTEREST WOULD BE SERVED BY PRECLUDING CLASS ACTIONS ASSERTING BENEFICIARY CLAIMS AGAINST TRUSTEES FOR BREACH OF TRUST, AN AREA THAT IS QUINTESSENTIALLY A MATTER OF STATE TRUST LAW**

Federal courts have long resisted the expansion of federal securities laws into areas traditionally relegated to state law.  *See, e.g., Santa Fe Industries v. Green, supra*, 430 U.S. at 476, (breach of fiduciary duty claims that are traditionally subject to state law, and do not involve fraudulent omissions or misrepresentations having a causal connection to a securities transaction, are not within the federal securities law).  The federal courts and federal banking law generally recognize that state law, not federal law, governs the trustee-beneficiary relationship.  See, *In re Fidelity Bank Trust Fee Litigation* 839 F.Supp 318, 325 (E.D. Pa., 1993) ("the law of trusts is primarily an area which has been left to state law."); *Blaney v. Florida Nat'l Bk.* (5th Cir. 1966) 357 F.5d 27, 30 (same). See also, 12 U.S.C. §92.a; 12 CFR §§9, 12.2 (national banks must comply with trust law obligations under common law or state statutes. See also, *Dabit, supra,* 126 S.Ct. at 1515 (a "'long history'" of state-law remedy "'add[s] force' to the presumption against pre-emption").

Extending federal preemption over this breach of trust case would also run afoul of the specific purposes underlying SLUSA. The antecedent statute to SLUSA, the PSLRA, addressed specific "abusive practices committed in private securities litigation." *See id.*  One of  PSLRA's remedies is "heightened pleading requirements in actions brought pursuant to § 19(b) and Rule 10b-5," requiring complaints to "'specify' each misleading statement," state facts showing the statement was "misleading," and "state with particularity" facts creating "a strong inference that the defendant acted with the required state of mind."  *Dabit*, *supra*, 126 S.Ct at p. 1511. But such abusive practices and PSLRA's remedies for them are irrelevant to the present case.

Further, the central purpose of SLUSA has nothing whatever to do with this case. SLUSA was enacted to enforce PSLRA by preventing securities fraud class actions—which previously had almost always been brought in federal court—from being filed in state courts to avoid PSLRA requirements.  As the statute makes explicit, Congress enacted SLUSA, "in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995…."  Pub.L. No. 105-353 (Nov.

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522

**PLAINTIFF'S MPA ISO OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
Case No. 08-2705 JSW

3, 1998) §2(5), 112 Stat. 3227.  Congress intended to cure an unforeseen effect of PSLRA: migration of traditional securities fraud cases into the state courts brought under state law.  *See, e.g.* Sen. Rep. No. 105-182, 2d Sess., pp. 3, 9 (1998). And a major factor in SLUSA's enactment was recognition of the notorious phenomenon of law firms—led by the now-defunct Milberg Weiss— taking securities fraud cases to the state courts that could no longer be filed in federal court due to the enactment of the PSLRA.  Senator Lauch Faircloth declared, "[w]e are back here again because a small number of lawyers, who practice this brand of class action lawsuits, have decided to evade the Federal law and have gone to State courts to do it."  PSLRA Effectiveness Hearing, *supra*, at p. 6.

In sum, SLUSA's enactment was Congress' attempt to close a loophole in PSLRA that allowed securities *fraud* class actions that could no longer be brought in federal court to be brought in state court.  This case does not allege securities fraud, but only traditional <u>state</u> law claims under trust law.  To hold that these traditional state law claims are preempted by federal law would turn SLUSA and the policies underlying the securities laws on their head.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Bank's Motion to Dismiss must be denied.


Dated:    September 5, 2008                    **MURRAY & HOWARD LLP**

                                               **COTCHETT, PITRE & McCARTHY**

                                               By    ___/s/_____
                                                      Gilmur R. Murray
                                                      *Attorneys for Plaintiff and the Classes*

MURRAY & HOWARD, LLP
436 14th Street, Suite 1413
Oakland, CA  94612
Tel. (510) 444-2660
Fax (510) 444-2522