James C. Martin (SBN 83719)
jcmartin@reedsmith.com
Mary J. Hackett (*appearing pro hac vice*)
mhackett@reedsmith.com
Sharon L. Rusnak (*appearing pro hac vice*)
srusnak@reedsmith.com
David. J. Bird (*appearing pro hac vice)*
dbird@reedsmith.com
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219-1886
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

David S. Reidy (SBN 225904)
dreidy@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Attorneys for Defendants Bank of America, N.A., and Bank of America Corporation

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ELLEN STOODY-BROSER, An Individual, Individually And On Behalf Of All Others Similarly Situated,

*Plaintiff,*

v.

BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,

*Defendants.*

Case No. CV 08 2705 JSW

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FED. R. CIV. P. 12(b)(6)]

Date: November 14, 2008
Time: 9:00 a.m.
Place: Courtroom 2, 17th Floor
Compl. Filed: May 29, 2008
Trial Date: None

*Honorable Jeffrey S. White*

## TABLE OF CONTENTS


Page

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

I. SUMMARY OF ARGUMENT ........ 1

II. *SPENCER*, *SIEPEL*, *KUTTEN*, AND OTHER CASES FINDING SLUSA PREEMPTION IN THIS CONTEXT ARE DIRECTLY ON POINT AND COMPEL DISMISSAL OF PLAINTIFF'S COMPLAINT. ........ 2

III. PLAINTIFF'S COMPLAINT SATISFIES ALL THE ELEMENTS OF SLUSA PREEMPTION, NOTWITHSTANDING HER IMPROPER AND UNAVAILING ATTEMPT AT ARTFUL PLEADING. ........ 5

A. The Gravamen Of Plaintiff's Complaint Involves Misrepresentations And Omissions Of Material Facts And A Deceptive And Manipulative Scheme By The Bank In Connection With Trust Investments In Mutual Fund Shares. ........ 6

B. Plaintiff Cannot Evade SLUSA's Preemptive Reach By Asserting Non-Fraud Claims Or Sanitizing Her Complaint Of Allegations Concerning Bank Disclosures. ........ 8

C. Plaintiff Cannot Evade SLUSA's "In Connection With" Requirement Since Her Class Claims Indisputably Coincide With The Purchase Of A Covered Security. ........ 13

IV. DISMISSAL OF PLAINTIFF'S COMPLAINT IS CONSISTENT WITH SLUSA'S TEXT, AS WELL AS FEDERAL POLICY, AND DOES NOT INTERFERE WITH PRINCIPLES OF STATE TRUST LAW IN ANY RESPECT. ........ 14

V. CONCLUSION ........ 15


REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 521 F.3d 1278 (10th Cir. 2008) .......... 10

*Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 377 (E.D.N.Y. 2002) .......... 13

*Beckett v. Mellon Investor Services, LLC*, No. C06-5245, 2006 WL 3249189 (W.D. Wash. Nov. 8, 2006) .......... 8, 10, 12

*Behlen v. Merrill Lynch*, 311 F.3d 1087 (11th Cir. 2002) .......... 8, 12

*Dudek v. Prudential Sec., Inc.*, 295 F.3d 875 (8th Cir. 2002) .......... 8, 10, 12

*Felton v. Morgan Stanley Dean Witter & Co.*, 429 F.Supp.2d 684, 692-93 (S.D.N.Y. 2006). .......... 12

*In re Edward Jones Holders Litigations*, 453 F.Supp.2d 1210 (C.D. Cal. 2006) .......... 6, 10, 11

*Kurz v. Fidelity Management & Research Co.*, No. 07-cv-709, 2008 WL 2397582, at *3 (S.D. Ill. June 10, 2008) .......... 12

*Kutten v. Bank of America, N.A.*, No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007), *aff'd*, 530 F.3d 669 (8th Cir. 2008) .......... passim

*LaSala v. Bordier et CIE*, 519 F.3d 121 (3d Cir. 2008) .......... 11

*Luleff v. Bank of America*, No. 06-cv-1435 (S.D.N.Y.) .......... 12

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006) .......... 13, 14

*Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698 (5th Cir. 2004) .......... 9

*Norris v. Wirtz*, 719 F.2d 256 (7th Cir. 1983) .......... 14

*O'Brien v. Continental Illinois National Bank*, 593 F.2d 54 (7th Cir. 1979) .......... 14

*Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) .......... 2, 4, 13

*Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294 (3d Cir. 2005) .......... 9, 11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008), *appeal pending* ......... passim

*Siepel v. Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008)........ passim

*Spencer v. Wachovia Bank, N.A.*, No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006)........2, 3, 5, 7

*U.S. Mortgage, Inc. v. Saxton*, 494 F.3d 833 (9th Cir. 2007) ........ passim

*Wells Fargo Bank, N.A. v. Superior Court of San Francisco County*, 159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008) ........2, 5, 13, 14

**Statutes**

15 U.S.C. § 77e........7

15 U.S.C. §§ 77p(b) ........7

15 U.S.C. § 78bb(f)(1) ........7

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. SUMMARY OF ARGUMENT

Plaintiff maintains that SLUSA preemption must be rejected here because her state law class claims, as alleged, do not involve misrepresentations, omissions, or deceptive or manipulative conduct by the Bank "in connection with" the purchase or sale of mutual fund shares. Specifically, Plaintiff argues that: (1) the Bank has "mischaracterized" her express allegations concerning the Bank's alleged scheme to invest trust assets in mutual funds; (2) SLUSA does not apply because her Complaint asserts only non-fraud claims that do not require allegations of misrepresentations or omissions; (3) the Bank's challenged conduct did not occur "in connection with" mutual fund investments; (4) *Spencer*, *Siepel*, *Kutten*, and other cases finding SLUSA preemption in this context are inapposite; and (5) application of SLUSA to her state law class action would violate federalism principles. None of these contentions has merit.

***First***, the Bank's cited cases, including *Spencer*, *Siepel*, and *Kutten*, are on point—they involve the same securities investments, the same scheme, and the same state law class claims alleged here. While Plaintiff implies that her class action is novel, the opinions entered in prior cases demonstrate that there is nothing new.

***Second***, careful scrutiny of her Complaint shows that it does trigger SLUSA's preemptive effect because it *does* describe a "scheme" by the Bank that involves misrepresentations, omissions, and deceptive and manipulative conduct "in connection with" the investment of trust assets in shares of affiliated mutual funds.

***Third***, it is also well settled that Plaintiff may not evade SLUSA by re-characterizing the express allegations of her Complaint or avoiding direct references to disclosures made by the Bank concerning the investments that she now attacks.

***Fourth***, because her Complaint, at bottom, attacks investment transactions within SLUSA's ambit, it does not matter whether she has pled a cause of action for fraud or whether the elements of her particular claims require proof of misrepresentations or omissions.

***Fifth and finally***, as many courts have held, SLUSA's application here furthers express federal interests, leaves no plaintiff without a remedy, and does not interfere with any traditional state law prerogatives. Accordingly, the Complaint should be dismissed.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## II. *SPENCER*, *SIEPEL*, *KUTTEN*, AND OTHER CASES FINDING SLUSA PREEMPTION IN THIS CONTEXT ARE DIRECTLY ON POINT AND COMPEL DISMISSAL OF PLAINTIFF'S COMPLAINT.

In its Memorandum (1, 11-14), the Bank noted that this case follows a well-worn path. In six separate cases—*Spencer*, *Siepel*, *Rabin*, *Kutten*, *Segal*, and *Wells Fargo Bank*—federal and state courts have held that SLUSA preempts state law class action claims for breach of fiduciary duties, unjust enrichment, and violation of state statutes brought in this *precise* context—*i.e.*, by trust beneficiaries alleging a "scheme" to invest trust assets in affiliated mutual fund shares.[1] These cases are relevant and controlling because they analyze allegations and claims and reject arguments that are the same as those raised by Plaintiff here.

Nevertheless, Plaintiff argues that these cases are inapposite because the complaints in "all" of these cases "asserted either federal securities fraud claims or common law fraud claims" and involved express allegations of "misrepresentation and omission." *See* Pl. Opp. at 11-14. A close reading of each case shows, however, that the pleadings asserted state law class action claims for breaches of fiduciary duties of loyalty and care, as well as violations of state statutes, including in some cases, violations of the California Prudent Investor Act, California Probate Code, and Section 17200 of California Business and Professions Code. These class claims are indistinguishable from the claims alleged here. Moreover, in many of the cases, the plaintiffs raised arguments identical to the ones raised here—that their pleadings had been sanitized; that they were not challenging disclosures, misrepresentation, or omissions; and that they were not alleging deception or manipulation "in connection with" mutual fund investments. In each case, the court found SLUSA applicable based on the gravamen and essence of the "scheme" alleged, not merely the accidental use of "buzz" words, and the court rejected artful attempts to plead around SLUSA.

---

1 *Spencer v. Wachovia Bank, N.A.*, No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006); *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008); *Rabin v. JPMorgan Chase Bank, N.A.*, No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007); *Kutten v. Bank of America, N.A.*, No. 06- 0937, 2007 WL 2485001 (E.D. Mo. Aug. 29, 2007), *aff'd*, 530 F.3d 669 (8th Cir. 2008); *Segal v. Fifth Third Bank, N.A.*, No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008), *appeal pending*; and *Wells Fargo Bank, N.A. v. Superior Court of San Francisco County*, 159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008).

*Spencer*, for example, did not involve either federal securities claims or common law fraud claims; instead, the complaint asserted claims for breach of fiduciary duties (including duties of loyalty and care) and unjust enrichment. *Spencer,* 2006 WL 3408043, at *1 (Counts I-VI). Furthermore, although her complaint was "replete" with allegations of misrepresentations and omissions, *Spencer* held that plaintiff could not evade SLUSA through artful pleading: The "gravamen" of her Complaint, not the buzz words used in her pleading, made SLUSA preemption unavoidable. *Id.* at **8-9 (class action claims dismissed with prejudice).

The original complaint filed in *Siepel* also did not involve any federal securities claims or common law fraud claims. It involved claims for breach of contract, unjust enrichment, and breaches of fiduciary duties (including duties of loyalty, care, and prudent investing). *See* Pl. Request for Judicial Notice ("RJN"), Ex. 5a (*Siepel* Complaint). After the Bank moved to dismiss that complaint based on SLUSA, plaintiffs filed an amended complaint which continued to assert the same state law claims for breach of fiduciary duties and unjust enrichment, as well as new claims based on federal securities laws. *Id.* 5b (partial copy of *Siepel* Amended Complaint); Def. RJN, Ex. 1 (complete copy of *Siepel* Amended Complaint). And shortly after the amended complaint was filed, plaintiffs voluntarily abandoned these federal securities claims and opted to maintain *only* their state law claims. *Siepel*, 239 F.R.D. at 567-72. The district court's opinion applying SLUSA, moreover, analyzed plaintiff's *state law* claims for breach of fiduciary duties and unjust enrichment *independently* of the abandoned federal securities claims, found the state law claims to be preempted by SLUSA, and denied plaintiffs leave to amend, finding that plaintiffs could not plead around SLUSA by deleting buzz words or re-characterizing allegations. *Id.* The Eighth Circuit affirmed the district court's dismissal judgment in its entirety. 526 F.3d. at 1126-28.

*Kutten* followed a similar path. Plaintiffs' original complaint asserted state law claims for breach of fiduciary duties, unjust enrichment, and violations of state statutes (including Section 17200), as well as claims based on federal securities laws. *See* Pl. RJN, Ex. 12a (*Kutten* Complaint). However, as in *Siepel*, the *Kutten* plaintiffs abandoned their federal securities laws claims shortly after their complaint was filed and submitted an amended complaint that asserted only state law claims for breach of contract, breach of fiduciary duties, unjust enrichment, as well as violations of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

California Probate Code, California Business and Professions Code Section 17200, the California Prudent Investor Act and other state statutes. *Id.*, Ex. 12b (*Kutten* Amended Complaint). Contrary to Plaintiff's Opposition, no common law fraud claim was ever asserted. According to Plaintiff's Request for Judicial Notice at 5, the *Kutten* Amended Complaint "deleted most of the language from the original complaint that directly referenced disclosures, deceptive practices, misrepresentations or omissions made by [D]efendants" and included a paragraph that "specifically argued why the Amended Complaint was not preempted by SLUSA." The district court, however, held that the *Kutten* pleading still was subject to SLUSA preemption—notwithstanding plaintiffs' attempt at artful pleading—because the gravamen of the scheme being alleged was indistinguishable from *Siepel*. Consistent with controlling law (*see* pp. 5-15 below), the district court's analysis of the gravamen of the *Kutten* Amended Complaint disposed of *all* of plaintiffs' class action claims, notwithstanding the legal elements of the claims, including claims for breach of fiduciary duties of loyalty and care in investing, as well as violations of California's Prudent Investor Act, California Probate Code, Business And Professions Code Section 17200. And once again, the Eighth Circuit affirmed the district court's judgment in its entirety. *See Kutten*, 2007 WL 2485001, at **3-8, *aff'd*, 530 F.3d at 669; *compare* Pl. RJN, Ex. 12b (*Kutten* Am. Compl.) (Counts VII – X) (breaches of fiduciary duties of loyalty, care and prudent investing) *with* Compl. ¶¶ 52-72 (Counts I – IV) (same).

Plaintiff's own Request for Judicial Notice further demonstrates that *Rabin* and *Segal* are directly on point here. In her Request, Plaintiff acknowledges that *Rabin* actually rejected arguments similar to the ones she now advances. *See* Pl. RJN at 3 (quoting *Rabin*'s holding that plaintiffs may not "disguise" the substance of claims for breach of fiduciary duties and unjust enrichment by arguing that these claims "'were ancillary to and not predicated upon material misrepresentations or omissions.'"). And Plaintiff likewise highlights language in *Segal* that demonstrates why that case is on point. *See* Pl. RJN at 4 (quoting *Segal*) ("'[T]he fact that Plaintiffs avoided using the words 'misrepresentation' and 'omission' does not control the result .... [The court] should disregard the particular labels or titles Plaintiffs may affix to their claims when determining if SLUSA precluded those claims."). Indeed, in *Segal,* the plaintiff expressly disavowed any claims of misrepresentation, failure to disclose or fraudulent scheme and argued, just as Plaintiff does here, that he was "only"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

asserting non-fraud, state law class claims. The *Segal* court rejected his artful pleading and arguments and held that SLUSA preempted his class action. *Segal*, 2008 WL 819290 at *8.

In addition, Plaintiff's Opposition all but ignores *Wells Fargo Bank*, a case brought by Plaintiff's counsel. *Wells Fargo Bank* is on point because it involves claims for breach of fiduciary duties of loyalty and care similar to Plaintiff's and rejects many of the arguments advanced by Plaintiff's Opposition. *See* Pl. Opp. at 13, 18. In *Wells Fargo Bank*, the California Court of Appeal held that SLUSA preempted plaintiffs' complaint *not only* because the pleading was "replete" with express references to misrepresentations and omissions *but also* because the "gravamen" and "essence" of the challenged scheme necessarily involved misrepresentations and omissions and deceptive and manipulative conduct. *Wells Fargo Bank*, 159 Cal. App. 4th at 385-94 (each claim "hinges" on harm caused by misrepresentations, omissions, and a deceptive and manipulative scheme to invest in mutual funds, regardless of whether "couched" in terms of breach of fiduciary duties or fraud).

These cases thus are on point and controlling as far as SLUSA preemption is concerned. And what these cases underscore is that SLUSA's preemptive reach is not limited to complaints making express allegations of misrepresentations or omissions. Rather, in determining whether SLUSA preemption applies, courts look at the essence of what the complaint attacks. Where a complaint necessarily implicates misrepresentations and omissions and deceptive and manipulative scheme or contrivance in connection with the purchase or sale of a covered security, it just as necessarily triggers SLUSA preemption. So it is here.

## III. PLAINTIFF'S COMPLAINT SATISFIES ALL THE ELEMENTS OF SLUSA PREEMPTION, NOTWITHSTANDING HER IMPROPER AND UNAVAILING ATTEMPT AT ARTFUL PLEADING.

Plaintiff contends that SLUSA preemption is irrelevant to this class action because her Complaint does not involve misrepresentations, omissions, or deceptive or manipulative conduct by the Bank "in connection with" the purchase and sale of mutual fund shares. Pl. Opp. at 4-10, 15-19. *Spencer*, *Siepel*, *Kutten*, and the other cases just cited put this contention to rest. Even if those cases somehow could be ignored, when Plaintiff's allegations are carefully scrutinized, as SLUSA requires, her Complaint *does* describe a "scheme" by the Bank that falls within SLUSA's reach.

### A. The Gravamen Of Plaintiff's Complaint Involves Misrepresentations And Omissions Of Material Facts And A Deceptive And Manipulative Scheme By The Bank In Connection With Trust Investments In Mutual Fund Shares.

In its Memorandum (10-11, 16-18), the Bank noted that Plaintiff's Complaint includes express allegations concerning: "statements" and "omissions" allegedly made by the Bank in furtherance of a "scheme" to "force" trust accounts to purchase shares of Nations Funds; the Bank's failure to "document" and make "available" appropriate information about affiliated mutual fund transactions, including information about the way in which the Bank handled alleged conflict of interest; the timing and substance of disclosures made by the Bank to trust beneficiaries in connection with the investment of their trust assets in affiliated mutual funds; and "willful" and "unlawful" conduct by the Bank in connection with the investment of trust assets in affiliated mutual funds. Controlling case law likewise makes clear that these allegations are sufficient to trigger SLUSA preemption. *Id.*

In her Opposition (2, 4-10), Plaintiff accuses the Bank of taking each of her allegations out of context and argues that no fair or objective reader of her Complaint could possibly rely on these allegations to conclude that the gravamen of her Complaint involved misrepresentations and omissions of material facts or a deceptive and manipulative scheme by the Bank in connection with trust investments. Plaintiff's contentions do not withstand reasoned analysis.

To begin with, the Bank has quoted the plain language of Plaintiff's Complaint accurately. Plaintiff's Complaint does include allegations complaining about "statements," "omissions," and failures by the Bank to "document" and make "available" information concerning trust investments, as well as "willful" and "unlawful" conduct by the Bank in connection with the investment of trust assets in affiliated mutual funds. While Plaintiff maintains that these allegations are irrelevant as far as SLUSA preemption is concerned, the case law tells a different story. These sorts of broadly phrased allegations have been recognized by courts as artfully pled euphemisms for alleged conduct triggering SLUSA. *See, e.g., In re Edward Jones Holders Litigations*, 453 F.Supp.2d 1210, 1214-17 & n.7 (C.D. Cal. 2006) (SLUSA preempted claims under Section 17200 and for breach of fiduciary duties where the gravamen of a complaint was that the firm "willful[ly]" and "unlawful[ly]" tailored and distorted its investment advice to steer customers to preferred funds, then encouraged them to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

hold those funds for long term) (describing "willful" and "unlawful" as artfully pled euphemisms for alleged conduct triggering SLUSA). Moreover, as many courts have held, Plaintiff's express factual allegations concerning the Bank's supposed "statements," "omissions," and failures to "document" and make "available" information concerning trust investments are sufficient to describe a deceptive scheme to invest trusts assets in affiliated mutual funds that falls squarely within SLUSA's ambit. *See* pp. 2-5 above; *see also* BOA Mem. at 11-13 (discussing *Spencer*, *Siepel*, *Kutten*, and other cases finding SLUSA applicable to beneficiaries' fiduciary duty claims related to mutual fund investments).

Although Plaintiff now contends that her express allegations are limited and could not *possibly* be construed to refer to misstatements and omissions of material facts and disclosures provided to trust beneficiaries, nothing in the Complaint's text actually supports, much less *requires*, such a narrow and self-serving construction. In any event, Plaintiff's re-characterization of her Complaint, even if contextually plausible, would not alter the conclusion that SLUSA applies.

SLUSA bars state law class action complaints that allege an "untrue statement or omission of a material fact" *or* the use of "any manipulative or deceptive device or contrivance" in connection with the purchase of a covered security. 15 U.S.C. §§ 77p(b), 78bb(f)(1). In this context, where Plaintiff's claims challenge the Bank's role in mutual fund investments that are predicated upon the disclosure material information, alleged "failures to act as required by trust law and fiduciary standards" and "distribute clear policies and procedures" describe deceptive and manipulative conduct that necessarily brings the Complaint within SLUSA's purview.

Under federal law, mutual fund shares may be offered and sold to the public *only* after the issuer of the mutual fund shares publicly has disclosed information about the fund's investment objectives, strategies, performance, fees, and the interests of the Bank affiliates who allegedly manage the fund. *See, e.g.,* 15 U.S.C. § 77e. Because federal law comprehensively regulates the purchase and sale of mutual fund shares and requires the disclosure of material information about fund objectives, performance, fees, and the interests of fund managers, courts recognize that state law class action claims that challenge excessive fees and other aspects of mutual fund investments involve—of necessity—misstatements, omissions, and deceptive and manipulative conduct in

connection with the purchase and sale of mutual funds and other types of covered securities. *See, e.g.*, *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1094 (11th Cir. 2002) (SLUSA preempts state law class claims for breach of contract and fiduciary duties where claim is for excessive fees associated with securities transactions); *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879-80 (8th Cir. 2002) (same); *Segal*, 2008 WL 819290, at **3-5 (holding that allegations substantially similar to Plaintiff's involved "deceptive" and "manipulative" conduct under SLUSA); *Beckett v. Mellon Investor Services, LLC*, No. C06-5245, 2006 WL 3249189, at **2-4 (W.D. Wash. Nov. 8, 2006) ("Claims that investment advisors breached fiduciary duties in charging unauthorized fees have been held to necessarily coincide with the sale or purchase of securities and are based in part on material omissions or the misrepresentations concerning the fees," even where plaintiff does not plead omission or misrepresentation); *see also* BOA Mem. at 14-15 (citing additional cases).[2]

In sum, Plaintiff's allegations about the excessiveness of mutual fund fees and her other allegations challenging mutual fund investments necessarily and implicitly charge the Bank with untrue statements, omissions, or deceptive or manipulative conduct in connection with mutual fund investments. Nothing more is required to bring the Complaint within SLUSA's purview.

### B. Plaintiff Cannot Evade SLUSA's Preemptive Reach By Asserting Non-Fraud Claims Or Sanitizing Her Complaint Of Allegations Concerning Bank Disclosures.

In her Opposition, Plaintiff argues SLUSA does not apply because her Complaint asserts non-fraud, class action claims for breaches of certain, select fiduciary duties (namely duties of loyalty and prudent investing) and generally avoids buzz words, like "misrepresentation," "omission," and "deception," and omits express references to disclosures and account statements that she received from the Bank in connection with the investment of trust assets in shares of affiliated

---

2 Although Plaintiff suggests that "manipulative" conduct is a term of art under federal law that refers only to manipulation of prices on national securities exchanges (Pl. Opp. at 14-15), she offers no such argument concerning the term "deceptive." And, even with respect to "manipulative" conduct, her construction of the statute is wrong. While allegations of "deceptive" and "manipulative" conduct "in connection with" the purchase and sale of a covered security includes conduct that affects market prices and activity, the terms are not construed so narrowly where SLUSA's preemptive reach is concerned. *Segal*, 2008 WL 819290, at **3-5.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

mutual funds. *See* Pl. Opp. at 1-5, 8-10. Once again, however, a review of relevant case law shows the lack of currency in this line of argument.

SLUSA preemption does not turn on whether a plaintiff's claims "sound in fraud" or formally accuse the bank of breaching its disclosure obligations to beneficiaries; nor does it turn on the labels or buzz words used in a complaint. To the contrary, courts uniformly hold that SLUSA preempts *any* complaint that asserts a "covered class action" based on state law and describes a scheme or contrivance that explicitly or implicitly involves misstatements, omissions, and deceptive and manipulative conduct in connection with the purchase and sale of mutual funds and other types of covered securities.

For example, in *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 701-02 (5th Cir. 2004), a plaintiff argued unsuccessfully that SLUSA did not apply to a breach of contract claim asserted against an insurance company that sold annuities because allegations of misrepresentations and omissions and deceptive and manipulative conduct were not necessary to his cause of action under state law. The district court and the circuit court rejected his construction of SLUSA and his self-serving characterization of the gravamen of his contract claim: "The interpretation of SLUSA that Miller proposes would circumvent both the plain meaning of the statutory text and Congress' clearly expressed purpose in enacting it." *Id.* SLUSA applied irrespective of the elements of the plaintiff's contract claim because his pleading challenged conduct and transactions within SLUSA's purview.

Likewise, in *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 304 (3d Cir. 2005), a plaintiff argued that SLUSA did not preempt a breach of contract claim asserted against his stockbroker because allegations of misrepresentations and omissions and deceptive and manipulative conduct were not an "essential legal element of his claim under [state] contract law." As in *Miller*, the district court and circuit court rejected that argument: "[SLUSA] preemption does not turn on whether allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are 'alleged' *in one form or another.*" *Id.* (emphasis added). "A contrary approach, under which only essential legal elements of a state law claim trigger preemption, is inconsistent with the plain meaning of the statute. Furthermore, it would allow artful pleading to undermine SLUSA's goal of uniformity—a result manifestly contrary to congressional intent." *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

And recently, in rejecting the same arguments Plaintiff presses here, the Eighth Circuit confirmed that it is the gravamen of the transactions and conduct alleged, not buzz words or elements of legal claims, that controls:

> [Plaintiffs] assert that their complaint "does not contain any allegations that facts were concealed. Nor does the Complaint in this action allege there were any omissions of facts or misrepresentations made to Plaintiffs." "[D]ifferent results can be reached based upon changes in the language used in the complaint," they urge.
>
> In determining whether SLUSA applies, we do not rely on the names of the causes of action that the plaintiff alleges. Instead we look at the substance of the allegations, based on a fair reading. *** SLUSA preemption is *based on the conduct alleged*, not *the words used to describe the conduct.*

*Kutten*, 530 F.3d at 670-71 (emphasis added). In focusing on the gravamen of the alleged transactions, not buzz words or legal elements, *Kutten* found that the plaintiffs' "class action claims center on Bank of America's alleged plan to funnel trust assets into a mutual fund substantially owned by the Bank" and concluded that claims identical to Plaintiff's are preempted by SLUSA. *Id.*

The Fifth, Third, and Eighth Circuits are not alone. Many courts have found that SLUSA preempts class action claims for breach of contract, breach of fiduciary duties (including duties of loyalty, care, and prudent investing), unjust enrichment, and violations of state consumer protection and trade practices statutes whenever the "gravamen" or "essence" of the claims concerns an alleged scheme that involves misstatements, omissions, and deceptive and manipulative conduct in connection with federal securities transactions. *E.g.*, *Anderson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 521 F.3d 1278, 1286 (10th Cir. 2008) (class claims for breach of fiduciary duty, negligence, violations of state securities laws, and aiding and abetting tortious action); *U.S. Mortgage, Inc. v. Saxton*, 494 F.3d 833 (9th Cir. 2007) (class claims for breach of fiduciary duty and aiding and abetting); *Dudek*, 295 F.3d at 879-80 (class claims for breach of fiduciary duty and unjust enrichment); *Segal*, 2008 WL 819290, at **1-7 (class claims for breach of contract, breach of fiduciary duties, and unjust enrichment); *In re Edward Jones*, 453 F.Supp.2d at 1214-17 & n.7 (class claims under Section 17200 and for breach of fiduciary duties of loyalty, care, and prudent investing); *Beckett*, 2006 WL 3249189, at **3-4 (class claims for breach of contract, agency, and fiduciary duties, as well as unjust enrichment, and state statutory violations).

Consistent with the reasoning in these cases, it is immaterial whether Plaintiff's Complaint includes a class claim accusing the Bank of violating its disclosure obligations or duty of candor or whether misstatements, omissions, and deception are legally required to support claims for breach of fiduciary duties of loyalty and prudence in investing. Rather, as these cases reflect, it is the gravamen of the *transaction*, not the elements of a particular *cause of action*, that matters.[3] Plaintiff's state law class claims accusing the Bank of self-dealing, disloyalty, and imprudent investing fall within SLUSA's ambit because they attack mutual fund transactions undertaken by the Bank pursuant to federal and state laws requiring the disclosure of material information concerning the very subjects at issue here. Plaintiff's Complaint makes clear that what is under attack is an undisclosed, deceptive, and manipulative scheme or contrivance related to the purchase of shares of affiliated mutual funds. That is what brings her claims within SLUSA's ambit.

Plaintiff gets no further with her assertion that she may plead around SLUSA by avoiding or minimizing direct references to misrepresentations, omissions, or deceptive or manipulative aspects of an alleged scheme or contrivance. Courts do not allow SLUSA to be avoided by transparent attempts to edit around its plain language and the Congressional intent that language furthers. *E.g.*, *Saxton*, 494 F.3d at 834-45 (SLUSA applied even after plaintiff filed post-removal amended complaint deliberately designed to evade SLUSA and effect a remand to state court); *In re Edward Jones*, 453 F.Supp.2d at 1215 (a court must "'strictly scrutinize[] complaints … in order to prevent artful drafting from circumventing SLUSA preemption'") (quoting *Rowinski*, 398 F.3d at 301).

---

3 Contrary to Plaintiff's Opposition at 8, *LaSala v. Bordier et CIE,* 519 F.3d 121 (3d Cir. 2008), fails to support assertion that SLUSA preemption turns on the essential legal elements of a state law claim. *LaSala* concerns SLUSA's mandatory provisions limiting preemption actions (1) brought directly "on behalf of more than 50 persons or prospective class members," and (2) based on the "statutory or common law" of a state. Relying on those limitations, *LaSala* held that SLUSA did not apply to a bankrupt corporation's state law claims or to foreign law claims of the bankrupt corporation's shareholders. *Id.* (analysis of foreign law claims not impacted by the "extraneous" re-allegation of facts supporting the corporation's claims). *LaSala* accordingly has no relevance to this case, which *does* involve class action claims based on state law.

The articles and secondary materials cited by Plaintiff likewise are inapposite. *See* Pl. Opp. at 10-11 (citing materials). None of these materials suggests that a plaintiff may evade SLUSA by stating only non-fraud claims and avoiding direct references to misrepresentations, omissions, or deceptive or manipulative aspects of an alleged scheme.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Although Plaintiff's Opposition again ignores all of these cases, they plainly establish that SLUSA may not be evaded by the artful avoidance of reference to those aspects of an alleged scheme that would trigger the statute's preemptive effect. While a complaint "facially" may assert non-fraud, state law, class claims and studiously avoid express use of words like "misstatement," "omission," or "deception" and express references to non-disclosures, "the question is whether plaintiffs are engaging in artful pleading to disguise substantive allegations that [a defendant] engaged in '[a] misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security,' as those words are used in SLUSA, 15 U.S.C. § 78bb(f)(1)." *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F.Supp.2d 684, 692-93 (S.D.N.Y. 2006).

Plaintiff's reliance on a bench ruling in *Luleff v. Bank of America*, No. 06-cv-1435 (S.D.N.Y.), does not change the above analysis in any material respect. *See* Pl. RJN, Exs. 1-4. In *Luleff*, the district court *granted* the Bank's motion to dismiss plaintiff's original complaint because the complaint satisfied all of SLUSA's elements. Although the district court gave Luleff's counsel an opportunity to file an amended complaint, the court *never* held that a plaintiff could evade SLUSA through the artful omission of buzz words and references to disclosures provided to plaintiff and other trust beneficiaries. The courts that have analyzed the relevant issue, however, *uniformly* have condemned such attempts to circumvent federal policy. Application of that same legal principle requires dismissal in this case as well. *See* cases cited above; *see also Behlen*, 311 F.3d at 1092 (SLUSA applied notwithstanding plaintiff's attempt to sanitize the complaint of references to misstatements, omissions, and deceptive and manipulative conduct); *Dudek*, 295 F.3d at 879-80 (SLUSA applied notwithstanding plaintiff's attempt to delete allegations of fraud, misrepresentation, and omission); *Felton*, 429 F.Supp.2d at 692-93 ("To regard the Amended Complaint as alleging nothing more than common law breaches of contract would reward artful pleading in a manner that the law does not permit."); *Beckett*, 2006 WL 3249189, at **2-4 (same); *Kurz v. Fidelity Management & Research Co.*, No. 07-cv-709, 2008 WL 2397582, at *3 (S.D. Ill. June 10, 2008) (SLUSA applied even though the complaint "scrupulously" avoided the buzz words of "fraud, misrepresentation, or omission," and included "a paragraph specifically disclaiming any such

allegations"); *Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 377, 384 (E.D.N.Y. 2002) (plaintiff may not "avoid SLUSA by omitting the allegations of fraud in the amended complaint.").

**C. Plaintiff Cannot Evade SLUSA's "In Connection With" Requirement Since Her Class Claims Indisputably Coincide With The Purchase Of A Covered Security.**

Primarily citing pre-SLUSA cases, Plaintiff contends that SLUSA's "in connection with" requirement must be given a narrow construction, akin to what would be required for a private party to have standing to sue under Section 10(b)-5 of the federal securities law. Plaintiff argues that since she did not personally direct her trust investments or purchase any affiliated mutual funds in reliance on a misstatement or omission, her Complaint must fall outside of SLUSA. *See* Pl. Opp. at 15-18. This argument, however, is irreconcilable with relevant federal law actually construing SLUSA's "in connection with" requirement and has been rejected consistently for that reason.

Specifically, the U.S. Supreme Court has held, in response to an argument urging the same narrow construction of SLUSA, that the statute's "in connection with" requirement must be given a "broad construction" to cover any allegations of fraud and concealment that "coincide with" or "touch" on a transaction involving covered securities. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 84-86 (2006). Moreover, as numerous courts have recognized, under this controlling construction of "in connection with," it is not necessary for a plaintiff to allege that he or she personally purchased, sold, or held any security or made any investment decision in reliance on alleged misstatements and omissions. *See, e.g.*, *Saxton*, 494 F.3d at 843-46; *Siepel*, 239 F.R.D. at 568-71 (rejecting Plaintiff's argument that SLUSA did not apply because plaintiff beneficiary did not purchase mutual funds shares or make an investment decision), *aff'd*, 526 F.3d at 1126-28; *Rabin*, 2007 WL 2295795, at **7-8 (same); *Kutten*, 2007 WL 248500, at *8 (same), *aff'd*, 530 F.3d at 669 (same); *Wells Fargo Bank*, 159 Cal. App. 4th at 392-993 (same); *see also* BOA Mem. at 14-15 (citing cases).

The Ninth Circuit's recent decision in *Saxton* is instructive and controlling here. In *Saxton*, the plaintiffs filed a state law class action on behalf of lenders who made loans to Saxton, Inc., including loans secured by pledges of Saxton stock. The plaintiffs argued that, because they were suing as lenders and not purchasers, sellers, or holders of any security, SLUSA did not cover their

action. The Ninth Circuit disagreed. Following *Dabit*, the court held that plaintiffs' status as lenders was irrelevant because SLUSA only requires alleged misrepresentations and omissions that "coincide" with transactions involving covered securities. 494 F.3d at 843-46. Accordingly, it was immaterial that the plaintiffs (a) did not personally make an investment decision to purchase, sell, or hold Saxton stock and (b) could not bring a private action based on federal securities laws. *Id.*

Consistent with *Dabit* and *Saxton*, moreover, federal and state courts alike have rejected arguments trying to narrow SLUSA's "in connection with" language based on *O'Brien v. Continental Illinois National Bank*, 593 F.2d 54 (7th Cir. 1979), *Norris v. Wirtz*, 719 F.2d 256 (7th Cir. 1983), and the other cases Plaintiff cites here. *See, e.g., Siepel*, 239 F.R.D. at 567-72, *aff'd*, 526 F.3d. at 1126-28, *Wells Fargo Bank*, 159 Cal. App. 4th at 392-993, and the other cases cited at pp. 1-5, 13 above. As these cases all provide, SLUSA's "in connection with" requirement is satisfied *whenever* the alleged misconduct "coincides" with a securities transaction, whether undertaken by the plaintiff or someone else. Given that construction, moreover, the requirement extends to Plaintiff's allegations in this case.

## IV. DISMISSAL OF PLAINTIFF'S COMPLAINT IS CONSISTENT WITH SLUSA'S TEXT, AS WELL AS FEDERAL POLICY, AND DOES NOT INTERFERE WITH PRINCIPLES OF STATE TRUST LAW IN ANY RESPECT.

Plaintiff yet again finds herself at odds with controlling precedent when she argues that application of SLUSA in this case would contravene principles of federalism, serve no legitimate federal interest, and imperil state trust law. *See* Pl. Opp. at 19-20. *Not so.* Plaintiff's federalism concerns were considered and rejected in *Dabit*, 547 U.S. at 87-88, where the Supreme Court recognized that concerns about federal law displacing one category of state law class actions could not be relied on to narrow SLUSA's preemptive reach.

In this regard, *Dabit* made the telling observation that "SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class action device to vindicate certain claims [on behalf of a group of 50 plaintiffs or more]." 547 U.S. at 88. Further, Plaintiff's federalism concerns are weaker here because "federal law, not state law, has long been the principal vehicle for asserting class-action securities fraud claims." *Id.* (citing legislative history). While state law breach of fiduciary claims concerning securities transactions theoretically were

available before SLUSA, nothing suggests that nationwide class action claims involving trust accounts and the purchase of mutual fund shares were commonplace. "This is hardly a situation, then, in which a federal statute has eliminated a historically entrenched state-law remedy." *Id.*

Given its narrow preemptive effect, enforcement of SLUSA preemption does not, as Plaintiff suggests, leave any would-be plaintiff without a remedy. Those plaintiffs who have a bona fide federal securities claim are free to bring those claims consistent with the requirements of controlling law. Alternately, SLUSA preempts only those state law claims that are related to securities transactions and that are brought as covered class actions seeking damages by a named plaintiff on behalf of a class or a group of more than fifty named people. SLUSA thus does not preempt an individual's state law remedies for alleged violations of disclosure obligations with respect to investments. It is only large class action lawsuits that Congress sought to rein in by requiring plaintiffs to assert them under federal law using federal pleading standards. *Saxton*, 494 F.3d at 843-45 (noting that SLUSA does not preempt any substantive state law or deprive any individual of a remedy; rather, SLUSA simply restricts the use of the class action "procedural device"). SLUSA's application here, accordingly, furthers federal policies and objectives without unduly interfering with any traditional state law prerogatives.

## V. CONCLUSION

The controlling case law speaks with one voice in cases like this one: Plaintiff's artful attempt to avoid SLUSA's preemptive reach must fail. Because Plaintiff's Complaint contains class action allegations prohibited by SLUSA, it should be dismissed.

DATED: October 3, 2008

Respectfully Submitted,

REED SMITH LLP

By /s/ David S. Reidy
Mary J. Hackett
David S. Reidy

*Attorneys for Defendants Bank of America, N.A., and Bank of America Corporation*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware