IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>    Defendants.<br>_____/ | No. C 08-02705 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 21, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. Considering the passage of time and this Court's previous ruling, is the motion to stay this action (docket no. 42) moot? If not, what further relief do Defendants seek from that motion?

2. Defendants argue that the gravamen of the complaint is that Defendants engaged in transactions that inured to their benefit at the expense of Plaintiff and the purported class and that regardless of how she legally characterizes her claims, material misrepresentations and omissions serve as the factual predicate for Plaintiff's state law claims.
   a. Is the failure to provide objective recommendations for investment instead of investing trust assets in affiliated proprietary mutual funds inherently misleading?
   b. Where, specifically, in the complaint are the misrepresentations or omitted material facts relating to those transactions?
   c. In what part of the complaint does Plaintiff challenge Defendants' failure to disclose material facts?

3. If the Court were to grant Defendants' motion to dismiss, on what basis could it give Plaintiff leave to amend?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: August 20, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2