IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, | |
| Plaintiff, | No. C 08-02705 JSW |
| v. | |
| BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION, | **ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE** |
| Defendants. | |

Now before the Court is the motion filed by Defendants Bank of America, N.A. and Bank of America Corporation (collectively, "Defendants") to dismiss the complaint. Defendants also filed a motion to strike the request to have the Court consider the opposition to the initial motion to dismiss the complaint. Having considered the parties' pleadings, relevant legal authority, and having had the benefit of oral argument, for the reasons set forth in the remainder of this Order, the Court GRANTS Defendants' motion to dismiss and DENIES Defendants' motion to strike.[1]

**BACKGROUND**

Plaintiff brings this lawsuit on behalf of herself and a putative nationwide class of thousands of trust beneficiaries whose trust accounts are administered by Defendants as trustee. Plaintiff alleges that Defendants owed her a fiduciary duty of loyalty and care in the

---

[1] The Court finds that both parties were given an opportunity to brief the issue of preemption in opposition and reply to Defendants' initial motion to dismiss. The Court may review the papers filed in this matter. In addition, because the Court need not decide the issue of whether Plaintiff or her counsel were engaged in forum shopping in deciding to file this lawsuit, the objections to evidence submitted by Defendants are moot.

1  administration of her trust assets, including in the decision to invest trust assets in shares of
2  affiliated mutual funds.  (*See* Complaint at ¶¶ 2, 23.)  According to the allegations in the
3  complaint, the Defendants' administration of the trust has been unlawfully compromised by a
4  conflict of interest attributable to the fees that Defendants receive as a result of investing trust
5  assets in shared of its affiliated mutual funds.  (*See id*. at ¶¶ 2-4, 23-24.)

6  Any additional facts will be addressed as necessary in the remainder of this order.

### ANALYSIS

**A.     Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291,

2

296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.     Preemption of State law Causes of Action.**

Defendants argue that the Securities Litigation Standards Act of 1998 ("SLUSA") preempts Plaintiff's state law claims. SLUSA requires preemption and dismissal of certain class actions that allege false statements or omissions of material fact made in connection with the purchase or sale of certain securities. 15 U.S.C. § 78bb(f)(1); *Dudek v. Prudential Sec., Inc.,* 295 F.3d 875, 879 (8th Cir. 2002). Dismissal of an action is appropriate when: (1) the action is a "covered class action: under SLUSA; (2) the action purports to be based on state law; (3) the defendant is alleged to have misrepresented or omitted a material fact; and (4) the defendant's alleged misrepresentation or omission of a material fact was made "in connection with the purchase or sale of a covered security." *Dudek*, 295 F.3d at 879.

A covered class action is a lawsuit in which damages are sought on behalf of more than 50 people. 15 U.S.C. § 78bb(f)(5)(B). A covered security is one traded nationally and listed on a regulated national exchange. 15 U.S.C. § 78bb(f)(5)(E).

The Supreme Court has read the "in connection with" provision of SLUSA expansively. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 85-86 (2006). "It is enough that the fraud alleged 'coincide' with a securities transaction" for SLUSA preemption to apply. *Id.* at 85 (citing *United States v. O'Hagan*, 521 U.S. 642, 651 (1997)).

The misrepresentation or omission

> must relate to the nature of the securities, the risks associated with their purchase or sale, or some other factor with similar connection to the securities themselves. While the fraud in question need not relate to the investment value of the securities themselves, it must have more than some tangential relation to the securities transaction.

*Falkowski v. Imation Corp.*, 309 F.3d 1123, 1130-31 (9th Cir. 2002) (quoting *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1026 (9th Cir. 1999)).

Lastly, in determining whether an alleged misrepresentation or omission "coincides" with a securities transaction, courts look at the "gravamen" – whether the complaint, as a whole, involves an untrue statement or substantive omission of a material fact, and whether that

3

conduct coincides with a transaction involving a covered security. *Wells Fargo Bank, N.A. v. Superior* Court, 159 Cal. App. 4th 381, 386 (2008). The court must focus on the substance of the claim, not on the plaintiffs' characterization of it. *Id.* (citing *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004) (holding that whether SLUSA applies "hinges on the context of the allegations – not on the label affixed to the cause of action")).

Plaintiff only disputes the presence of misrepresentations and omissions and the "in connection with" element of the SLUSA preemption test.

### 1. Misrepresentations or Omissions Element.

Plaintiff contends that SLUSA does not apply because her state law claims are not predicated on material misrepresentations or omissions in connection with the sale of securities. However, even where plaintiffs attempt to conceal claims based on misrepresentations or omissions of material facts with state law labels, courts have disregarded the labels and dismisses the class claims as preempted by SLUSA. *See, e.g., Siepel v. Bank of America*, 239 F.R.D. 558, 567-68 (E.D. Mo. 2006); *Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800, 803 (8th Cir. 2003) (negligence claim preempted by SLUSA because it was "essentially a securities fraud claim"); *Dudek*, 295 F.3d at 879 (breach of fiduciary duty and unjust enrichment claims preempted by SLUSA because the essence of the complaint was that defendants misstated or omitted material facts in connection with the purchase and sale of a security).

Thus, this Court must focus instead on the substance of the allegations and be wary of efforts to circumvent SLUSA through artful pleading. *See Dudek*, 295 F.3d at 879-880; *see also Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 304-05 (3d Cir. 2005) (determining whether a reasonable reading of the complaint reveals allegations within SLUSA's purview); *In re Salomon Smith Barney Mutual Fund Fees Litig.*, 441 F. Supp. 2d 579, 602 (S.D.N.Y. 2006) (dismissing state law breach of fiduciary duty claims with prejudice and finding plaintiffs' attempt to evade SLUSA preemption unavailing). "When the gravamen of the complaint involves an untrue statement or substantive omission of a material fact, and when that conduct

4

coincides with a transaction involving a covered security, SLUSA mandates dismissal." *Siepel*, 239 F.R.D. at 568 (citing *Dudek*, 295 F.3d at 879-880).

SLUSA bars state law class action complaints that allege an "untrue statement or omission of a material fact" or the use of "any manipulative or deceptive device or contrivance" in connection with the purchase of a covered security. 15 U.S.C. §§ 77p(b), 78bb(f)(1). In this case, Plaintiff's state law claims are framed as claims for breach of fiduciary duty, self-dealing in violation of the fiduciary duties of loyalty and to avoid conflicts of interest, unjust enrichment and violation of California Business and Professions Code § 17200. With the exception of the prayer for relief, however, there is no explicit reference in the complaint to any fraudulent activity such as a misrepresentation or omission of material fact. However, the Court reasonably finds that Plaintiff has framed the pleading in an effort to avoid SLUSA preemption. *See Beckett v. Mellon Investor Services, LLC*, 2006 WL 3249189, *3 (W.D. Wash. 2006); *see also Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp. 2d 684, 692 (S.D.N.Y. 2006). Under SLUSA, the Court must look beyond the face of the complaint to analyze the substance of the allegations. *Dudek*, 295 F.3d at 879.

Plaintiff challenges Defendants' role in mutual fund investments that are predicated upon the disclosure of material information, alleged "failure to act as required by trust law and fiduciary standards" and failure to "distribute clear policies and procedures." The Court finds that the essence of the complaint is that Defendants misrepresented and omitted material facts relating to the investment in Columbia Funds, such as conflicts of interest and increased expenses related to the investment. Under federal law, mutual fund shares may be offered and sold to the public only after the issuer of the mutual fund shares has publicly disclosed information about the fund's investment objectives, strategies, performance, fees, and the interests of the Bank's affiliates who manage the fund. *See* 15 U.S.C. § 77e. Because federal law comprehensively regulates the purchase and sale of mutual fund shares and requires the disclosure of material information about the fund's objectives, performance, fees and interests of its managers, courts have recognized that state law class action claims that challenge excessive fees and other aspects of mutual fund investments of necessity involve misstatements,

omissions, and deceptive and manipulative conduct in connection with the purchase and sale of mutual funds and other types of covered securities. *See, e.g, Dudek*, 295 F.3d at 879-880; *see also Segal v. Fifth Third Bank N.A.*, 2008 WL 819290, *3-5 (S.D. Ohio March 25, 2008); *Felton*, 429 F. Supp. 2d at 692-93.

For example, in *Felton*, plaintiffs alleged a breach of contract claim against the bank for failing to provide objective research and recommendations for investments. *Felton*, 429 F. Supp. 2d at 693. The court found that plaintiffs' claim "is a security fraud wolf dressed up in a breach of contract sheep's clothing." *Id.* The gravamen of the complaint there was that conflicts of interest were created by defendant's relationships with the companies the analysts covered which were undisclosed to plaintiffs. While the customers believed that they were paying for and receiving informed and objective investment advice, they were in fact receiving recommendations based on the analysts' existing or desired investment banking deals. "Plaintiffs describe this conduct as a breach ..., and so it may have been, but it is also a quintessential example of a fraudulent omission of a material fact under the federal securities laws." *Id.*

Similarly, in *Rowinski*, 398 F.3d at 304, plaintiff argued the SLUSA did not preempt a breach of contract claim asserted against his stockbroker because allegations of misrepresentations and omissions were not an essential legal element of his claim under state contract law. The court rejected that argument: "[SLUSA] preemption does not turn on whether allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are 'alleged' in one form or another." *Id.* The court held that a "contrary approach, under which only essential legal elements of a state law claim trigger preemption, is inconsistent with the plain meaning of the statute. Furthermore, it would allow artful pleading to undermine SLUSA's goal of uniformity – a result manifestly contrary to congressional intent." *Id.*

The case primarily relied upon by Plaintiff in this action, *In re Charles Schwab Corp. Securities Litigation*, 2578 F.R.D. 534, 551 (N.D. Cal. 2009), does not hold to the contrary. Rather, the court in *Schwab* held that in order for the state claims to be preempted by SLUSA,

6

1 the claims must be predicated on a misrepresentation, or "the fact of a misrepresentation must
2 be one that gives rise to liability, not merely an extraneous detail." *Id.* (citing *LaSala v. Bordier*
3 *et Cie*, 519 F.3d 121, 141 (3d Cir. 2008)). Here, the Court finds that the facts upon which the
4 claims Plaintiff makes are predicated are fundamentally based on misrepresentation and
5 omissions. The allegations of violations of fiduciary obligations inherently require disclosure
6 and notice of the investments on behalf of the trust. California and federal law require, as part
7 of the duty owed to the beneficiaries, that the trustee give adequate notice. It is clear from the
8 complaint that Plaintiff alleges she did not receive such notice. (*See* Complaint at ¶ 25.) The
9 complaint also alleges claims for excessive fees caused by the investments, which claims have
10 been universally found to be preempted by SLUSA. (*See id.* at ¶¶ 3, 4, 20, 22, 24, 26-28, 30,
11 38, 46, 47; *see also, e.g., Beckett*, 2006 WL 3249189 at *3.) Plaintiff alleges that the trustee
12 failed to give proper investment advice. (*See* Complaint at ¶¶ 32, 35.) Plaintiff alleges that the
13 Defendants' conduct kept Plaintiff uniformed and statements reflecting the investments were
14 made only after the investment decisions were effected. (*See id.* at ¶¶ 25, 53.) The complaint
15 alleges that Defendants failed to document their practices or to make those documents available.
16 (*See id.* at ¶ 36.) In the prayer for relief, Plaintiff requests "injunctive relief prohibiting
17 Defendants from continuing to engage in or resuming the unlawful, unfair, and *fraudulent*
18 business policies described in this Complaint." (*See id.* at VII(2) (emphasis added).) The Court
19 finds that the gravamen of the complaint, and the predicate facts upon which the claims are
20 made, set forth a scheme premised on the inherent misrepresentations and omissions made by
21 the trustee. On this basis, the Court determines that SLUSA preempts the purported class action
22 complaint.

23        **2.      "In Connection With" Element.**

24        The Court is similarly unpersuaded by Plaintiff's arguments that the complaint fails to
25 allege conduct "in connection with" the sale of securities. The Court in *Dabit* interpreted "in
26 connection with the purchase or sale" as requiring only that the fraud 'coincide' with a
27 securities transaction, whether by the plaintiff or someone else. *Dabit*, 543 U.S. at 84-86. The
28 "in connection with" requirement of SLUSA is satisfied whenever the alleged misconduct

7

coincides with a securities transaction, whether undertaken by the plaintiff or someone else. Regardless of the framing of the cause of action, therefore, the alleged wrongdoing asserted here necessarily occurred in connection with the sale or purchase of stock.

### 3. Leave to Amend.

In response to the question posed at oral argument on this motion regarding whether Plaintiff could plead a claim to avoid the preclusive effect of SLUSA, counsel for Plaintiff was unable to articulate such a claim. The Court finds that the mere omission of key terms and references to omissions and fraudulent practices would be merely artful pleading, which would be improper. Therefore, the Court dismisses the complaint as preempted without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 25, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8