IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, | |
| Plaintiff, | No. C 08-02705 JSW |
| v. | |
| BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION, | **NOTICE OF QUESTIONS FOR HEARING** |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED MAY 4, 2012 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. Plaintiff has now filed an amended complaint in which she continues to allege the same claims for breach of fiduciary duties and other violations of state law, on behalf of the same class, and based upon the same conduct of alleged self-dealing. The amended complaint adds several paragraphs of legal argument and legal conclusions about the Plaintiff's intention not to allege fraud, and omits prior specific references to the deceptive practices of the self-dealing scheme. However, the complaint remains premised upon the same basic set of allegations based on the same self-dealing and the same breach of fiduciary duties on behalf of the same putative class of trust beneficiaries.

    a. How has the gravamen of the complaint changed?

    b. Plaintiff changes her theory of recovery from disgorgement of the Bank's fee income and reduced corporate expenses to seeking only to recover damages incurred to the class as a result of being deprived better investments. Should this limited theory of damages change the outcome?

    c. Plaintiff amends to add facts indicating that the class participants, as beneficiaries of irrevocable trusts, have no investment powers or control over the Bank's investment decisions, thereby attempting to remove non-disclosure as an issue. However, how does Plaintiff distinguish this matter from the holding in *Felton v. Morgan Stanley Dean Witter & Co.*, 429 F. Supp. 2d 684, 693 (S.D.N.Y. 2006), in which the court found SLUSA preemption when customers thought they were paying for and receiving informed and objective investment advice, they were in fact receiving recommendations based on the analysts' existing banking deals?

2. Under SLUSA, a covered class action is preempted which alleges either "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or that the defendant used or employed any *manipulative or deceptive device or contrivance* in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1) (emphasis added). What is the relevant case law defining the term manipulative device or contrivance? Does the preemption analysis include examination of manipulative conduct in the absence of allegations of fraud or deception? Does a pattern or practice of self-dealing in covered securities amount to a manipulative or deceptive device or contrivance?

3. In its original dismissal, this Court found that the "'in connection with' requirement of SLUSA is satisfied whenever the alleged misconduct coincides with a securities transaction, whether undertaken by the plaintiff or someone else" and that "the alleged wrongdoing asserted here necessarily occurred in connection with the sale or purchase of stock." Why is that finding, affirmed on appeal, not binding as law of the case?

4. If the Court again dismisses the current complaint as preempted, should the Court grant leave to amend? If so, on what basis would Plaintiff replead?

5. Do the parties have anything further they wish to address?

    **IT IS SO ORDERED.**

Dated: May 2, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2