United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELLEN STOODY-BROSER, an individual, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,

    Defendants.

No. C 08-02705 JSW

**ORDER DENYING MOTION TO DISMISS**

Now before the Court is the motion filed by Defendants Bank of America, N.A. and Bank of America Corporation (collectively, "Defendants") to dismiss the complaint. Having considered the parties' pleadings, the relevant legal authority, and having had the benefit of oral argument, for the reasons set forth in the remainder of this Order, the Court DENIES Defendants' motion to dismiss.[1]

**BACKGROUND**

Plaintiff brings this lawsuit on behalf of herself and a putative nationwide class of thousands of trust beneficiaries whose trust accounts are administered by Defendants as trustee. Plaintiff alleges that Defendants owed her a fiduciary duty of loyalty and care in the administration of her trust assets, including in the decision to invest trust assets in shares of affiliated mutual funds. (First Amended Complaint ("FAC") at ¶¶ 2, 23.)

---

[1] Also, based on the record submitted, the Court declines to exercise its discretion to *sua sponte* dismiss this action for improper forum shopping.

This Court dismissed the original complaint on the basis that the claims were infused with both implicit and explicit references to fraud. The Ninth Circuit affirmed the Court's decision, but remanded with leave to allow Plaintiff to amend her complaint to "allege a violation of a trust administrator's duty to the trust's beneficiaries even where that violation involves trading in covered securities so long as the complaint does not allege, either expressly or implicitly, misrepresentations, omission, or fraudulent practices coincidental to the violation." *Stoody-Broser v. Bank of America, N.A. et al.*, 442 Fed. Appx. 247, 249 (9th Cir. June 6, 2011).

According to the allegations in the amended complaint, the Defendants' administration of the trust has been unlawfully compromised by their decision uniformly to invest all of the trust assets in shares of its affiliated mutual funds. (*Id*. at ¶¶ 2-4, 23-24.) Plaintiff contends that Defendants breached their fiduciary duty of prudent investing. (*Id*. at ¶¶ 3, 7-12, 17-21, 24, 27, 41-42, 50-55, 65, 70-73.)

Any additional facts will be addressed as necessary in the remainder of this order.

**ANALYSIS**

**A.     Legal Standard for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      Preemption of State law Causes of Action.**

As they did with regard to the original complaint filed in this matter, Defendants argue that the Securities Litigation Standards Act of 1998 ("SLUSA") preempts Plaintiff's state law claims as amended. SLUSA requires preemption and dismissal of certain class actions that allege false statements or omissions of material fact made in connection with the purchase or sale of certain securities. 15 U.S.C. § 78bb(f)(1); *Dudek v. Prudential Sec., Inc.,* 295 F.3d 875, 879 (8th Cir. 2002). Dismissal of an action is appropriate when: (1) the action is a "covered class action" under SLUSA; (2) the action purports to be based on state law; (3) the defendant is alleged to have misrepresented or omitted a material fact; and (4) the defendant's alleged misrepresentation or omission of a material fact was made "in connection with the purchase or sale of a covered security." *Dudek*, 295 F.3d at 879.

A covered class action is a lawsuit in which damages are sought on behalf of more than 50 people. 15 U.S.C. § 78bb(f)(5)(B). A covered security is one traded nationally and listed on a regulated national exchange. 15 U.S.C. § 78bb(f)(5)(E).

The Supreme Court has read the "in connection with" provision of SLUSA expansively. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 85-86 (2006). "It is enough that the fraud alleged 'coincide' with a securities transaction" for SLUSA preemption to apply. *Id.* at 85 (citing *United States v. O'Hagan*, 521 U.S. 642, 651 (1997)).

3

> The misrepresentation or omission must relate to the nature of the securities, the risks associated with their purchase or sale, or some other factor with similar connection to the securities themselves. While the fraud in question need not relate to the investment value of the securities themselves, it must have more than some tangential relation to the securities transaction.

*Falkowski v. Imation Corp.*, 309 F.3d 1123, 1130-31 (9th Cir. 2002) (quoting *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1026 (9th Cir. 1999)).

Lastly, in determining whether an alleged misrepresentation or omission "coincides" with a securities transaction, courts look at the "gravamen" – whether the complaint, as a whole, involves an untrue statement or substantive omission of a material fact, and whether that conduct coincides with a transaction involving a covered security. *Wells Fargo Bank, N.A. v. Superior* Court, 159 Cal. App. 4th 381, 386 (2008). The court must focus on the substance of the claim, not on the plaintiffs' characterization of it. *Id.* (citing *Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004) (holding that whether SLUSA applies "hinges on the context of the allegations – not on the label affixed to the cause of action")).

Plaintiff again only disputes the presence of misrepresentations and omissions and the "in connection with" element of the SLUSA preemption test.

**1. Misrepresentations or Omissions Element.**

Plaintiff contends that SLUSA does not apply because her amended state law claims are not predicated on material misrepresentations or omissions in connection with the sale of securities. In an effort to comply with the Ninth Circuit's determination that the dismissal of the original complaint was proper, but omission of allegations of fraud might cure the defect, Plaintiff has amended to remove all allegations or allusions to fraud. However, even where plaintiffs attempt to conceal claims based on misrepresentations or omissions of material facts with state law labels, courts have disregarded the labels and dismissed the class claims as preempted by SLUSA. *See, e.g., Siepel v. Bank of America*, 239 F.R.D. 558, 567-68 (E.D. Mo. 2006); *Prof'l Mgmt. Assocs., Inc. Employees' Profit Sharing Plan v. KPMG LLP*, 335 F.3d 800, 803 (8th Cir. 2003) (negligence claim preempted by SLUSA because it was "essentially a securities fraud claim"); *Dudek*, 295 F.3d at 879 (breach of fiduciary duty and unjust

4

1   enrichment claims preempted by SLUSA because the essence of the complaint was that
2   defendants misstated or omitted material facts in connection with the purchase and sale of a
3   security).

4   Thus, this Court must focus instead on the substance of the allegations and be wary of
5   efforts to circumvent SLUSA through artful pleading. *See Dudek*, 295 F.3d at 879-880; *see
6   also Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 304-05 (3d Cir. 2005) (determining
7   whether a reasonable reading of the complaint reveals allegations within SLUSA's purview); *In
8   re Salomon Smith Barney Mutual Fund Fees Litig.*, 441 F. Supp. 2d 579, 602 (S.D.N.Y. 2006)
9   (dismissing state law breach of fiduciary duty claims with prejudice and finding plaintiffs'
10  attempt to evade SLUSA preemption unavailing). "When the gravamen of the complaint
11  involves an untrue statement or substantive omission of a material fact, and when that conduct
12  coincides with a transaction involving a covered security, SLUSA mandates dismissal." *Siepel*,
13  239 F.R.D. at 568 (citing *Dudek*, 295 F.3d at 879-880).

14  SLUSA bars state law class action complaints that allege an "untrue statement or
15  omission of a material fact" or the use of "any manipulative or deceptive device or contrivance"
16  in connection with the purchase of a covered security. 15 U.S.C. §§ 77p(b), 78bb(f)(1). In the
17  Court's first order dismissing the original complaint, the Court found that although Plaintiff's
18  state law claims were framed as claims for breach of fiduciary duty, self-dealing in violation of
19  the fiduciary duties of loyalty and to avoid conflicts of interest, unjust enrichment and violation
20  of California Business and Professions Code § 17200, the pleading was crafted in an explicit
21  effort to avoid SLUSA preemption. *See Beckett v. Mellon Investor Services, LLC*, 2006 WL
22  3249189, *3 (W.D. Wash. 2006); *see also Felton v. Morgan Stanley Dean Witter & Co.*, 429 F.
23  Supp. 2d 684, 692 (S.D.N.Y. 2006). Under SLUSA, the Court must look beyond the face of the
24  complaint to analyze the substance of the allegations. *Dudek*, 295 F.3d at 879.

25  In the original complaint, Plaintiff challenged Defendants' role in mutual fund
26  investments predicated upon the disclosure of material information, alleged "failure to act as
27  required by trust law and fiduciary standards" and failure to "distribute clear policies and
28  procedures." Based on these allegations, the Court found that the essence of the original

complaint was that Defendants misrepresented and omitted material facts relating to the investment in the affiliated mutual funds, such as conflicts of interest and increased expenses related to the investment. Because federal law comprehensively regulates the purchase and sale of mutual fund shares and requires the disclosure of material information about the fund's objectives, performance, fees and interests of its managers, courts have recognized that state law class action claims that challenge excessive fees and other aspects of mutual fund investments of necessity involve misstatements, omissions, and deceptive and manipulative conduct in connection with the purchase and sale of mutual funds and other types of covered securities. *See, e.g, Dudek*, 295 F.3d at 879-880; *see also Segal v. Fifth Third Bank N.A.*, 2008 WL 819290, *3-5 (S.D. Ohio March 25, 2008); *Felton*, 429 F. Supp. 2d at 692-93.

However, in carefully amending their complaint, Plaintiff have cured the preemption issues by removing all fraud claims. Similar to the findings in *Tuttle v. Sky Bell Asset Management, LLC*, ths Court finds that, in compliance with the Ninth's Circuit remand of this matter in order to give Plaintiff an opportunity to amend the complaint, that Plaintiff has changed both the language and the substance of their claims. 2011 U.S. Dist. LEXIS 7466, at *6-10 (N.D. Cal. Jan. 21, 2011). Similarly, where the original complaint alleged that Plaintiff and other trust beneficiaries similarly situated were misled about the investment of their trust assets, the amended complaint alleges merely that Defendants fail to act with due care under their fiduciary obligations to do so. Because the state claims for breach of fiduciary duty are not predicated upon a misrepresentation in connection with a securities transaction, the Court finds that they are no longer preempted. *See id.* at *7.

Although California and federal law require, as part of the duty owed to the beneficiaries, that the trustee give adequate notice, the amended complaint is not based on and makes no allegation relative to that disclosure. *See In re Charles Schwab Corp. Securities Litigation*, 2578 F.R.D. 534, 551 (N.D. Cal. 2009) (citing *LaSala v. Bordier et Cie*, 519 F.3d 121, 141 (3d Cir. 2008) (holding that, in order for the state claims to be preempted by SLUSA, the claims must be predicated on a misrepresentation, or "the fact of a misrepresentation must be one that gives rise to liability, not merely an extraneous detail.") Plaintiff's amended

6

complaint specifically disavows claims for misrepresentation by alleging that, even to the extent Defendants were required to make certain disclosures, Plaintiff and the putative class could not have acted upon the disclosures as they are "beneficiaries of irrevocable trusts with no investment powers. Thus even if they believed that an investment was imprudent, they were and are powerless to change any investment acts of the Bank, unless a Court intervenes." (FAC at ¶ 16.) The amended complaint also eliminates any claim for excessive fees caused by the investments, which claims have been universally found to be preempted by SLUSA. *See also, e.g., Beckett*, 2006 WL 3249189 at *3. Accordingly, the Court finds that the amended complaint omits reference to and does not seek to recover from any potential misrepresentation and that "by changing the language, plaintiffs have necessarily altered the gravamen of their claims as well." *Tuttle*, 2011 U.S. Dist. LEXIS 7466, at *6.[2]

### 2. "In Connection With" Element.

The Court remains unpersuaded by Plaintiff's arguments that the complaint fails to allege conduct "in connection with" the sale of securities. The Court in *Dabit* interpreted "in connection with the purchase or sale" as requiring only that the fraud 'coincide' with a securities transaction, whether by the plaintiff or someone else. *Dabit*, 543 U.S. at 84-86. The "in connection with" requirement of SLUSA is satisfied whenever the alleged misconduct coincides with a securities transaction, whether undertaken by the plaintiff or someone else. Regardless of the framing of the cause of action, therefore, the alleged wrongdoing asserted here necessarily occurred in connection with the sale or purchase of stock. In addition, the Court finds that the resolution of this legal issue has been determined, affirmed on appeal, and constitutes binding law of the case. *See Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (internal quotations and citations omitted) ("The law of the case doctrine states that

---

[2] The Court is also unpersuaded by Defendants' argument that Plaintiff has failed to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6). The factual allegations are sufficient to survive the motion to dismiss and additional facts shall be the terrain of discovery. However, the Court cautions that although Plaintiff's amended complaint has evaded the preemption of SLUSA, a later allegation or implicit suggestion of Defendants' failure to disclose will again threaten to render the matter a preempted securities fraud claim. *See Brown v. Calamos*, 664 F.3d 123, 126-27 (7th Cir. 2011).

7

the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.")

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motions to dismiss and to strike.

**IT IS SO ORDERED.**

Dated: May 10, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE