1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ELLEN STOODY-BROSER, an individual,
    individually and on behalf of all others
10  similarly situated,                                 No. C 08-02705 JSW

11              Plaintiff,

12      v.                                          **ORDER GRANTING MOTION TO**
                                                    **CERTIFY IMMEDIATE APPEAL**
13  BANK OF AMERICA, N.A. and BANK OF
    AMERICA CORPORATION,

14              Defendants.

15  _____/

16

17          Now before the Court is the motion filed by Defendants Bank of America, N.A. and

18  Bank of America Corporation (collectively, "Defendants") to certify for immediate appeal this

19  Court's order dated May 10, 2012 denying Defendants' motion to dismiss.  The Court finds that

20  this matter is appropriate for disposition without oral argument and the matter is deemed

21  submitted.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing set for August 24, 2012 is

22  HEREBY VACATED.  Having considered the parties' pleadings and relevant legal authority,

23  for the reasons set forth herein, the Court GRANTS Defendants' motion to certify immediate

24  appeal, STAYS the matter, DENIES as moot the motion for judgment on the pleadings, and

25  administratively closes the case pending notice of resolution of the appeal.

26          Pursuant to 28 U.S.C. § 1292(b), the Court has discretion to certify an interlocutory

27  order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial

28  ground for differences of opinion as to that question; and (3) an immediate appeal may

**United States District Court**
For the Northern District of California

1   materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

2           Certification for interlocutory appeal should be applied sparingly and only granted in

3   exceptional situations in which allowing an interlocutory appeal would avoid protracted and

4   expensive litigation.  *See, e.g., United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir.

5   1959); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).  The Court

6   recognizes review under Section 1292(b) is intended to be applied sparingly and such a motion

7   should only be granted when exceptional circumstances warrant such action.  *Coopers &*

8   *Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).   The party seeking certification of an

9   interlocutory order has the burden of establishing the existence of such exceptional

10  circumstances.  *Id.*  A court has substantial discretion to decide whether to grant a motion for

11  certification.  *Valdovinos v. McGrath*, 2007 WL 2023505 at *2 (N.D. Cal. July 12, 2007) (citing

12  *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996)).

13          The order denying dismissal involves a controlling question of law.  The issue of

14  whether Plaintiff's amended complaint is (or is not) preempted by the Securities Litigation and

15  Uniform Standards Act ("SLUSA") is a threshold legal question, subject to review, that may

16  provide for immediate termination of the purported class action and further proceedings.

17          Second, there must be a substantial ground for difference of opinion on the issue.  28

18  U.S.C. § 1292(b).  "A substantial ground for difference of opinion is not established by a

19  party's strong disagreement with the court's ruling; the party seeking an appeal must make

20  some greater showing."  *Valdovinos*, 2007 WL 2023505 at *2 (citing *Mateo v. M/S Kiso*, 805 F.

21  Supp. 792, 800 (N.D. Cal. 1992)).  However, "[w]here 'proceedings that threaten to endure for

22  several years depend on an initial question of jurisdiction ... or the like,' certification may be

23  justified even if there is a relatively low level of uncertainty."  *APPC Servs., Inc. v. AT&T*

24  *Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003) (quoting 16 Wright, Miller & Cooper, *Federal*

25  *Practice & Procedure*, § 3930 at 422 (1996)).  There has already been substantial disagreement

26  in several circuit courts as well as the Ninth Circuit's own ruling concerning whether Plaintiff

27  may be able to state a non-preempted claim based upon the proposed amended set of facts.

28  Further, in light of the variance of precedent bearing on the issue, and in light of the fact that the

**United States District Court**
For the Northern District of California

2

issue to be presented on appeal involves the question of jurisdiction, the Court concludes that Defendants have demonstrated that a substantial ground for a difference of opinion exists. *See APPC Servs.*, 297 F. Supp. 3d at 107.

Third, an interlocutory appeal must be likely to advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Whether an appeal may materially advance the termination of the litigation is "linked to whether an issue of law is 'controlling' in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case." *Valdovinos*, 2007 WL 2023505 at *2 (citing *Mateo*, 805 F. Supp. at 800). The Court finds that the issue of its own jurisdiction over the asserted claims should be finally resolved prior to determination of the remainder of the case. In that regard, the Court finds that an interlocutory appeal may materially advance the termination of the litigation and would affect the management of the case.

Accordingly, the Court, in its discretion, GRANTS Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) and STAYS this matter pending resolution of the interlocutory appeal before the Ninth Circuit. The motion for judgment on the pleadings is DENIED as moot and may be re-filed at the appropriate time. By virtue of the stay, the Clerk of the Court is directed administratively to close the case for statistical purposes. The parties shall update the Court by joint submission within five court days of resolution of the appeal, or every 120 days, whichever is sooner, and this matter shall thereafter be reopened.

**IT IS SO ORDERED.**

Dated:   August 9, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE