Mary J. Hackett (appearing *pro hac vice*)
mhackett@reedsmith.com
Sharon L. Rusnak (appearing *pro hac vice*)
srusnak@reedsmith.com
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:      +1 412 288 3131
Facsimile:       +1 412 288 3063

David C. Powell (SBN 129781)
dpowell@reedsmith.com
David S. Reidy (SBN 225904)
dreidy@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:      +1 415 543 8700
Facsimile:       +1 415 391 8269

Attorneys for Defendants Bank of America, N.A. and Bank of America Corporation

Niall P. McCarthy (SBN 160175)
nmccarthy@cpmlegal.com
Anne Marie Murphy (SBN 202540)
amurphy@cpmlegal.com
Eric J. Buescher (SBN 271323)
ebuescher@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone:      +1 650 697 6000
Facsimile:       +1 650 692 3606

Derek G. Howard (SBN 118082)
dhoward@minamitamaki.com
Kevin R. Allen (SBN 237994)
kallen@minamitamaki.com
MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone:      +1 415 788 9000
Facsimile:       +1 415 398 3887

J. Brian McTigue (SBN 87224)
bmctigue@mctiguelaw.com
McTIGUE LAW LLP
4530 Wisconsin Avenue, NW, Suite 300
Washington, DC 20016
Telephone:      +1 202 364 6900
Facsimile:       +1 202 364 9960

Attorneys for Plaintiff and the Putative Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, An Individual, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>Defendants. | Case No. CV 08 2705 JSW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>*Honorable Jeffrey S. White* |

This matter is before the Court for entry of an order, with consent and agreement of the parties, governing the disclosure and protection of confidential and proprietary business information and financial information that may be sought during discovery in this case.  In order to facilitate discovery while preserving and maintaining the confidentiality of certain documents or testimony that may be sought by the parties, the Court having reviewed this Confidentiality Stipulation and Protective Order (the "Protective Order"), and for good cause shown, it is hereby ORDERED by the Court that:

1.      This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in this action and designated as "Confidential."  Any Party may, in good faith, designate as "Confidential" any documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition videos, information or other written, recorded, or graphic material produced or disclosed in this litigation that the Party considers to be subject to this Protective Order.  This Protective Order extends to any other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action by subpoena, Court order or otherwise.

2.      The term "Confidential Information," as used in this Protective Order, shall mean (a) information not in the public domain that reflects confidential financial or commercial information, (b) matters that constitute or contain trade secrets pursuant to applicable law, and (c) the non-public personal information of third parties, including information that identifies the personal or financial information for a given person, including name, address, account number, telephone number, place or position of work, or other identifying information.

3.      Nothing in this Protective Order shall limit the right of a party to use documents and information that (a) were lawfully in its possession prior to the initiation of this action; (b) were, are, or become public knowledge, not in violation of this Protective Order; (c) are acquired by the non-producing party from a third party who breached no legal obligation in providing the document(s) to the non-producing party; or (d) become declassified under the Protective Order.  The parties shall not designate information as "Confidential" for the purpose of interfering with the rights of the

1  receiving party to conduct discovery or for the purpose of frustrating the public's right of access to
2  Court proceedings and documents, as protected by the First Amendment.

### Confidential Information

4.  Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" (also referred to as "Protected Material") any such information, document or material that it reasonably and in good faith believes constitutes or contains Confidential Information under the terms of this Protective Order.  The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states:  "**CONFIDENTIAL.**"  To the extent that electronically stored or recorded information or data is produced in native or other form such that it cannot be stamped or imaged with a designation of "Confidential," the Designating Party may designate such material as "Confidential" by cover letter referring to such material and by labeling that material to the extent possible.

5.  Depositions may be designated "Confidential" by indicating that fact on the record at the deposition or by providing written notice to the other party within thirty (30) days of receipt of the official hard copy transcript.  Within thirty (30) days of receipt of the official deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information appears.  If no indication on the record at the deposition is made, all information disclosed during a deposition shall be deemed to be Confidential Information until the time within which portions of the testimony may be appropriately designated as provided for herein has passed.  Any party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as "Confidential" has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as "Confidential" must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Confidential Information that is used as an exhibit in a deposition shall be

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Confidential Information. If a Designating Party has advised the court reporter that Confidential Information has been disclosed or used during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER."** In the event the deposition is videotaped, the original and all copies of the video shall be marked by the video technician to indicate that: **"THIS VIDEOTAPE CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."** Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Confidential Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Confidential Information.

6.    Confidential Information used in this litigation may be disclosed only to:

    a.    This Court and its personnel.

    b.    Outside counsel of record and in-house counsel in this litigation (including staff persons employed by such counsel).

    c.    The named Parties, including any past, present or future officer, director, or representative of the named Parties, but only to the extent necessary for the prosecution, defense, or settlement of this action. Confidential Information may not generally be made available to the named Parties' officers, directors, or representatives.

    d.    Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance.

    e.    Any deponent or potential deponent, provided that he or she may be shown copies of designated material only during the course of preparation for his or her testimony or in the actual course of deposition, and he or she may not retain any designated material and must be informed of the confidential nature of the materials.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

  f.  Court reporters and videographers engaged by counsel of record to transcribe testimony in connection with this case.

  g.  Any outside vendor retained by counsel who is assisting in the preparation and trial of this litigation by making photocopies or providing graphic or technological support (collectively, "Outside Vendor"), including for the collection and production of electronically stored information, but only to the extent necessary to enable the Outside Vendor to render such assistance.

  h.  Contract lawyers, contract paralegals, or other third parties (collectively "Contract Lawyers") hired to assist with the review of documents or electronically stored information.

  i.  Any mock juror participating in mock jury trial research in connection with this case, provided that such persons may be shown copies of designated material only during mock jury trial research exercises, may not retain any designated material, and must be informed of the confidential nature of the materials.

  j.  Any mediator, special master or other third parties (collectively, "Mediators") appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff.

  k.  Translators of or into foreign languages who are not employed by or affiliated with any of the parties, but are retained only to provide translations of any material or testimony designated as Confidential Information.

  7.  If a party wishes to disclose Confidential Information to any person not described in Paragraph 6 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If within ten (10) business days of request for permission, the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

  8.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10. If the Parties cannot resolve a challenge without court intervention, within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, the parties will stipulate to a schedule whereby the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable). In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

11. Prior to obtaining access to Confidential Information, any Expert, deponent or potential deponent, Mediator, translator, Contract Lawyer, or mock juror to whom Confidential Information may be disclosed pursuant to Paragraphs 6 and 7 hereof shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment attached hereto as Exhibit A ("Confidentiality Acknowledgment"). In the case of any Outside Vendor, it shall be sufficient for the manager, supervisor or owner of the Outside Vendor to agree in writing that he/she and all his/her employees are bound by this Protective Order by signing a copy of the Confidentiality Acknowledgment. Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment.

12. If a witness at a deposition refuses to sign the Confidentiality Acknowledgment, any Party may adjourn the deposition to file a motion with the Court seeking to compel the witness to comply with the Protective Order. Any such motion must be filed within ten (10) days of the adjournment of the deposition. If no Party wishes to adjourn the deposition to file a motion with the Court, the deposition will proceed and that witness may be shown Confidential Information but counsel seeking to use the Confidential Information shall inform the witness that the witness is obligated to maintain the confidentiality of the Confidential Information pursuant to the terms of this Protective Order. Within fourteen (14) days following a deposition in which a witness refuses to sign the Confidentiality Acknowledgement, any Party may file a motion with the Court seeking to compel the witness to comply with the Protective Order.

13. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information or information derived from same. Any Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

### General Provisions

14. Confidential Information shall be stored and maintained by any party receiving such information in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

15. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

16. Unintentional failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection. Upon notification by the Designating Party to designate information "Confidential," arrangements shall be made for the return to the Designating Party of all copies of the unintentionally misdesignated documents and for the substitution of properly labeled copies.

17. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

18. If counsel for any party receives notice of any subpoena or court order commanding production of Confidential Information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within four (4) days, or if more than ten (10) days, within seven (7) days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential Information, until the Designating Party has had reasonable time to take appropriate steps to protect the material, or the due date of compliance if the Designating Party takes no action to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance. To give the Designating Party an opportunity to obtain such relief, the party

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   from whom such information is sought shall not make the disclosure before the actual due date of
2   compliance set forth in the subpoena or court order.

3   19.   This Protective Order shall not prevent any party from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Protective Order. This Protective Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.

4   20.   This Protective Order is not intended to govern the use of Confidential Information at any hearing or trial in this action. Questions of the protection of Confidential Information during a hearing or trial will be presented to the Court and the Designating Party prior to or during the hearing or trial as each party deems appropriate.

5   21.   This Protective Order does not affect any party's rights to object to discovery on any grounds. Nothing in this Protective Order shall be deemed to be a waiver of any party's right to oppose production or admissibility of any information or documents on any ground. Further, the production subject to this Protective Order of Confidential Information shall not be deemed a waiver of any objection to the admissibility of such documents or their contents that may exist under any applicable Rules of Evidence.

6   22.   Nothing in this Protective Order shall require any party to produce Confidential Information and nothing in this Protective Order shall result in the waiver by any party of any objection based on the grounds that the information is confidential and not subject to disclosure.

7   23.   This Protective Order shall not preclude any party from seeking and obtaining from the Court additional protection with respect to the issues addressed in the Protective Order. The parties agree that this Protective Order is without prejudice to any position either Plaintiff or Defendant may take in any other cases.

8   24.   The unintentional production of any document or information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege shall not constitute a waiver of any such privilege or doctrine. Upon receipt of notice of such unintentional production from the Producing Party, the receiving party shall, within fourteen (14) days of such

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

notice, return all copies of such document(s) (the "Identified Materials") to the Producing Party other than copies containing attorney's notes or other attorney work product that may have been placed thereon by counsel for the receiving party and shall destroy all copies of such documents that contain such notes or other attorney work product. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later ordered by the Court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the materials returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. This Protective Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or protection. This Protective Order also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated herein.

25. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

26. Within ninety (90) days of the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall use their best efforts to locate all Confidential Information produced in this litigation (other than exhibits in the official court of record) and either return it to the Designating Party or destroy such information. The parties acknowledge that the electronic nature of the documents produced in this action makes full and absolute compliance with this provision difficult. The parties further acknowledge that their duty to return or destroy all Confidential Information is a continuing duty and the parties agree to destroy or return any such information found in the future. Deposition transcripts and court transcripts that contain or reference Confidential Information need not be destroyed, although any deposition exhibits must be destroyed

or returned in accordance with this Order. Counsel for any party or third party receiving Confidential Information shall make written certification of having used their best efforts to comply with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals.

27. Any Party may seek a modification of this Order at any time by filing an appropriate motion with the Court.

DATED: February 20, 2013

**REED SMITH LLP**

By: /s/ David S. Reidy
    DAVID C. POWELL
    DAVID S. REIDY
    MARY J. HACKETT
    SHARON L. RUSNAK

*Counsel for Defendants Bank of America, N.A. and Bank of America Corporation*

**COTCHETT, PITRE & McCARTHY, LLP**

By: /s/ Eric J. Buescher
    NIALL P. McCARTHY
    ANNE MARIE MURPHY
    ERIC J. BUESCHER

**MINAMI TAMAKI, LLP**
    DEREK G. HOWARD
    KEVIN R. ALLEN

**McTIGUE LAW LLP**
    J. BRIAN McTIGUE

*Counsel for Plaintiff and the Putative Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

February 21, 2013
Date

Honorable Jeffrey S. White
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN STOODY-BROSER, An Individual, Individually And On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION,<br><br>        Defendants. | Case No. CV 08 2705 JSW<br><br>**EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER, CONFIDENTIALITY ACKNOWLEDGEMENT** |

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Confidentiality Stipulation and Protective Order ("Protective Order") to which this Confidentiality Acknowledgment is attached and I attest to my understanding that access to information designated "Confidential" may be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Confidentiality Acknowledgment and the Protective Order.

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information. I also shall use my best efforts to return all Confidential Information to the party who provided it to me within ninety (90) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

3. If I am an "Outside Vendor," as defined by the foregoing Protective Order, I agree to use all reasonable measures to ensure that my employees and/or direct reports comply with the terms of this Confidentiality Acknowledgment and the Protective Order. I understand that if I fail to take

reasonable measures to ensure that my employees and/or direct reports comply with the terms of this Confidentiality Acknowledgment and Protective Order, I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Individual or Entity Represented

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, David S. Reidy, hereby attest that concurrence in filing this document has been obtained from the other signatory(ies).  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this day February 20, 2013 at San Francisco, California.

                /s/ David S. Reidy

                David S. Reidy

REED SMITH LLP
A limited liability partnership formed in the State of Delaware