NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
ERIC J. BUESCHER (SBN 271323)
ebuescher@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:     (650) 697-6000
Facsimile:     (650) 692-3606

DEREK G. HOWARD (SBN 118082)
dhoward@minamitamaki.com
**MINAMI TAMAKI, LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone:     (415) 788-9000
Facsimile:     (415) 398-3887

J. BRIAN McTIGUE (SBN 87224)
bmctigue@mctiguelaw.com
**McTIGUE LAW, LLP**
4530 Wisconsin Avenue, NW, Suite 300
Washington, DC 20016
Telephone:     (202) 364-6900
Facsimile:     (202) 364-9960

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELLEN STOODY-BROSER**, an Individual, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>      vs.<br><br>**BANK OF AMERICA, N.A.**; and **BANK OF AMERICA CORPORATION**,<br><br>            Defendants. | Case No. 3:08-CV-2705 JSW<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:            March 14, 2014<br>Time:            9:00 a.m.<br>Courtroom:      11<br>Judge:          Hon. Jeffrey S. White<br><br>Complaint Filed:    May 29, 2008 |

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; Case No. 3:08-CV-2705 JSW**

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ....................................................................................1

I.      INTRODUCTION AND SUMMARY OF SETTLEMENT .................................3

II.     PROCEDURAL HISTORY....................................................................................4

III.    THE SETTLEMENT TERMS AND PROVISIONS FOR CLASS NOTICE TO
        BE SENT TO BENEFICIARIES OF THE CLASS TRUSTS ...............................7

IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL UNDER
        RULE 23(e) AND THE CASE LAW IN THE NINTH CIRCUIT AND THE
        NORTHERN DISTRICT OF CALIFORNIA .........................................................8

        A.      Legal Standard ...........................................................................................8

        B.      The Settlement Class Should Be Certified................................................10

                1.      The Settlement Class Meets the Requirements of Rule 23(a) ..................10

                2.      The Settlement Class Meets the Requirements of Rule 23(b) ..................12

                3.      Plaintiff's Counsel Should Be Appointed As Counsel
                        for the Settlement Class ...........................................................14

        C.      The Proposed Settlement Meets The Rule 23 Standards for the

                Purpose of Granting Preliminary Approval .........................................14

                1.      The Strength of Plaintiffs' Case and the
                        Amount Offered in Settlement.................................................14

                2.      The Risk, Expense, Complexity, and Likely
                        Duration of Further Litigation .................................................16

                3.      The Extent of Discovery Completed and the Stage of Proceedings ..........17

                4.      The Settlement Was The Result of Arms' Length Negotiations ...............17

                5.      All the Relief Will Go Directly to Class Members...................................18

        D.      The Notice is Sufficient to Satisfy Rule 23 and Due Process Requirements.........18

V.      CONCLUSION.......................................................................................................20

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

# **TABLE OF AUTHORITIES**

**CASES**

*Amchem Prods. Inc. v. Windsor* (1997)
   521 U.S. 597 .................................................................................10,13, 19

*Carnegie v. Household International, Inc.* (7th Cir.2004)
   376 F.3d 656 ...............................................................................................10

*Class Plaintiffs v. City of Seattle* (9th Cir. 1992)
   955 F.2d 1268 .................................................................................................8

*Create-A-Card, Inc. v. Intuit, Inc.* (N.D. Cal.2009)
   Case No. CV-07-6452 WHA, 2009 U.S. Dist. LEXIS 93989 ...............8,17

*D'Amato v. Deutsche Bank* (2d Cir. 2001)
   236 F.3d 78 ..................................................................................................17

*Evon v. Law Offices of Sidney Mickell* (9th Cir. 2012)
   688 F.3d 1015 ..............................................................................................12

*Farley v. Baird, Patrick & Co., Inc.* 13 (S.D.N.Y. 1992)
   Case No. 90 Civ. 2168 (MBM), 1992 U.S. Dist. LEXIS 16435 ...............14

*Hanlon v. Chrysler Corp.*, (9th Cir. 1998)
   150 F.3d 1011 ....................................................................................11, 13, 14

*Hanon v. Dataproducts Corp.* (9th Cir. 1992)
   976 F.2d 497 ................................................................................................12

*Harrington v. City of Albuquerque* (D.N.M. 2004)
   222 F.R.D. 505 ............................................................................................14

*In re Bluetooth* (9th Cir. 2011)
   654 F.3d 935 ................................................................................................17

*In re Inter-Op Hip Prosthesis Lab. Litig.* (N.D. Ohio 2001)
   204 F.R.D. 330 ..............................................................................................9

*Kahani v. Oracle Corp.*, (N.D. Cal. 2007)
   Case No. C 06-06493 WHA, 2007 U.S. Dist. LEXIS 47515 .....................9

*Kingsbury v. U.S. Greenfiber, LLC* (C.D. Cal. 2012)
   Case No. CV09-001510AHM, 2012 U.S. Dist. LEXIS 94854 .................11

*Lane v. Wells Fargo Bank, N.A.* (N.D. Cal.2013)
   Case No. C 12-04026 WHA, 2013 U.S. Dist. LEXIS 87669 ...................11

*Lerwill v. Inflight Motion Pictures, Inc.* (9th Cir. 1978)
   582 F.2d 507 ................................................................................................13

*Meyer v. Portfolio Recovery Assocs., LLC* (9th Cir. 2012)
   696 F.3d 943 ................................................................................................11

Law Offices
COTCHETT, PITRE
& McCARTHY, LLP

*Moore v. Verizon Communications* (N.D. Cal. 2013)
  Case No. C 09-1823 SBA, 2013 U.S. Dist. LEXIS 122901,....................................18

*Oregon Laborers-Employers Health & Welfare Trust Fund*
  *v. Philip Morris, Inc.* (D. Ore. 1998)
  788 F.R.D. 365 ..............................................................................................11, 12

*Staton v. Boeing Co.* (9th Cir. 2003)
  327 F.3d 938 .........................................................................................................10

*Stoody-Broser v. Bank of America, N.A.* (9th Cir. 2011)
  442 F. App'x 247 ....................................................................................................5

*Stoody-Broser v. Bank of America, N.A.* (N.D. Cal. 2012)
  Case No. 3:08-CV-2705 JSW, 2012 U.S. Dist. LEXIS 65813 ...............................5

*Valentino v. Carter-Wallace, Inc.* (9th Cir. 1996)
  97 F.3d 1227 .........................................................................................................13

*Wal-Mart Stores Inc. v. Visa U.S.A., Inc.* (2d Cir. 2005)
  396 F.3d 96 ...........................................................................................................17

*Wal-Mart Stores, Inc. v. Dukes* (U.S. 2011)
  131 S. Ct. 2541 .....................................................................................................11

*Williams v. Vukovich* (6th Cir. 1983)
  720 F.2d 909 ...........................................................................................................9

**STATUTES**

Fed. R. Civ. Proc. 23(a) ..................................................................................10, 11, 12

Fed. R. Civ. Proc. 23(a)(4)......................................................................................12, 13

Fed R. Civ. Proc. 23(b)(3) .....................................................................................10, 12, 13

Fed. R. Civ. Proc. 23(c)(1)(B) .....................................................................................14

Fed. R. Civ. Proc. 23(c)(2)(b)......................................................................................18

Fed. R. Civ. Proc. 23(c)(3).........................................................................................19

Fed. R. Civ. Proc. 23(e) ......................................................................................4, 8, 9, 10

Fed. R. Civ. Proc. 23(e)(1).........................................................................................18

Fed. R. Civ. Proc. 23(g)(1)(C)....................................................................................14

Fed. R. Civ. Proc. 12(c) ...............................................................................................6

Fed. R. Civ. Proc 12(b)(6) ............................................................................................5

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS SETTLEMENT;** Case No. 3:08-CV-2705 JSW

iii

**OTHER AUTHORITES**

5 James Wm. Moore, Moore's Federal Practice (3d ed. 2002)
  § 23.83(1)..............................................................................................9

A. Conte & H.B. Newberg, <u>Newberg</u> on Class Actions  (4th Ed. 2002)
  § 11.25 ............................................................................................9, 11

Manual For Complex Litigation (Fourth) (4th ed. 2004)
  § 21.632 ...........................................................................................8,9

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 14, 2014[1], or as soon thereafter as counsel can be heard, before the Honorable Jeffrey S. White, United States District Courthouse, 450 Golden Gate Avenue, Courtroom 11, 19th floor, San Francisco, California, 94102, Plaintiff Ellen Stoody-Broser will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 23, for an Order:

1.      Granting preliminary approval of the proposed settlement,

2.      Certifying the proposed Settlement Class for settlement purposes only,

3.      Appointing Plaintiff Ellen Stoody-Broser as the Class Representative of the Settlement Class for settlement purposes only,

4.      Appointing Cotchett, Pitre & McCarthy, LLP, Minami Tamaki, LLP and McTigue Law as counsel for the Settlement Class,

5.      Approving the manner and form of Notice to the Settlement Class, and

6.      Setting a schedule for the lodging of objections to the settlement, if any, and holding a hearing for final approval of the class action settlement.

The grounds for this motion are that: (a) the settlement is in the range of reasonableness justifying issuance of notice of the Agreement to Class Members, and the scheduling of final approval proceedings; and (b) the form and manner of providing notice regarding the matters set forth above satisfy the requirements of FRCP 23 and due process.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Niall P. McCarthy along with its attached Exhibits, the complete files and records in this action, and such other written or oral arguments that may be presented to the Court.

/ / /

---

[1] The Parties will be filing a Joint Administrative Motion and Stipulation seeking to have this motion heard on shortened time.

1  The settlement agreement is attached to the Declaration of Niall P. McCarthy ("McCarthy
2  Declaration") as _Exhibit 1_, and the proposed Notice to the Settlement Class is attached to the
3  McCarthy Declaration as _Exhibit 2_.
4  Respectfully submitted,
5  Dated: December 13, 2013          **COTCHETT, PITRE & McCARTHY, LLP**
6                                     By:    _/s/Niall P. McCarthy_____
7                                            NIALL P. McCARTHY
                                            ERIC J. BUESCHER
8  Dated: December 13, 2013          **MINAMI TAMAKI, LLP**
9                                     By:    _/s/Derek Howard_____
                                            DEREK G. HOWARD
10
11 Dated: December 13, 2013          **McTIGUE LAW, LLP**
12                                     By:    _/s/Brian McTigue_____
                                            J. BRIAN McTIGUE
13
14                                     _Attorneys for Plaintiff and the Putative Class_
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS SETTLEMENT;** Case No. 3:08-CV-2705 JSW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND SUMMARY OF SETTLEMENT

The claims in this long pending action allege that the Defendants Bank of America, N.A.

("BANA") and its holding company Bank of America Corporation ("BAC") (collectively,

"Defendants") improperly placed trust assets in their own Affiliated Mutual Funds, thereby

violating state trust law and breaching fiduciary duties owed to Plaintiff Ellen Stoody-Broser

("Plaintiff") and a putative nationwide class.  Defendants deny any wrongdoing.  Defendants also

contend that the claims are both precluded by federal securities law and otherwise suffer from

other fatal legal deficiencies.  This Action has involved six years of hard fought litigation over the

alleged facts and applicable law, including two trips to the Ninth Circuit addressing novel and

complex issues.

To finally resolve the matter, the proposed Stipulation and Settlement Agreement

("Agreement") underlying this motion provides for approximately $8,000,000 of relief to Class

Trusts that are invested in certain proprietary mutual funds, as set forth in the Agreement.

The $8,000,000 in relief will be provided by BANA through a fee concession or credit to

the Class Trusts (at the trust level) in connection with the investment of trust assets in the

Defendants' Affiliated Mutual Funds.  *See* Agreement ¶ 2.1.[2]  In addition to class notice under

Rule 23, the fee reduction will be plainly stated on the trust account statements that Defendants

regularly provide to Class Members in the ordinary course of business.  This monetary

compensation is directly related to the conduct that the Plaintiff challenged in the lawsuit.

Without the Agreement, Defendants would not be obligated to provide these concessions to the

Class Trusts.  There is no reversion of any kind to the Defendants – 100% of the relief will go to

Class Trusts, and there is no proposal of a *cy pres* provision under the settlement.  Finally, BANA

---

[2]    Under Paragraph 1.1 of the Agreement, the term "2013 BANA Affiliated Mutual Funds"
as used in the Agreement means the following Affiliated Mutual Funds:  (a) BofA Massachusetts
Municipal Reserves; (b) BofA Money Market Reserves; (c) BofA Municipal Reserves; (d) BofA
New York Tax-Exempt Reserves; (e) BofA Tax-Exempt Reserves; (f) BofA Treasure Reserves;
(g) BofA California Tax-Exempt Reserves; (h) BofA Cash Reserves; (i) BofA Connecticut
Municipal Reserves; (j) BofA Government Reserves; and (k) BofA Government Plus Reserves.

will pay all reasonable costs of notice and administration, and has agreed to separately pay attorneys' fees and costs to Plaintiff's counsel in an amount not to exceed $1,900,000, and a Class Representative incentive fee not to exceed $10,000.[3]

Accordingly, Plaintiff, on behalf of herself and the members of the proposed Settlement Class, respectfully moves under Fed. R. Civ. Proc. 23(e) for an order granting preliminary approval of the settlement. If finally approved, the Parties' settlement will fully and finally resolve this litigation, including a release of all claims related to Defendants' investment of Class Trust assets in Defendants' Affiliated Mutual Funds.[4] *See* Agreement ¶ 1.29 (defining Releasees).

Given the inherent risks in litigation and the substantial length of the litigation to this point, the Parties submit the settlement is within the range of reasonableness required for this Court to grant preliminary approval, and that the settlement represents a fair, reasonable, and adequate outcome in this litigation. Accordingly, Plaintiff requests the Court grant preliminary approval and begin the process for providing notice to Class Members and allowing them to review the settlement and exercise their rights.

## II.   PROCEDURAL HISTORY

On May 25, 2008, Plaintiff filed the Action. Plaintiff, on behalf of a putative class, alleged that Defendants breached their fiduciary duties and engaged in unfair business practices under California law by investing trust assets in affiliated mutual funds.

On July 23, 2008, Defendants filed a motion to dismiss the Complaint arguing that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precluded the Class

---

[3]    Plaintiff will file a separate motion for approval of attorneys' fees and costs not to exceed $1,900,000, and for payment of an incentive fee to Ms. Stoody-Broser not to exceed $10,000.

[4]    "Affiliated Mutual Funds," for purposes of the Agreement, means "any Mutual Fund affiliated with a Releasee at any time, including but not limited to, any and all Mutual Funds affiliated with BAC, BANA, Fleet Bank, N.A., Merrill Lynch, Pierce, Fenner & Smith Incorporated, The Boatmen's National Bank of St. Louis, Barnett Bank, N.A., LaSalle Bank N.A., and NationsBank, N.A., and any of their affiliates, parent corporations and each of their predecessors, successors and assigns. An affiliated relationship exists between a Mutual Fund and the Releasees where the Releasees or an affiliate of the Releasees performs services for the Mutual Fund for which it receives or has received a fee or commission for such services or has some shared revenue, ownership or other relationship with the Mutual Fund." Agreement ¶ 1.3.

1  Representative's class action claims, and on August 25, 2009, after full briefing and oral

2  argument, the Court granted Defendants' motion and dismissed the Complaint on SLUSA

3  grounds without leave to amend.

4          Plaintiff appealed "the district court's order dismissing her class action complaint . . . as

5  well as the court's denial of leave to amend the complaint." *Stoody-Broser v. Bank of America,*

6  *N.A.*, 442 F. App'x 247, 248 (9th Cir. 2011).  After full briefing, the Ninth Circuit held oral

7  argument, and on June 6, 2011, the Court of Appeals affirmed the District Court's dismissal but

8  remanded the case with instructions to the District Court to allow Plaintiff to attempt to amend

9  her Complaint, explaining that "a complaint may allege a violation of a trust administrator's

10 fiduciary duty to the trust's beneficiaries even where that violation involves trading in covered

11 securities so long as the complaint does not allege, either expressly or implicitly,

12 misrepresentations, omissions, or fraudulent practices coincidental to the violation. We therefore

13 remand so that [Plaintiff] may be given the opportunity to plead such a complaint." *Id.* at 249.

14         On September 16, 2011, Plaintiff filed her First Amended Complaint asserting claims

15 against Defendants for breach of fiduciary duty and violation of California's Unfair Competition

16 Law on behalf of a proposed class.  Defendants again sought dismissal on the grounds that

17 SLUSA precluded Plaintiff's class claims, for failure to state a claim under Rule 12(b)(6), and for

18 forum shopping.  After full briefing and oral argument, on May 10, 2012, the District Court

19 denied Defendants' motion, holding with respect to SLUSA that "the amended complaint omits

20 reference to and does not seek to recover from any potential misrepresentation and that by

21 changing the language, plaintiffs have necessarily altered the gravamen of their claims as well."

22 *Stoody-Broser v. Bank of America, N.A.*, Case No. 3:08-CV-2705 JSW, 2012 U.S. Dist. LEXIS

23 65813, *13 (N.D. Cal. May 10, 2012) (citation and quotation omitted) (Docket No. 160).

24 Defendants sought interlocutory review by the Ninth Circuit Court of Appeals. *See* Docket No.

25 167.  The District Court certified the matter for interlocutory appeal (Docket No. 180), and on

26 November 1, 2012, the Ninth Circuit denied Defendants' Request for Interlocutory Relief.

27         Defendants answered the First Amended Complaint, denying the allegations of

28 wrongdoing, and each Defendant filed a separate motion for judgment on the pleadings under

Fed. R. Civ. Proc. 12(c), seeking dismissal of the claims against them. Those fully-briefed motions were scheduled for hearing at the time the Parties reached their proposed settlement.[5]

Plaintiff alleges that Defendants' decision to invest trust assets in proprietary mutual funds breached their fiduciary duties of prudence and loyalty. Plaintiff contends that the proprietary funds were underperforming compared to other available mutual funds that were not owned by Defendants and/or their affiliates. Plaintiff contends that the decision to invest in proprietary funds was not made on an individualized basis as trust law requires, but instead was made through a top-down decision impacting all Class Trusts.

Defendants deny the allegations and contend, among other things, that the decisions to invest in proprietary funds on behalf of their trust clients were made on an individualized basis, that those decisions were consistent with their fiduciary obligations to Plaintiff and the class, and that the proprietary funds themselves were prudent and appropriate investments that performed well.

With regard to discovery, the Parties exchanged documents and responded to dozens of interrogatories, requests for admission, and document requests. The Parties also engaged in third-party discovery. In exchanging and responding to pre-trial discovery, the Parties evaluated the strength of each side's case. While pre-trial discovery was ongoing, the Parties elected to participate in a mediation before the Hon. Edward A. Infante. The Parties provided briefs to Judge Infante on the merits of the case and on damages and engaged in negotiations leading up to that mediation session.

On June 18, 2013, the Parties participated in a full day mediation before Judge Infante. After that mediation session, the Parties engaged in weeks of continued arms-length negotiations which have continued to be hard fought, requiring extra time from the Court to complete the documentation, again demonstrating the non-collusive nature of the settlement process. In

---

[5]     BANA argued that Plaintiff had released her claims against BANA in connection with a prior lawsuit in Los Angeles County Superior Court. BAC contended that the First Amended Complaint does not and cannot allege claims against BAC because it is not a trustee for Plaintiff's trust. Plaintiff opposed both the legal and factual bases for these motions.

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

1  presenting this motion, the Parties have finalized the settlement for which they now seek

2  preliminary approval from this Court.

3  **III.    THE SETTLEMENT TERMS AND PROVISIONS FOR CLASS NOTICE TO BE**

4  **SENT TO BENEFICIARIES OF THE CLASS TRUSTS**

5          The Settlement Class consists of:  All persons or entities who are grantors, trustors,

6  beneficiaries, remaindermen, co-trustees, and/or successor trustees of Class Trusts, which in turn

7  means revocable or irrevocable personal and charitable trusts (a) for which BANA currently

8  serves as trustee and also served as trustee on or before December 31, 2008, (b) for which BANA

9  had investment discretion over principal and/or income or recommendation responsibility on or

10 before December 31, 2008, and (c) which had trust assets invested in 2013 BANA Affiliated

11 Mutual Funds as of May 31 2013 and/or June 30, 2013 and which received a Trustee Fee Credit

12 associated therewith, or which used or were designated to use the 2013 BANA Affiliated Mutual

13 Funds as a sweep account as of May 31, 2013 and/or June 30, 2013.  Excluded from the

14 Settlement Class are the Defendants herein, all officers, directors and employees of Defendants,

15 and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned,

16 their staffs, and their immediate families.  *See* Agreement ¶ 1.32.

17         Approximately 25,000 Class Trusts will receive benefits as a result of the settlement.

18 Agreement ¶ 2.2.  Under the terms of the settlement, each Class Member's trust will receive a fee

19 reduction, also referred to in the trust industry as a fee credit, associated with the investment of

20 trust assets in affiliated mutual funds.  BANA estimates that the value of providing this fee credit

21 to the approximately 25,000 Class Trusts through December 31, 2014, is approximately

22 $8,000,000.  *Id.*  The settlement provides, on average, approximately $320 in consideration per

23 account, but the actual benefit to each trust will vary significantly depending upon a number of

24 factors, including amount and length of time assets are invested in the 2013 BANA Affiliated

25 Mutual  Funds.  The amount of the fee credit is and will be reflected in account statements for the

26 Class Trusts.

27         Defendants will pay the costs of notice and administration.  *Id.* ¶4.1.  Notice will be

28 provided by Garden City Group, an experienced administrator of class action settlements.

Defendants and Plaintiff also negotiated the payment of attorneys' fees, costs and an incentive payment for the Class Representative. Defendants have agreed to pay these amounts separately from recovery to the class. Attorneys' fees and costs paid to Plaintiff's counsel will not exceed $1.9 million. *Id.* ¶ 5.1. The incentive fee will not exceed $10,000. *Id.*

The settlement releases the Class Members' claims related to the investment of trust assets in the Defendants' proprietary mutual funds, including but not limited to "any and all claims that, directly or indirectly, concern, relate to, or arise out of: (1) allegations asserted in the Complaint or the Action; or (2) the facts, occurrences, acts, disclosures, statements, omissions, or failures to act relating to the investment of Class Trust assets in Affiliated Mutual Funds, which were or could have been alleged in the Complaint or the Action, that, directly or indirectly, concern, relate to or arise out of the Releasees' investment of Class Trust assets in Affiliated Mutual Funds." *Id.* ¶ 1.28. The Settlement releases the Defendants and their affiliated entities as is commonly done with regard to class action settlements. *Id.* ¶ 1.29.

## IV. THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL UNDER RULE 23(e) AND THE CASE LAW IN THE NINTH CIRCUIT AND THE NORTHERN DISTRICT OF CALIFORNIA

### A. Legal Standard

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise or settlement of class action claims. There are three steps to be taken by the Court in considering approval of a class-action settlement: (i) the Court must preliminarily approve the proposed settlement; (ii) Class Members must be given notice of it; and (iii) a final hearing must be held, after which the Court must decide whether the proposed settlement is fair, reasonable, and adequate. *See* Manual For Complex Litigation (Fourth) § 21.632, at 320-21 (4th ed. 2004) (the "MCL"). Approval of a proposed class action settlement is a matter within the sound discretion of the district court. *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Create-A-Card, Inc. v. Intuit, Inc.*, Case No. CV-07-6452 WHA, 2009 U.S. Dist. LEXIS 93989, at *7 (N.D. Cal. Sept. 22, 2009) (addressing final approval).

Preliminary approval does not require the Court to answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate; that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views. *See* 5 James Wm. Moore, *Moore's Federal Practice* § 23.83(1), at 23-336.2 to 23-339 (3d ed. 2002). Preliminary approval is merely the prerequisite to giving notice so that members of the class have "a full and fair opportunity to consider the proposed [settlement] and develop a response." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

Preliminary approval is appropriate as long as the proposed settlement falls "within the range of possible judicial approval." A. Conte & H.B. Newberg, <u>Newberg on Class Actions</u> § 11.25 (4th Ed. 2002) ("Newberg") (quoting Manual for Complex Litigation Third § 30.41 (1997)); MCL, § 21.632 at 321. Courts employ a "threshold of plausibility" standard intended to identify conspicuous defects. *See, e.g., Kahani v. Oracle Corp.*, Case No. C 06-06493 WHA, 2007 U.S. Dist. LEXIS 47515 at *16 (N.D. Cal. June 19, 2007); *In re Inter-Op Hip Prosthesis Lab. Litig.*, 204 F.R.D. 330, 337-38 (N.D. Ohio 2001). Unless the Court's initial examination "disclose[s] grounds to doubt its fairness or other obvious deficiencies," the Court should order that notice of a formal fairness hearing be given to class members under Rule 23(e). *See* MCL § 21.633 at 321-22.

Plaintiff respectfully requests the Court take the first step in the settlement approval process and grant preliminary approval of the proposed settlement so that notice of the settlement can be given to the Settlement Class. As summarized below, and as will be detailed further in a subsequent motion for final approval of the settlement, a preview of the factors considered by district courts in granting final approval of class action settlements demonstrates that preliminary approval should be granted.

In order to determine whether a settlement is fair, adequate, and reasonable at the final approval stage, "a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of

discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted).

### B. The Settlement Class Should Be Certified

#### 1. The Settlement Class Meets the Requirements of Rule 23(a)

Rule 23 provides that a court must certify an action as a class action where, as here, Plaintiff satisfies the four prerequisites of Rule 23(a), and one of the three criteria set forth in Rule 23(b). Rule 23(a) provides that a class may be certified if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(3) provides that "an action may be maintained as a class action" if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

However, Rule 23(b)(3)'s "manageability" requirement need not be satisfied in order to certify a class in the settlement context. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, . . . for the proposal is that there be no trial."); *see also Carnegie v. Household International, Inc.,* 376 F.3d 656, 660 (7th Cir. 2004) (manageability concerns may be disregarded in the class settlement context "because the settlement might eliminate all the thorny issues that the court would have to resolve if the parties fought out the case.").

The proposed Settlement Class meets the requirements of Rule 23 for purposes of settling this litigation. <u>First</u>, the Settlement Class is sufficiently numerous to satisfy the requirements of Rule 23(a). While there is no precise number adopted by Courts to satisfy the numerosity

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

1  requirement, courts have generally found that the requirement is satisfied when the number of

2  class members exceeds forty.  *See* Newberg § 18:4; *see also Oregon Laborers-Employers Health*

3  *& Welfare Trust Fund v. Philip Morris, Inc.*, 788 F.R.D. 365, 372-73 (D. Ore. 1998).  Here, there

4  are approximately 25,000 Class Trusts, located throughout the United States, making joinder of

5  all members of the Settlement Class impracticable.  This satisfies Rule 23(a)'s numerosity

6  requirement.

7       Second, questions of law and fact are common to the class.  Commonality is present under

8  Rule 23(a)(2) if "there are questions of law or fact common to the class."  "[C]lass members must

9  share a 'common contention' that is capable of class-wide resolution."  *Kingsbury v. U.S.*

10  *Greenfiber, LLC*, Case No. CV09-001510AHM, 2012 U.S. Dist. LEXIS 94854, *7 (C.D. Cal.

11  June 29, 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (U.S. 2011)).

12  "Rule 23(a)(2) does not require that each member in a class have identical factual and legal issues

13  surrounding his or her claim."  *Lane v. Wells Fargo Bank, N.A.*, Case No. C 12-04026 WHA,

14  2013 U.S. Dist. LEXIS 87669, *9 (N.D. Cal. June 21, 2013).  "The existence of shared legal

15  issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled

16  with disparate legal remedies within the class."  *Meyer v. Portfolio Recovery Assocs., LLC*, 696

17  F.3d 943, 948 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.

18  1998) (amended)).

19       Here, questions of law and fact are common for the Settlement Class.  These include the

20  threshold issue of whether it was a breach of fiduciary duty for Defendants to invest Class Trusts'

21  assets in proprietary mutual funds.  In addition, common questions include (1) whether BANA

22  engaged in an individualized review of whether to invest in Class Trusts' assets in proprietary

23  funds or whether the determination was made on a "top-down" basis, and (2) whether

24  Defendants' proprietary funds were worse performing than available alternatives.

25       Third, Plaintiff contends that her claims are typical of the claims of class members.

26  Claims are "'typical' if they are reasonably co-extensive with those of absent class members; they

27  need not be substantially identical."  *Hanlon*, 150 F.3d at 1020.  "The test of typicality 'is whether

28  other members have the same or similar injury, whether the action is based on conduct which is

not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted)).

Here, Plaintiff believes her claims are typical of those of other class members. Plaintiff's trust assets were invested in the same mutual funds as other class members. Proving Plaintiff's claims requires showing that the investment decisions constituted a breach of fiduciary duty – the same breach which would have to be shown on behalf of the members of the Settlement Class.

<u>Fourth</u>, Plaintiff and her counsel will adequately represent the Settlement Class. Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining adequacy, courts examine (1) whether there are conflicts within the class, and (2) whether the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class. *See Evon*, 688 F.3d at 1030 (quoting *Hanon*, 976 F.2d at 508). Plaintiff meets both requirements. There are no conflicts between Plaintiff and other members of the Settlement Class, and Defendants' conduct is alleged to have injured Plaintiff as well as all members of the Settlement Class in the same manner. Further, Plaintiff has retained highly capable and experienced counsel with experience litigating class action trust law cases as well as other types of consumer protection class actions. Plaintiff's counsel has vigorously litigated this case, including the settlement negotiations, and will continue to do so. Accordingly, Plaintiff and the Settlement Class meet the requirements of Rule 23(a).

### 2. The Settlement Class Meets the Requirements of Rule 23(b)

Once the Court determines that the Settlement Class satisfies the requirements of Rule 23(a), the class must be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The focus of the predominance and superiority requirements are "[j]udicial economy and fairness." *Oregon Laborers-Employers*, 188 F.R.D. at 375. Plaintiff's claims meet these requirements.

First, common questions of law and fact predominate over individual issues.  The predominance requirement is satisfied if "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 597, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (quotation omitted).  "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).  Here, the common questions of law and fact predominate over individualized issues.  The Settlement Class consists of approximately 25,000 trusts which Plaintiff alleges were subject to similar conduct by Defendants.  This is sufficiently cohesive to meet the predominance requirement.

Second, a class action is the superior method to resolving the claims of all 25,000 Class Trusts.  Rule 23(b)(3) provides that certification of a case is appropriate if class treatment "is superior to other available methods for the fair and efficient adjudication of the controversy."  It sets forth four factors to be considered: (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).

Prosecuting this action as a class action is clearly superior to other methods of adjudicating this matter.  The alternative to a class action – many duplicative individual actions – would be inefficient, unfair and risk divergent results.  "Numerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Additionally, from a practical perspective, requiring individual actions would effectively deprive many class members of any means of redress.  This has been hard fought and time consuming litigation against a large and economically powerful defendant.  It is difficult and expensive, and

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;** Case No. 3:08-CV-2705 JSW

members of the Settlement Class with all but the largest claims would likely choose not to pursue their claims individually. Most class members would be effectively foreclosed from pursuing their claims absent certification. *Hanlon*, 150 F.3d at 1023 ("many claims [that] could not be successfully asserted individually ... would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs"). Accordingly, the proposed Settlement Class satisfies the requirements of Rule 23(b)(3).

### 3. Plaintiff's Counsel Should Be Appointed As Counsel for the Settlement Class

Fed. R. Civ. P. 23(c)(1)(B) states that "[a]n order certifying a class action ... must appoint class counsel under Rule 23(g)." In appointing class counsel, Rule 23(g)(1)(C) requires the court to consider: "[1]the work counsel has done in identifying or investigating potential claims in the action, [2] counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, [3] counsel's knowledge of the applicable law, [4] the resources counsel will commit to representing the class."

The law firms of Cotchett, Pitre & McCarthy, LLP, Minami Tamaki, LLP, and McTigue Law seek to be appointed as counsel for the Settlement Class. The firms are willing and able to vigorously prosecute this action and to devote all necessary resources to obtain the best possible result. *See* McCarthy Declaration ¶¶ 6-11. The work done to date supports the conclusion that they should be appointed as Class Counsel for purposes of the settlement. Id.; *see also Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004). The firms meet the criteria of Rule 23(g)(1)(C)(i). *See* McCarthy Declaration ¶¶ 6-11, Exhibits 3-5; *cf. Farley v. Baird, Patrick & Co., Inc.*, Case No. 90 Civ. 2168 (MBM), 1992 U.S. Dist. LEXIS 16435 at *12-13 (S.D.N.Y. Oct. 29, 1992) ("[c]lass counsel's competency is presumed absent specific proof to the contrary by defendants").

### C. The Proposed Settlement Meets The Rule 23 Standards for the Purpose of Granting Preliminary Approval

#### 1. The Strength of Plaintiffs' Case and the Amount Offered in Settlement

The proposed settlement provides a substantial, certain economic benefit to the Settlement Class. The record shows that the Parties have vigorously litigated this action including a trip to

the Ninth Circuit Court of Appeals where the Parties prepared and argued voluminous materials and addressed complex questions of law.  In this regard, after denying the second motion brought under Rule 12(b)(6), this Court here certified its decision for interlocutory appeal.  Plaintiff opposed the motion and the Ninth Circuit later denied the request for expedited appeal.  Plaintiff believes there is a meritorious claim for breach of fiduciary duty, and Defendants have asserted a litany of defenses, both with respect to the merits of the claims and class certification.  At the time of settlement, each Defendants' motion for judgment on the pleadings was fully briefed and the outcome was uncertain.

Defendants indicated they would oppose class certification, contested Plaintiff's recitation of the factual allegations, and planned to move for summary judgment on several grounds.  All of these factors were in play when the Parties reached a settlement – an agreement that took place only after years of unsuccessful efforts at resolution.  A settlement also occurred only after extensive negotiations and mediation with a highly experienced mediator, the Hon. Edward A. Infante (Ret.) of JAMS, and significant subsequent negotiations between counsel for the Parties.  The Agreement provides meaningful relief for Class Members through going forward fee concessions to their trust accounts for fees BANA charges for managing the accounts.  The significant relief obtained is directly tailored to the claims raised in Plaintiff's original and Amended Complaints.

Plaintiff respectfully submits that the proposed settlement is in the best interest of Class Members because, if approved, the trusts will be entitled to these fee reductions through December 31, 2014.  The Defendants will pay all costs of notice and administration.

BANA also has agreed to pay attorneys' fees and costs to counsel for Plaintiff and the Settlement Class approved by the Court, up to $1.9 million, and an incentive award to the Class Representative in an amount of up to $10,000.  Thus, the proposed Settlement Class will not pay attorneys' fees.

While Plaintiff believes her claims are strong and meritorious, by resolving a case that is already approaching six years in length, the proposed Settlement Class will receive a certain and substantial concession of fees charged by Defendants through the settlement in resolution of

disputed claims.  Accordingly, the benefit obtained is within the range of reasonableness, especially given the Parties' beliefs about the strength of their respective arguments.

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

This factor weighs heavily in favor of preliminary (and, ultimately, final) approval of the settlement.  The risk, expense, complexity, and likely duration of further litigation can only be characterized as quite significant and would likely result in further appeals regardless of the outcome.

The claims alleged by the Settlement Class involve complex legal and factual issues, which the Court previously identified in certifying the Court's order denying the Defendants' Rule 12(b)(6) motion with respect to the First Amended Complaint.  If the action were to proceed to trial, Plaintiff would have to defeat the pending Rule 12(c) motions, certify multi-state classes based on state trust law (and face a likely appeal under Rule 23(f)), and defeat motions for summary judgment.  Defendants have made and will continue to make a vigorous defense to Plaintiff's claims as well as assert numerous affirmative defenses.

Among other things, the Parties disagree about the application of federal securities laws (i.e. SLUSA) to the administration of trust assets, the duties associated with serving as trustee for trust accounts and the investment of trust assets in proprietary or affiliated mutual funds, and whether investment decisions were made on an individualized basis or through a top down approach.  The Parties have exchanged information reflecting a significant difference of position as to whether the class suffered damages, how to measure performance of the affiliated mutual funds, and the appropriate measure of damages.  Plaintiffs also allege the Defendants may be liable for punitive damages, which Defendants vigorously dispute.

While Plaintiffs allege that Defendants failed to comply with certain fiduciary obligations by investing trust assets in affiliated mutual funds, Defendants have countered that their duties were expressly followed through individualized administration, and that their investment decisions were proper for Plaintiff's trust.  In deciding to enter into the settlement, Plaintiff considered the range of these legal and factual issues, with the assistance of expert consultants.

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

If Plaintiff were to prevail on class certification, liability and damages at trial, Defendants would almost certainly again appeal any such decisions or verdict. For the Settlement Class, the outcome from further litigation and a lengthy appeal would be delayed further and, at worst, lead to a recovery that is less than the proposed settlement or no recovery at all. The proposed settlement guarantees a substantial recovery for the Settlement Class now while obviating the need for a lengthy, complex, and uncertain litigation against Defendants. *See Create-A-Card, Inc. v. INTUIT, Inc.*, 2009 U.S. Dist. LEXIS 93989, at *13.

### 3. The Extent of Discovery Completed and the Stage of Proceedings

During the five years of litigation, the Parties engaged in extensive discovery requests and responses, exchanged thousands of pages of information and held extensive and often contentious meet and confer conferences in order to attempt to resolve significant discovery disputes. Plaintiff served multiple sets of requests for production of documents and dozens of requests for admission. Plaintiff produced thousands of pages of records. Defendants served numerous requests for production of documents, requests for admission and interrogatories. Defendants subpoenaed the co-trustees of Plaintiff's trust (Plaintiff's family members). Defendants also produced tens of thousands of pages of material related to Plaintiff's trust, the mutual funds in which Plaintiff's trust assets (and the trust assets of Class Members) were invested, and other material.

### 4. The Settlement Was The Result of Arms' Length Negotiations

Courts presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations between well-informed counsel who support the settlement as fair, reasonable and adequate. *See e.g. Wal-Mart Stores Inc. v. Visa U.S.A., Inc.* 396 F.3d 96, 116 (2d Cir. 2005) (there is a strong "presumption of fairness" where settlement is product of arm's-length negotiations conducted by experienced, capable counsel after meaningful discovery). Moreover, the use of a mediator in settlement negotiations further supports this presumption of fairness and the conclusion that a settlement is free of collusion. *See In re Bluetooth*, 654 F.3d 935, 948 (9th Cir. 2011) (participation of a respected mediator is "a factor weighing in favor of a finding of non-collusiveness"); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (noting that a

1    "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were

2    free of collusion and undue pressure"); *Moore v. Verizon Communications*, Case No. C 09-1823

3    SBA, 2013 U.S. Dist. LEXIS 122901, *31-32 (N.D. Cal. August 28, 2013).

4              The well-experienced Plaintiff's counsel in this case are among the very few counsel

5    nationwide that practice in the highly specialized area of class actions brought on behalf of

6    personal trust beneficiaries.  Based on their own experience in this area, Plaintiff's counsel are

7    aware that cases involving multi-state law take long periods to certify during the litigation

8    process. After almost six years of prosecuting the Action, they endorse the settlement as fair,

9    reasonable, and adequate.

10             In addition, the Settlement was achieved only after protracted arm's-length negotiations –

11   including mediation with Judge Edward Infante and five months of subsequent telephonic

12   negotiations and written exchanges between the Parties.  These settlement discussions were

13   conducted with the aid of a nationally respected mediator and by experienced and well-respected

14   counsel.

15                      **5.  All the Relief Will Go Directly to Class Members**

16             In this case, the estimated $8,000,000 in consideration will be provided directly to the

17   Class Trusts through December 31, 2014.  There is no provision for reversion, attorneys' fees and

18   costs will be paid separately, and there is no claims process required for Class Members.  This is a

19   good result for the class, as Class Members will not have to provide claims information and the

20   proceeds of the settlement will be directly credited to their trust accounts at the Defendants'

21   expense.

22        **D.  The Notice is Sufficient to Satisfy Rule 23 and Due Process Requirements**

23             Rule 23(e)(1) requires the court to "direct notice in a reasonable manner to all class

24   members who would be bound by a proposed settlement, voluntary dismissal, or compromise."

25   Class members are entitled to the "best notice practicable under the circumstances" of any

26   proposed settlement before it is finally approved by the Court.  Fed. R. Civ. P. 23(c)(2)(b).  The

27   notice must state in plain, easily understood language:

28             •    the nature of the action,

1    • the definition of the class certified,

2    • the class claims, issues, or defenses,

3    • that a class member may enter an appearance through counsel if the member so

4       desires,

5    • that the court will exclude from the class any member who requests exclusion,

6       stating when and how members may elect to be excluded, and

7    • the binding effect of a class judgment on class members under Rule 23(c)(3).

8    *Id*. Notice to the class must be "the best notice practicable under the circumstances, including

9    individual notice to all members who can be identified through reasonable effort." *Amchem*

10   *Prods.*, 521 U.S. at 617.

11       Pursuant to the Agreement, the proposed Notice (attached as <u>Exhibit 2</u> to the McCarthy

12   Declaration) will be sent directly to all persons on the Notice List[6] provided by BANA.  BANA

13   will provide a Notice List to the Settlement Administrator within fourteen (14) days of this Court

14   entering an order preliminarily approving the settlement.  If approved by the Court, the Settlement

15   Administrator will mail the proposed Notice via first class mail to each Class Member who

16   receives account statements for a Class Trust.  This information is readily obtainable from

17   Defendants.

18       The Notice informs Class Members about the nature of the action (*see* Notice, Part I, pp.

19   4-5), the definition of the Settlement Class (*see id.*, Part II, pp. 5-6), the claims, issues and

20   defenses in the lawsuit (*see id.*, Part I), that Class Members can appear in the litigation if they

21   desire (*see id.*, Part III, pp. 6-8; Part VI, pp. 9-10), that Class Members can opt out or be excluded

22   (*see id.*, Part VII, pp. 10-11) or can object (*see id.*, Part VIII, pp. 11-12), and that the judgment

23   will be binding on all Class Members who do not opt out (*see id.*, Part V, p. 8).  This satisfies

24   Rule 23.

25

26   / / /

27   ---
     [6]    The "Notice List" consists of all "all Class Members who receive account statements for

28   Class Trusts."  Agreement ¶ 1.21.

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

# V.     CONCLUSION

For the foregoing reasons the Court should grant preliminary approval, approve the form of proposed Notice, certify the Settlement Class for settlement purposes, appoint Ellen Stoody-Broser as Class Representative of the Settlement Class, appoint Cotchett, Pitre & McCarthy, LLP, Minami Tamaki, LLP, and McTigue Law as counsel for the Settlement Class, and set a schedule for the Final Fairness Hearing.

Respectfully submitted,

Dated: December 13, 2013          **COTCHETT, PITRE & McCARTHY, LLP**

By:     ____*/s/ Niall P. McCarthy*____
NIALL P. McCARTHY
ERIC J. BUESCHER

Dated: December 13, 2013          **MINAMI TAMAKI, LLP**

By:     ____*/s/ Derek G. Howard*____
DEREK G. HOWARD

Dated: December 13, 2013          **McTIGUE LAW, LLP**

By:     ____*/s/ J. Brian McTigue*____
J. BRIAN McTIGUE

*Attorneys for Plaintiff and the Putative Class*